

**FILED**

NOV 15 2018 *PS*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEWART, JAMES
    Plaintiff

-v-

1:18-cv-07584
Judge John Robert Blakey
Magistrate Judge Young B. Kim

JPMORGAN CHASE
BANK N.A (JP CREDITOR)

JPMORGAN CHASE BANK
NATIONAL ASSOCIATION (JP SERVICER)

MC CALLA RAYMER
PIERCE.LLC (MRLP);

CODILIS & ASSOCIATES P.C (CODILIS)

FEDERAL HOME LOAN MORTGAGE
CORPORATION (FREDDIE MAC)

## COMPLAINT

1.    This is an action for violations of the FAIR DEBT COLLECTION PATICES ACT

(FDCPA)15 U.S.C 1692 et seq, FAIR CREDIT REPORTING ACT (FCRA)15 U.S.C.

1681 et seq,

## JURISDICTION / VENUE

2.    Jurisdiction of this court arises under FDCPA 15 U.S.C. 1692k(d), FCRA 15 U.S.C.

1681p, and 28 U.S.C. 1331.

Page **1** of **20**

Monday, November 5, 2018

3.      Venue is proper pursuant to 28 U.S.C. 1391b(2) and 28 U.S.C.1391d and the Plaintiff resides in Cook County Illinois, which is in the NORTHERN DISTRICT COURT OF ILLINOIS for the EASTERN DIVISION.

## PARTIES

4.      Plaintiff James Stewart is a natural person and at all times relevant, a Citizen of the State of Illinois in the County of Cook.

5.      Plaintiff is a consumer pursuant to the FDCPA 15 U.S.C. 1692a(3), and pursuant to FCRA 15 U.S.C. 1681a(c)

6.      Plaintiff's consumer debt obligation, or alleged obligation, owed or due, or asserted to be owed or due were incurred primarily for personal, family, or household purposes pursuant to 15 U.S.C. 1692a (5)

7.      Upon information and belief JPMORGAN CHASE & CO seems to be the parent Company of JPMORGAN CHASE BANK N.A (JP CREDITOR); and JPMORGAN CHASE BANK NATIONAL ASSOCIATION (JP SERVICER) and are all Foreign Corporations that can be served at C T Corporation System 208 S LaSalle St Suite 814 Chicago Illinois 60604.

8.      Upon information and belief JP CREDITOR is a debt collector as defined pursuant to the FDCPA 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to

Monday, November 5, 2018

the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

9.  JP CREDITOR is a person pursuant to 15 U.S.C. 1681a(b) The term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

10. Upon information and belief JP CREDITOR is a financial institution pursuant to 15 U.S.C. 1681a(t). The term "financial institution" means a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

11. Upon information and belief JP SERVICER is a debt collector as that term is defined under the FDCPA 1692a(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

12. Upon information and belief JP SERVICER is a person pursuant to 15 U.S.C. 1681a(b).

13. Upon information and belief MCCALLA RAYMER LEIBERT PIERCE LLC is a foreign Limited Liability Company from the State of Georgia 1544 Old Alabama Road Roswell GA 30076 who can be served through its agent Lee Perres 1 North Dearborn St Suit 1200 Chicago Il 60602 .

Monday, November 5, 2018

14. Upon information and belief MC CALLA RAYMER PIERCE.LLC is a debt collector as
    that term is defined under FDCPA 15 U.S.C. 1692a (6) The term "debt collector" means
    any person who uses any instrumentality of interstate commerce or the mails in any
    business the principal purpose of which is the collection of any debts.

15. Upon information and belief MCCALLA RAYMER LEIBERT PIERCE LLC is a person
    pursuant to 15 U.S.C. 1681a(b).

16. Upon information and belief CODILIS & ASSOCIATES P.C. is a Domestic Corporation
    located at 15W030 North Frontage Road, Suite 100 Burr Ridge Il 60527. CODILIS
    agent is Michael H Lurie located at 30 N LaSalle Street Suite 2040.

17. Upon information and belief CODILIS & ASSOCIATES P.C. is a debt collector as
    that term is defined under FDCPA 15 U.S.C. 1692a (6) The term "debt collector" means
    any person who uses any instrumentality of interstate commerce or the mails in any
    business the principal purpose of which is the collection of any debts.

18. Upon information and belief CODILIS & ASSOCIATES P.C. is a person pursuant to 15
    U.S.C. 1681a(b).

19. Upon information and belief FREDDIE MAC is the allege owner of the security
    instrument (account #659633361), and is a debt collector as defined under FDCPA

Monday, November 5, 2018

1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

20. Upon information and belief FREDDIE MAC is a person pursuant to 15 U.S.C. 1681a(b).

21. Upon information and belief FREDDIE MAC is a financial institution pursuant to 15 U.S.C. 1681a(t). The term "financial institution" means a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

22. Upon information and belief FREDDIE MAC is a Government Sponsored Enterprise (GSE) corporation who can be served through its General Counsel at 8200 Jones Branch Drive McLean VA 22101

## FACTUAL ALLEGATIONS

23. On or about September 12, 2007 Plaintiff purchase his first home using a note and mortgage through Washington Mutual Bank FA(WAMU) with payment due in full by October 01, 2037.

24.   Plaintiff alleges, on or after September 12, 2007 WAMU sold the security instrument to
FREDDIE MAC (account, #474905401) who securitized the note into a pooled securitize
trust.

25.   On September 6, 2008, the Director of the Federal Housing Finance Agency (FHFA)
appointed FHFA as Conservator of FREDDIE MAC.

26.   On or about September 25, 2008 the Federal Office of Thrift Management closed
WAMU and appointed the Federal Deposit Insurance Corporation (FDIC) as
receiver for its holdings. That same day, the FDIC, allegedly acting as WAMU's
receiver, sold virtually all of WAMU assets to JPMORGAN CHASE & CO

27.   Plaintiff alleges on or about September 25, 2008 at the time the FDIC allegedly sold the
assets of WAMA, Plaintiff security instrument was already sold to FREDDIE MAC who
securitized the security before WAMA was closed making  FREDDIE MAC seemingly
the trustee of the pooled security instruments.

28.   On or about March 18, 2011 Defendant JP CREDITOR allegedly refinance the note and
mortgage (account # 1584182139).

29.   Plaintiff alleges JP CREDITOR could not have refinanced the note because the note was
sold before the FDIC allegedly sold WAMU assets to JP CREDITOR.

30.   On or about July 1, 2016 Plaintiff notice on a billing statement the wording "Nothing in
this letter (including our use of the words "your," "loan," "mortgage," or "account")
means that you're required to repay a debt that's been discharged.  Any payment you

make on the account is voluntary, but we may still have rights under the security instrument."

31. On or about July 1, 2016 thru August 31, 2016 Plaintiff call Jeremia Calycay employee of Chase and May Garcia employee of Chase and another employee of Chase who Plaintiff didn't get the name of and ask "what is my balance" and was told zero three different times.

32. On or about November 28, 2016 Plaintiff sent communication that requested to schedule a meeting with Chase to physically examine, verify and confirm records relating to the allege debt.

33. On or about December 5, 2016 Chase sent communication that they received Plaintiff letter.

34. On or about January 4, 2017 Plaintiff disputed the allege JP CREDITOR account with TransUnion, then disputed on or about February 21, 2017 with Experian, then again on or about November 21, 2017 with TransUnion, Experian, and Equifax.

35. On or about January 5, 2017 JP SERVICER through McCALLA RAYMER PIERCE LLC their attorney sent communication that foreclosure proceedings have begun and that the current Creditor is FREDDIE MAC but then JP SERVICER through McCALLA

RAYMER PIERCE LLC sent letter on or about April 3, 2018 stating the Creditor is JPMORGAN CHASE BANK N.A.

36.    On or about January 7, 2017 because of very confusing information, Plaintiff was surprise to find FREDDIE MAC own the note, and so Plaintiff sent communication to FREDDIE MAC requesting validation of the allege debt and a QWR on or about July 24, 2017, and again on or about November 17, 2017. FREDDIE MAC did not respond.

37.    On or about January 16, 2017 Plaintiff sent a Qualified Written Request (QWR) and a notice of dispute to JP SERVICER. On or about February 12, 2017 Chase sent communication they received the dispute and QWR but failed to provide information requested dated January 16, 2017. Plaintiff sent another QWR on or about March 6, 2017, May 18, 2017, and November 17, 2017 and each time JP SERVICER failed to provide information requested.

38.    On or about January 17, 2017 Plaintiff sent a notice of dispute and QWR to McCalla Raymer Pierce. On or about February 2, 2017 Mark Johnson from Mccalla Raymer Pierce advised Plaintiff they can't respond to the QWR. Plaintiff sent notice of dispute on or about July 17, 2017, December 6, 2017, June 22, 2018 and another QWR on or about November 17, 2017. McCalla Raymer failed to validate the allege debt and continue to attempt to collect.

39.    On or about February 15, 2017 Plaintiff received response from TransUnion that failed to notice the account is disputed and continue to report the account without stating the

account is disputed, then on or about March 1, 2017 Plaintiff received response from Experian that fail to notice the account is disputed and continue to report the account without stating the account is disputed.

40. On or about February 15, 2017, February 24, 2017, March 24, 2017, June 2, 2017, January 18, 2018, and May 15, 2018 JP SERVICER sent communication stating FREDDIE MAC is the investor/owner of the loan.

41. On or about February 12, 2017, July 21, 2017, April 14, 2018, May 4, 2018, and June 11, 2018 FREDDIE MAC own website states FREDDIE MAC is the owner of the note and mortgage.

42. On or about April 15, 2018 members of MERS claim some interest in the security instrument by First Midwest Bank dated January 5, 2018, Crosscountry Mortgage dated May 22, 2017, Guaranteed Rate dated December 22, 2017 and Carrington Mortgage Services dated December 8, 2010.

43. On or about June 7, 2017, November 3, 2017, and March 11, 2018 JP SERVICER thru their attorneys Shaun Callahan, Courtnia A. Revis and Jorie Johnson respectively filed suit to foreclosure stating JP CREDITOR is the owner of the Note and Mortgage.

44. On or about June 5, 2018 Matthew Naglewski d/b/a/ CODILIS sent notice of a law suit for foreclosure with a case management conference to be held on 7/11/18

45.     Plaintiff on or about June 22, 2018 sent a notice of dispute and a request for debt
        validation to Matthew Naglewski d/b/a/ CODILIS and as of today's date has not respond
        to the dispute nor the request for validation but has continue to attempt.

46.     Plaintiff on or about October 31, 2018 sent a letter of dispute to FREDDIE MAC and the
        three major Consumer Reporting Agencies Equifax, Experian, and TransUnion.

47.     Plaintiff contends that the illegal actions of Defendants has caused mental anguish,
        humiliation and emotional distress as the result of Defendants willful and negligent
        noncompliance with the FDCPA and FCRA consumer protection Acts.

                                      COUNT I

                            VIOLATION OF THE FDCPA BY

            JP CREDITOR, JP SERVICER, FREDDIE MAC, MCRP and CODILIS

48.     Plaintiff incorporates the allegations in Paragraphs 1 – 47 above with the same force and
        effect as if herein set forth.

49.     Plaintiff is a consumer pursuant to 15 U.S.C. 1692a (3) means any natural person
        obligated or allegedly obligated to pay any debt.

50.     Pursuant to 15 U.S.C. 1692a(5)   The term "debt" means any obligation or alleged obligation
        of a consumer to pay money arising out of a transaction in which the money, property, insurance

or services which are the subject of the transaction are primarily for personal, family, or household purposes.

51. Plaintiff alleges Defendants JP SERVICER, MCRP, CODILIS are debt collectors pursuant to 15 U.S.C. 1692a (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

52. Plaintiff alleges JP CREDITOR, and FREDDIE MAC are debt collectors pursuant to 15 U.S.C. 1692 (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

53. Plaintiff alleges JP SERVICER and MCRP violated the following FDCPA 15 U.S.C. 1692e(2) The false representation of—(A)the character, amount, or legal status of any debt;

54. Plaintiff alleges that on January 5, 2017, JP SERVICER and MCRP sent letter stating FREDDIE MAC own the security instrument then on April 13, 2018, JP SERVICER and MCRP sent communication stating JP CREDITOR is the owner of the security instrument, but then on April 15, 2018 MERS web site states FIRST MIDWEST BANK II,

CROSSCOUNTRY MORTGAGE INC, GUARANTEED RAGE INC, AND CARRINGTON MORTGAGE SERVICES LLC has some ownership in the security instrument, for all the state reasons above JP SERVICER and MCRP has violated 1692e(2) by the false representation of – (A) the character, amount, or legal status of the debt.

55.  Plaintiff alleges JP SERVICER and MCRP violated the following FDCPA 15 U.S.C. 1692e (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

56.  Plaintiff alleges on or about May 11, 2018 JP SERVICER and MCRP filed foreclosure suit knowing or should have known that the action could not be taken because JP SERVICER and MCRP lack standing to file an action to foreclose in violation of 15 U.S.C. 1692e(5).

57.  Plaintiff alleges JP SERVICER and MCRP violated the following FDCPA 15 U.S.C. 1692e (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

58.  Plaintiff allege on or about January 5, 2017 and April 3, 2018 JP SERVICER AND MCRP has submitted deceptive communications alleging at different times JP CREDITOR and FREDDIE MAC are the creditors but then MERS is claiming on their web site that First Midwest Bank, Crosscountry Mortgage, Guaranteed Rate, and Carrington Mortgage Services has ownership interest in the security instrument in violation of FDCPA 15 U.S.C. 1692e (10)

59.   Plaintiff alleges on or about November 21, 2017 plaintiff disputed JP CREDITOR, and
      FREDDIE MAC who after the dispute continued to report the allege account with the
      three reporting agencies violating FDCPA 15 U.S.C. 1692e (8)

60.   Plaintiff alleges JP CREDITOR, and FREDDIE MAC violated the following FDCPA 15
      U.S.C. 1692e (8) Communicating or threatening to communicate to any person credit
      information which is known or which should be known to be false, including the failure
      to communicate that a disputed debt is disputed.

61.   Plaintiff alleges on or about November 21, 2017 JP CREDITOR, and FREDDIE MAC,
      then on or about December 6, 2017 JP SERVICER and MCRP and on or about June 22,
      2018 CODILIS violated 15 U.S.C. 1692g(b) Disputed debts; If the consumer notifies
      the debt collector in writing within the thirty-day period described in subsection (a) that
      the debt, or any portion thereof, is disputed, or that the consumer requests the name and
      address of the original creditor, the debt collector shall cease collection of the debt or any
      disputed portion thereof, until the debt collector obtains verification of the debt.  After
      Plaintiff disputed the allege debt requesting verification and validation of the allege debt
      from JP CREDITOR, FREDDIE MAC, JP SERVICER, MCRP and CODILIS all of them
      continued  to attempt to collect the allege debt without verifying and validating the
      allege debt in violation of 15 U.S.C. 1692g(b).

Monday, November 5, 2018

62.     WHEREFORE Plaintiff respectfully demand that judgment be entered for damages against JP CREDITOR, JP SERVICER, FREDDIE MAC, MCRP and CODILIS for actual, mental, emotional distress, statutory damages, attorneys fees and costs pursuant to FDCPA 15 U.S.C. 1692k.

## COUNT II

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY THE JP CREDITOR AND FREDDIE MAC

63.     Plaintiff incorporates the allegations in Paragraphs 1 – 62 above with the same force and effect as if herein set forth.

64.     Plaintiff is a consumer pursuant to 15 U.S.C.1681a(c) means an individual.

65.     Plaintiff alleges Defendant JP CERIDTOR is a person pursuant to 15 U.S.C. 1681a(b)

66.     Plaintiff alleges Defendant FREDDIE MAC is a person pursuant to 15 U.S.C. 1681a(b)

67.     The word person is define pursuant to 15 U.S.C. 1681a(b) means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental  subdivision or agency, or other entity.

68.     Plaintiff alleges JP CREDITOR is financial institutions pursuant to 15 U.S.C. 1681a(t)

69.     Plaintiff alleges FREDDIE MAC  is financial institutions pursuant to 15 U.S.C. 1681a(t)

70      Pursuant to 15 U.S.C. 1681a(t) The term "financial institution" means a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

71.     Plaintiff allege on or about November 21, 2017 Plaintiff disputed the account, the status, and the amount of the allege debt after receiving very confusing information from a number of entities, namely JP CREDITOR, JP SERVICER, FREDDIE MAC, MERS, FIRST MIDWEST BANK, CROSSCOUNTRY   MORTGAGE, GUARANTEED RATE, and CARRINGTON MORTGAGE SERVICES, which all of the above entities has allege ownership interest in the security instrument.

72.     Plaintiff alleges JP CREDITOR and FREDDIE MAC violated 1681s-2(b) *In general.*

73.     After receiving notice pursuant to section 15 U.S.C. § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall;

74.     Pursuant to 15 U.S.C. 1681s-2(b)(A) conduct an investigation with respect to the disputed information;

75.     Plaintiff alleges JP CREDITOR did not conduct an investigation of the information being sent to the Consumer Reporting Agencies (CRA's)

76.   Plaintiff alleges FREDDIE MAC did not conduct an investigation of the information being sent to the CRA's.

## COUNT III

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY THE JP CREDITOR AND FREDDIE MAC

77.   Plaintiff incorporates the allegations in Paragraphs 1 – 76 above with the same force and effect as if herein set forth.

78.   Pursuant to 15 U.S.C. 1681s-2(b)(B) review all relevant information provided by the consumer reporting agency pursuant to section 15 U.S.C. 1681i(a)(2)

79.   Plaintiff alleges JP CREDITOR did not review all relevant information provided by the consumer reporting agency pursuant to section 15 U.S.C. 1681i(a)(2)

80.   Plaintiff alleges FREDDIE MAC did not review all relevant information provided by the consumer reporting agency pursuant to section 15 U.S.C. 1681i(a)(2)

## COUNT IV

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY THE JP CREDITOR AND FREDDIE MAC

81.   Plaintiff incorporates the allegations in Paragraphs 1 – 80 above with the same force and effect as if herein set forth.

82.   Pursuant to 15 U.S.C. 1681s-2(b)( (C) report the results of the investigation to the consumer reporting agency;

83. Plaintiff alleges JP CREDITOR did not report the results of the investigation to the consumer reporting agency;

84. Plaintiff alleges FREDDIE MAC did not report the results of the investigation to the consumer reporting agency;

## COUNT V

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY THE JP CREDITOR AND FREDDIE MAC

85. Plaintiff incorporates the allegations in Paragraphs 1 – 84 above with the same force and effect as if herein set forth.

86. Pursuant to 15 U.S.C. 1681s-2(b)(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

87. Plaintiff alleges JP CREDITOR did not report the results of the investigation and so violated 15 U.S.C. 1681s-2(b)(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

88. Plaintiff alleges FREDDIE MAC did not report the results of the investigation and so violated 15 U.S.C. 1681s-2(b)(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to

which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

## COUNT VI

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY THE JP CREDITOR AND FREDDIE MAC

89. Plaintiff incorporates the allegations in Paragraphs 1 – 88 above with the same force and effect as if herein set forth.

90. Pursuant 15 U.S.C. 1681s-2(b)( (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–

91. Pursuant to 15 U.S.C. 1681s-2(b)( (E) (i) modify that item of information;

92. Plaintiff alleges JP CREDITOR did not modify that item of information

93. Plaintiff alleges FREDDIE MAC did not modify that item of information

## COUNT VII

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY THE JP CREDITOR AND FREDDIE MAC

94. Plaintiff incorporates the allegations in Paragraphs 1 – 93 above with the same force and effect as if herein set forth.

95. Pursuant to 15 U.S.C. 1681s-2(b)(E)(ii) delete that item of information;

96.     Plaintiff alleges JP CREDITOR did not delete that item of information

97.     Plaintiff alleges FREDDIE MAC did not delete that item of information


## COUNT VII

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY THE JP CREDITOR AND FREDDIE MAC

98.     Plaintiff incorporates the allegations in Paragraphs 1 – 97 above with the same force and
        effect as if herein set forth.

99.     Pursuant to 15 U.S.C. 1681s-2(b)(E)(iii) permanently block the reporting of that item of
        information.

100.    Plaintiff alleges JP CREDITOR did not permanently block the reporting of that item of
        information.

101.    Plaintiff alleges FREDDIE MAC did not permanently block the reporting of that item of
        information.

102..   Plaintiff alleges JP CREDITOR and FREDDIE MAC fail to reinvestigate the allege
        account, the status, and the amount of the allege debt after Plaintiff disputed the account,
        the status, and the amount of the allege debt with the consumer reporting agencies in
        violation of 15 U.S.C. 1681s-2(b).


103.    WHEREFORE Plaintiff respectfully demand that judgment be entered for damages
        against JP CREDITOR and FREDDIE MAC for actual, mental, emotional distress
        damages, punitive damages, statutory damages of the FCRA, attorneys fees, and costs
        pursuant to 1681n for willful noncompliance or in the alternative 1681o for negligent
        noncompliance.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Trial by Jury of all issues as a matter of law.  U.S. Const. Amed 7

Fed R Civ. Pro 38 Respectfully submitted this 5th of November, 2018.


Respectfully

11/15/18

/s/ James Stewart
James Stewart
8132 S Harvard
Chicago Il 60620
312 217 0492
Cnajames1961@yahoo.com

11/2/2018

James Stewart
8132 S Harvard
Chicago, Illinois 60620

CODILIS & ASSOCIATES P.C
15W030 North Frontage Road, Suite 100
Burr Ridge Il 60527

---

### NOTICE OF PENDING LAWSUIT

To whom it may concern;

This is being sent prior to filing suit as an opportunity to amicably cure CODILIS & ASSOCIATES P.C  violation of the:

FAIR DEBT COLLECTION PATICES ACT (FDCPA)          15 U.S.C. 1692 et seq,

I am willing to settle these matters amicably without having to file suit and am giving you from receipt of this letter to take the opportunity to do so.  If CODILIS & ASSOCIATES P.C choose not to settle the matter at hand, then I will have no choice but to file suit and seek my remedy in a court of law.

I can be reached directly at 312-217-0492 (cell).  This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Respectfully,


/s/James Stewart
James Stewart
8132 S Harvard
Chicago Il60620
312 217 0492
cnajames1961@yahoo.com


CERTIFIED MAIL 7018 2290 0001 7642 0308

11/2/2018

James Stewart
8132 S Harvard
Chicago, Illinois 60620

FREDDIE MAC
8200 JONES BRANCH DRIVE
MCLEAN VA 22101

---

### NOTICE OF PENDING LAWSUIT

To whom it may concern;

This is being sent prior to filing suit as an opportunity to amicably cure FREDDIE MAC violation of the:

FAIR DEBT COLLECTION PATICES ACT (FDCPA)        15 U.S.C. 1692 et seq,


FAIR CREDIT REPORTING ACT (FCRA)        15 U.S.C 1681 et seq,


I am willing to settle these matters amicably without having to file suit and I am giving you from receipt of this letter to take the opportunity to do so. If FREDDIE MAC choose not to settle the matter at hand, then I will have no choice but to file suit and seek my remedy in a court of law.

I can be reached directly at 312-217-0492 (cell). This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Respectfully,

/s/James Stewart
James Stewart
8132 S Harvard
Chicago Il60620
312 217 0492
cnajames1961@yahoo.com

CERTIFIED MAIL 7018 2290 0001 7642 0292

11/2/2018

James Stewart
8132 S Harvard
Chicago, Illinois 60620

MC CALLA RAYMER PERCE LLC
1544 Old Alabama Road
Roswell GA 30076

---

### NOTICE OF PENDING LAWSUIT

To whom it may concern;

This is being sent prior to filing suit as an opportunity to amicably cure MC CALLA RAYMER PERCE LLC. violation of the:

FAIR DEBT COLLECTION PATICES ACT (FDCPA)         15 U.S.C. 1692 et seq,

I am willing to settle these matters amicably without having to file suit and am giving you from receipt of this letter to take the opportunity to do so.  If MC CALLA RAYMER PERCE LLC. choose not to settle the matter at hand, then I will have no choice but to file suit and seek my remedy in a court of law.

I can be reached directly at 312-217-0492 (cell).  This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.

Respectfully,

/s/James Stewart
James Stewart
8132 S Harvard
Chicago Il60620
312 217 0492
cnajames1961@yahoo.com

CERTIFIED MAIL 7018 2290 0001 7642 0285

11/2/2018

James Stewart
8132 S Harvard
Chicago, Illinois 60620

Chase
P.O. Box 24696
Columbus OH 43224-0696

---

## NOTICE OF PENDING LAWSUIT

To whom it may concern;

This is being sent prior to filing suit as an opportunity to amicably cure JP MORGAN CHASE N.A and JP MORGAN CHASE NATIONAL ASSOCIATION violations of the:

FAIR DEBT COLLECTION PATICES ACT (FDCPA)          15 U.S.C 1692 et seq,


FAIR CREDIT REPORTING ACT (FCRA)          15 U.S.C 1681 et seq,

I am willing to settle these matters amicably without having to file suit and am giving you from receipt of this letter to take the opportunity to do so. If JP MORGAN CHASE chooses not to settle the matters at hand then I will have no choice but to file suit and seek my remedy in a court of law.


I can be reached directly at 312-217-0492 (cell). This cell number is not to be called, shared, or used for any purpose other than to address the matters at hand.


Respectfully,

/s/James Stewart
James Stewart
8132 S Harvard
Chicago Il60620
312 217 0492
cnajames1961@yahoo.com


CERTIFIED MAIL 7018 2290 0001 7642 0278