IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, <br><br> PLAINTIFF, <br><br> v. <br><br> JP MORGAN CHASE BANK N.A., McCALLA RAYMER LEIBERT PIERCE, LLC, CODILIS & ASSOCIATES, P.C., FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> DEFENDANTS. | Case No. 18 CV 7584 <br><br> Judge John Robert Blakely <br> Magistrate Judge Young B. Kim |

**MEMORANDUM OF LAW**
**IN SUPPORT OF THE MOTION OF McCALLA RAYMER LEIBERT PIERCE, LLC**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant, McCALLA RAYMER LEIBERT PIERCE, LLC, successor by combination to McCalla Raymer Pierce, LLC, by and through its attorney, McCALLA RAYMER LEIBERT PIERCE, LLC, and submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiff's Amended Complaint:

**INTRODUCTION**

Plaintiff, James Stewart (hereinafter "Plaintiff") *pro se*, filed the instant cause of action, against numerous parties, including Defendant, McCALLA RAYMER LEIBERT PIERCE, LLC (hereinafter "MRLP"), on November 15, 2018, for alleged violations of the Fair Debt Collection Practices Act. On February 13, 2019, in the face of multiple motions to dismiss, Plaintiff was presented with the choice to respond to the motions to dismiss or file an Amended Complaint. Plaintiff opted to file an Amended Complaint. The Amended Complaint fails to show that a cause of action exists and like the prior incarnation is ripe for dismissal.

It remains unclear whether Plaintiff asserted or intended to assert a cause of action against MRLP for failure to respond to a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), but such cause of action must also be dismissed.

The Amended Complaint must be dismissed as to MRLP pursuant to Rule 12(b)(6) for failure of Plaintiff to state a cause of action upon which relief can be granted. Furthermore, the matter could be dismissed outright or transferred to the Circuit Court of Cook County for further proceedings pursuant to the *Colorado River* doctrine.

## ARGUMENT

I.    **Dismissal of claims pursuant to Rule 12(b)(6).**

A motion brought pursuant to Rule 12(b)(6) asserts the failure of the pleader to state a claim upon which relief can be granted. *Cannon v. Loyola University of Chicago*, 787 F.2d 777, 780. To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts which fail to outline the bases of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir. 1991). Citing, *Sutliff, Inc. v. Donovan Companies,* 727 F.2d 648, 654 (7th Cir. 1984); *see also, Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1033 (7th Cir. 1987)(court not bound by plaintiffs' legal characterization of the facts); *Strauss v. City of Chicago,* 760 F.2d 765, 767–68 (7th Cir.1985) (absence of any facts to support plaintiff's claim renders allegations mere legal conclusions subject to dismissal).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pled factual allegations in the Plaintiff's Amended Complaint as true and draws all reasonable inferences in the plaintiff's favor. *Gustafson v. Adkins,* 803 F.3d 883, 888 (7th Cir.2015). When a complaint nonetheless sets forth all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012). Dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts that establish the tardiness of the complaint. *Cancer Found., Inc. v. Cerberus Captial Mgmt, LP*, 559 F.3d 671, 674-675 (7th Cir. 2009).

### A.   FDCPA actions must be brought within one year of injury.

The Seventh Circuit has made clear that the FDCPA is governed by the federal statute of limitations. *Frazier v. US Bank National Ass'n,* 2013 U.S. Dist. LEXIS 45330, at *20; following, *Nelson v. Napolitano*, 657 F.3d 586, 570 (7th Cir. 2011). A cause of action accrues and the limitations period begins to run when the injured person possesses sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. *Blankenship v. Pushpin Holdings, LLC,* 14 C 6636, 2016 WL 212933, at *3 (N.D. Ill. Jan. 19, 2016) citing *In re marchFIRST Inc.,* 589 F.3d 901, 904 (7th Cir.2009).

A claim for liability must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The FDCPA is explicit: the statute of limitation for a violation of the FDCPA is one year. *See* 15 U.S.C. § 1692k(d). See also *Hammer v. Residential Credit Solutions, Inc.*, No. 13 C 6397, 2014 U.S. Dist. LEXIS 128104, at *29 (N.D. Ill. Sep. 11, 2014). The Seventh Circuit held that the "statute of limitations begins to run upon injury . . . and is not tolled by subsequent injuries." *Gajewski v. Ocwen Loan Servicing*, 650 F. App'x 283, 286 (7th

Cir. 2016), following, *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008)[1]; *see Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010).  The Court made clear that the "continuing violation" doctrine does not apply to the FDCPA, because each act is independently actionable, even if those acts are part of a pattern.  *Id.*, following, *Kovacs*, 614 F.3d at 676, *supra*.  Thus, any wrongful collection activity that occurred more than a year before the suit is filed is barred by the one-year statute of limitations.  *Gajewski v. Ocwen Loan Servicing*, 650 F. App'x 283, 286 (7th Cir. 2016).

A cause of action accrues and the limitations period begins to run when the injured person possesses sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.  *Blankenship v. Pushpin Holdings, LLC*, 14 C 6636, 2016 WL 212933, at *3 (N.D. Ill. Jan. 19, 2016) citing *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir.2009).  The limitation period begins on the date of occurrence, whether it is the date the notice was mailed or the date the lawsuit was filed.  See, *Fajolu v. Portfolio Recovery Associates, LLC*, 2018 U.S. Dist. LEXIS 208480, at *7, *Supra*, (As a general rule, an FDCPA claim founded upon the filing of a lawsuit "accrues upon the filing" of the action).

Plaintiff alleges the initial communication from MRLP to Plaintiff was issued on January 5, 2017 and the first foreclosure complaint was filed on June 7, 2017.  Presuming Plaintiff's allegations are true for the purpose of the instant motion, Plaintiff's action claiming MRLP failed to respond to the validation request became actionable upon filing of the foreclosure action.  See, *Fajolu*, 2018 U.S. Dist. LEXIS 208480, at *7.  Thus, Plaintiff had one year from the date the

---

[1] The continuing violation doctrine is a defense to the statute of limitations.  It delays the accrual or start date in tort claims that involve a repeated injury and delays the start of limitations period until the last tortious act occurred – it is better described as cumulative, than continuing.

foreclosure action was filed to bring his FDCPA claim against MRLP, which was on or about June 7, 2018. However, Plaintiff did not file suit against MRLP until November 15, 2018. Thus, Plaintiff's claims against MRLP are time-barred. *See* 15 U.S.C. § 1692k(d). See also, *Gajewski*, 650 F. App'x at 286.

B.    **Claim under 1692e(2)**

A claim under 1692e(2) alleges the false representation of the character, amount, or legal status of a debt or services rendered or compensation received by the debt collector for the collection of said debt. 15 U.S.C.S. § 1692e(2).

A debt collector has the right to rely on information provided by the client-creditor, and has no obligation to undertake an independent debt validity investigation. *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1140-41 (N.D. Ill. 1998). *See* 124 F.3d at 833–34 (recognizing that neither attorneys acting as debt collectors nor non-lawyer debt collectors are required to "conduct an independent investigation into the legal intricacies of the client's contract with the consumer"); *see also Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1032 (6th Cir.1992); *Ducrest v. Alco Collections, Inc.,* 931 F.Supp. 459, 462 (M.D.La.1996); *Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383, 392–93 (D.Del.1991).

When the letter was sent, MRLP did not falsely represent the amount of the debt. Operating under the presumption that the debt was valid, which MRLP was entitled to do, MRLP issued a demand letter that stated the amount due under the note, and which advised Plaintiffs that the amount due could increase due to interest, late charges and other charges that vary from day to day. The language of the letter is an accurate reflection of the terms of the mortgage which allows late and other charges to be added to the amount due in the event of delinquency and tracks the

safe-harbor language approved by the Seventh Circuit. See, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

Plaintiff claims this was a false representation of the character and status of the debt in violation of 1692e(2). Instead, Plaintiff contends that the debt was falsely represented because he claims the note was allegedly sold to Freddie Mac which placed the note in an unidentified securitized trust and which purportedly had not been taken out of the trust to be assigned to JPMorgan Chase Bank, National Association ("Chase"). See, Amended Complaint, ¶ 84. Even if all of these unsubstantiated presumptions are true, which MRLP does not concede, Plaintiff does not allege when or where the false representation was made. Furthermore, Plaintiff's claim fails because Plaintiff does not dispute the debt or the amount was owed, but rather argues Chase should not have filed the foreclosure action.

Plaintiff's claim that the filing of the foreclosure action in the name of Chase was the violation must be dismissed because Chase had standing to file the foreclosure complaint under Illinois law. The Court may take judicial notice of the entire complaint, not just the excerpt attached by Plaintiff. See, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). (The district court may consider public court documents on a 12(b)(6) motion without converting the motion into a motion for summary judgment). In each foreclosure action, the note attached to the complaint was endorsed in blank. A copy of the Complaint filed on May 11, 2018, is attached as **Exhibit A**. A copy of the Complaint filed on November 3, 2017, is attached as **Exhibit B**[2].

Under Illinois law the attachment of the note to the complaint constitutes *prima facie* evidence that the plaintiff owns the note. *Parkway Bank & Trust Co. v. Korzen,* 2013 IL App (1st) 130380, ¶ 24. A foreclosure plaintiff is not required to produce further evidence of ownership of

---

[2] Any claim predicated upon the November 3, 2017 Complaint is time-barred for the reasons discussed above.

the note after it attaches a note to the complaint until the Defendant both pleads and proves that Plaintiff lacks standing. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 24.

Furthermore, under the Illinois Mortgage Foreclosure Law, the definition of mortgagee in Illinois goes beyond just a note holder; it includes any person authorized or designated to act on behalf of the holder. Thus a plaintiff in a foreclosure action has standing even if another has beneficial ownership of the note. *Mortgage Elec. Registration Sys., Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (1st Dist. 2010). There is no requirement that the foreclosure be filed by the owner of the note and mortgage, it can be filed by the legal holder, a pledgee, an agent or by a trustee. *Id*. In the foreclosure actions, the Mortgage, Note and Modification of the Mortgage, each identify Chase as the Lender. See, *Goode v. PennyMac Loan Servs.*, 2014 U.S. Dist. LEXIS 161484, *12. (The foreclosure action, mortgage documents, and assignments in the public record established that the allegations in the complaint challenging the foreclosure plaintiff's standing were implausible).

Plaintiff's contention that MRLP violated the FDCPA because its brought suit in the name of Chase, which is the lender identified in the mortgage, note and modification, is untenable. Chase is the lender as defined by the mortgage, note and modification, and as such, Chase falls within the statutory definition of mortgagee and has standing. Since Chase is a mortgagee under the Illinois Mortgage Foreclosure Law, Plaintiff's claim that MRLP falsely represented the status and character of the debt by filing the foreclosure action in the name of Chase, rather than Freddie Mac, is not plausible because Chase had standing to file the foreclosure. Therefore, there were no false statements made in the foreclosure complaint or in MRLP's communications to Plaintiff. As a consequence, each and every claim asserted by Plaintiff that is predicated upon Chase's lack of standing to foreclose fails. Therefore, Plaintiff failed to state a cause of action upon which relief could be granted in his Amended Complaint under 1692e(2).

C.     **Claim under 1692e(5)**

Plaintiff also asserts that MRLP threatened to take an action that cannot legally be taken in violation of 15 U.S.C.S. § 1692e(5).

There was no allegation that Plaintiff's debt had been discharged in bankruptcy or establishing that the debt was uncollectable as time-barred.   See, *Taylor v. Galaxy Asset Purchasing, LLC*, 108 F.Supp.3d 628, 631 (N.D. Ill. 2015).   Plaintiff did not allege facts to show that MRLP lacked authority from the servicer or was otherwise legally unable to file suit.   See *Tallman v. Freedman Anselmo Lindberg LLC*, 11-3201, 2013 WL 489676, at *11 (C.D. Ill. Feb. 8, 2013).

MRLP established above that Chase had legal authority to file the foreclosure action under the Illinois Mortgage Foreclosure Law.   Plaintiff did not allege facts that show that MRLP was legally unable to file a foreclosure action on behalf of Chase, nor could he ever, in Plaintiff's Amended Complaint.   Thus, the Amended Complaint fails to state a cause of action upon which relief could be granted under 1692e(5).

D.     **Claim under 1692e(10)**

Plaintiff also alleges that MRLP used a false representation or deceptive means to collect a debt in violation of 15 U.S.C.S. § 1692e(10).

To determine if the communication is misleading or deceptive the court uses the unsophisticated standard.   *Ellison v. Fullett Rosenlund Anderson* P.C., 347 F. Supp. 3d 370, 377. Under this standard, a communication violates Section 1692e if a person of modest education and limited commercial savvy would be likely to be deceived.   *Mehling v. Fullett Rosenlund Anderson PC*, 2016 U.S. Dist. LEXIS 171727, at *7-8 (N.D. Ill. Dec. 12, 2016) following, *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 634, 645 (7th Cir. 2009).   The unsophisticated consumer is not a

dimwit; rather he is to be considered uninformed, naive, and trusting. *Id.* The "hypothetical unsophisticated consumer 'possesses rudimentary knowledge about the financial world and is capable of making basic logical deductions and inference.'" *Nichols v. Northland Groups, Inc.*, Nos., 2006 U.S. Dist. LEXIS 15037, at *8 (N.D. Ill. Mar. 31, 2006). The unsophisticated consumer is not the *least* sophisticated consumer. *Gruber v. Creditors' Protection Service*, 742 F.3d 271, 274 (7th Cir. 2014). The test used to determine whether a communication violated § 1692e is objective, turning on whether the communication would deceive or mislead an unsophisticated, but reasonable consumer. *Wahl*, 556 F.3d at 646.

Plaintiff alleges that MRLP used false representations in its April 13, 2018 correspondence by alleging that Chase was the creditor, because its January 5, 2017 letter stated Freddie Mac was the creditor. Amended Complaint, ¶ 88. Plaintiff has not alleged any facts to establish a false representation was made. Even if the Court were to accept that Plaintiff was actually confused, his confusion is not pertinent because the relevant inquiry is whether the unsophisticated consumer would have been confused.

As the hypothetical unsophisticated consumer has sufficient knowledge about the financial world and is capable of making basic logical deductions and inference, the unsophisticated consumer can deduce that the mortgage and note may have changed hands in the intervening fifteen months between the two letters, because the transfer of mortgages is routine. See, *Nichols*, 2006 U.S. Dist. LEXIS 15037, at *8. MRLP cannot be held liable for the bizarre or idiosyncratic confusion suffered by Plaintiff when not even a significant portion of the population would have been misled by the fact the creditor for the loan changed after 15 months. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012).

Moreover, because the unsophisticated consumer is capable of making the basic logical inference that the creditor changed in the intervening period fifteen months, because he was told that such was possible in the mortgage. Furthermore, the Mortgage itself was on a form approved by Freddie Mac, as such, the Plaintiff could have deduced that Freddie Mac had some interest in the loan, even if he did not fully comprehend the nature of such interest. Thus, the hypothetical unsophisticated consumer could reasonably deduce or infer that both Chase and Freddie Mac has an interest in the loan, even if he was unable to articulate that interest precisely.

Furthermore, Plaintiff alleged that his confusion did not stem from the letter, but rather originated from a review of a third party web site. As MRLP is not responsible for the content that caused Plaintiff to be confused, it follows that such confusion is not actionable because the confusion must be present on the face of the letter. See, *Lucas v. M.R.S. Assocs.*, 2005 U.S. Dist. LEXIS 42571, * 23. See also, *Omaraie v. A. Alliance Collection Agency, Inc.*, 2007 U.S. Dist. LEXIS 61617 (Plaintiff cannot prevail on claim of confusion for a letter that does not show it would plainly confuse a significant portion of the population based upon allegation alone).

Therefore, Plaintiff failed to state a cause of action upon which relief could be granted in his Amended Complaint under 1692e(10).

E.    Claim under 1692g(b)

Plaintiff alleges that MRLP failed to verify the debt after December 6, 2017. This allegation does not sustain a plausible cause of action against MRLP. Plaintiff did not provide any facts to support his conclusion that the defendants attempted to collect the debt after Plaintiff's December 6, 2017 dispute letter and before the debt was verified. The only facts that can be gleamed from the Amended Complaint is that Plaintiff requested validation of the debt from MRLP on December 6, 2017 and that MRLP sent Plaintiff correspondence on April 3, 2018 to

serve as validation of the debt. In fact, Plaintiff attached the communication from MRLP that served to validate the debt. A copy of the April 3, 2018 correspondence, excluding exhibits, is attached as **Exhibit C**. Although Plaintiff did not attach the entirety of the April 13, 2018 communication, it can be considered by the court on a 12(b)(6) motion because a Plaintiff cannot evade dismissal by failing to attach a document that proved his claim has not merit. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). As there are no facts alleged by Plaintiff that show MRLP attempted to collect the debt before it sent its April 3, 2018 communication to Plaintiff that verified the debt, any claim by Plaintiff is not plausible.

Plaintiff has failed to state a claim or cause of action levied against MRLP that states a cause of action upon which relief could be granted, and as such, the Amended Complaint must be dismissed.

## F.   RESPA.

Despite the amendment to the complaint, it remains unclear whether Plaintiff alleged MRLP violated RESPA due to allegation that Pierce did not respond to a Qualified Written Request. See, Amended Complaint, ¶ 50. To the extent such claim was made, MRLP adopts and incorporated by reference its argument for dismissal as submitted in its memorandum of law in support of its motion to dismiss the original complaint as if fully set forth herein.

## II.   The Circuit Court of Cook County has jurisdiction per the *Colorado River* Doctrine.

Under the *Colorado River* doctrine, this Court must defer jurisdiction to the Circuit Court of Cook County Illinois. *See Colorado River Water Conservation District v. U.S.*, 424 US 800; 96 S. Ct. 1236 (1976). "The Colorado River abstention doctrine stems from *Colorado River Water Conservation District v. United States* and permits federal courts to defer to 'concurrent state proceedings' as a matter of 'wise judicial administration'." *Adkins v. VIM Recycling, Inc.*, 644

F.3d 483, 497 (7th Cir. 2011), citing *Colorado River Water Conservation Dist.*, 424 U.S. at 818. The *Colorado River* doctrine enables the federal court to dismiss an action when there is a concurrent state proceeding. *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992).

To determine if the *Colorado River* doctrine applies, the district court must undertake a two-step analysis. "First, the court must determine whether the concurrent state and federal actions are actually parallel" and second, the court must determine "whether 'exceptional circumstances' justify abstention." *Adkins*, 644 F. 3d at 498, citing *Tyrer v. City of South Beloit*, 456 F. 3d 744, 751 (7th Cir. 2006). The state and federal lawsuits are "parallel" when "substantially the same parties are contemporaneously litigating substantially the same issues." *Adkins*, 644 F. 3d at 499, citing *Tyrer*, 456 F.3d at 752.

The first prong of the test is satisfied because the actions involve the same parties and raise substantially the same issues. Plaintiff challenges the propriety of the foreclosure action pending in state court. At the crux of the Amended Complaint, the Plaintiff appears to allege that the foreclosure plaintiff is unable to enforce the mortgage and note and as such, the foreclosure is improper.

Plaintiff's Amended Complaint involves substantially the same parties as the foreclosure action because he is the defendant in the foreclosure action and he named the foreclosing plaintiff among others as Defendants. The challenges raised by Plaintiff inherently relate to the documentary evidence in the foreclosure action; and thus this action is inextricably related to the pending foreclosure action. This demonstrate the actions are parallel, and if MRLP's motion to dismiss is not granted, that the issues raised herein by Plaintiffs should be resolved by the court adjudicating the foreclosure.

To determine whether the second prong of the *Colorado River* doctrine is satisfied, this Court must examine whether there are "exceptional circumstances" to justify surrendering jurisdiction to the state court. *Adkins*, 644 F. 3d at 500. To determine whether "exceptional circumstances" exist, the court must "consider a number of non-exclusive factors that might demonstrate exceptional circumstances." *Adkins*, 644 F. 3d at 500, citing *Clark* 376 F. 3d at 685. Specifically, these factors include:

> 1) Whether the state has assumed jurisdiction over the property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Adkins*, 644 F. 3d at 500-501, citing *Tyrer v. City of South Beloit*, 456 F. 3d at 754. "These factors are not meant to be a 'mechanical checklist,' but require careful balancing by the federal district court." *Adkins*, 644 F. 3d at 501, citing *Moses H. Cone Hosp. v. Mercury Construction Corporation*, 460 U.S. 2, 16; 103 S. Ct. 927 (1983).

In the instant case, the factors of the *Colorado River* doctrine support this Court deferring jurisdiction to the Circuit Court of Cook County, Illinois. The Circuit Court of Cook County has jurisdiction over the foreclosure case. The allegations of the Amended Complaint fundamentally relate to the foreclosure action. If this Honorable Court were to rule upon the merits of Plaintiff's claims, but not the foreclosure, such would result in piecemeal litigation.

The foreclosure was filed before this instant action. Plaintiff can raise any of the claims asserted in this matter as defenses or counterclaims in the foreclosure case. As the state court is capable of resolving all of the claims raised in the complaint, the facts support the finding of "exceptional circumstances" to warrant surrender of jurisdiction to the Circuit Court of Cook

County. *See Adkins*, 644 F. 3d at 500-501; *see also Guadarrama v. U.S. Dep't of Hous. & Urban Dev.*, 74 F. Supp. 2d 127, 138 (D.P.R. 1999) (eviction action and an action challenging the legality of that action must be brought in the eviction action).

Therefore, the first and second prong of the *Colorado River* doctrine favor this Court dismissing the action due to the pending action in state court. Alternatively, this Court could transfer the proceedings to the state court if the claims are not outright dismissed.

Wherefore, Defendant requests that this Court dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) or, in the alterative, transferred to the Circuit Court of Cook County for further proceedings pursuant to the *Colorado River* doctrine.

## CONCLUSION

For the reasons stated above, Plaintiff's Amended Complaint must be dismissed with prejudice for failure to state causes of action upon which relief can be granted under 12(b)(6) as to MRLP, or transferred to the Circuit Court of Cook County for further proceedings pursuant to the *Colorado River* doctrine.

Respectfully submitted,

By:     /s/Brian R. Merfeld
        McCALLA RAYMER LEIBERT PIERCE, LLC,
        successor by combination to
        McCalla Raymer Pierce, LLC

Brian R. Merfeld (brian.merfeld@mccalla.com)
ARDC No. 6280615
McCALLA RAYMER LEIBERT PIERCE, LLC
Attorney for Defendant, McCALLA RAYMER LEIBERT PIERCE, LLC,
successor by combination to McCalla Raymer Pierce, LLC
1 N. Dearborn, Suite 1200
Chicago, IL 60602
312-346-9088
CM 268915