IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, ) | |
| ) | |
| Plaintiff, ) | No.18-cv-07584 |
| ) | |
| v. ) | The Honorable John Robert Blakey |
| ) | |
| JPMORGAN CHASE BANK, N.A., et al. ) | |
| ) | |
| Defendants. ) | |

**JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS STEWART'S AMENDED COMPLAINT**

JPMorgan Chase Bank, N.A. ("Chase"),[1] by and through its undersigned counsel, hereby submits its reply in support of its Motion to Dismiss Stewart's Amended Complaint (the "Motion to Dismiss"), and in support of which states as follows:

Stewart's Amended Complaint fails to allege facts sufficient to state a claim against Chase for violation of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") (Count I) or a claim against Chase under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") (Count II). Instead of pointing to facts alleged in the Amended Complaint to support these claims, Stewart makes more conclusory and confusing arguments in his Opposition to

---

[1] Stewart improperly named JPMorgan Chase Bank, N.A. and JPMorgan Chase Bank, National Association as separate entities. They are the same entity, and cannot be sued as separate entities based on different business functions for the same alleged conduct. In his Opposition, Stewart argues that Chase refers to itself as "JPMORGAN CHASE BANK NATIONAL ASSOCIATION" when it is acting as a loan servicer, but "JPMorgan Chase Bank, N.A." when it is acting as a creditor, but shows no factual basis for this incorrect conclusion (Opp. ¶1). Stewart also argues that the use of "N.A." as an abbreviation for "National Association" is a violation of the "UNFAIR AND DECPETIVE TRADE PRACTICES ACT." (*Id.*) A simple search of Chase's publicly available Securities and Exchange Commission filings makes the use of this abbreviation clear. *See, e.g.,* JPMorgan Chase & Co., Form 10-K, Part I, Item 1, "JPMorgan Chase Bank, National Association ('JPMorgan Chase Bank, N.A.'), [is] a national banking association with U.S. branches in 23 states." This document is available for free at:
https://www.sec.gov/Archives/edgar/data/19617/000095012309003840/y74757e10vk.htm

the Motion to Dismiss (the "Opposition"). As described in Chase's opening motion and below, Stewart's Amended Complaint should be dismissed with prejudice because he has not, and cannot, allege facts to show that Chase was a debt collector – in either its role as creditor or servicer – under the FDCPA. In addition, Stewart's FCRA claims fail either because there is no private right of action, he fails to allege that a CRA notified Chase of his alleged dispute and Chase then failed to properly investigate, and he fails to allege actual damages as a result of any violation of FCRA.

### ARGUMENT

**I.  STEWART'S FDCPA CLAIM AGAINST CHASE FAILS BECAUSE CHASE IS NOT A DEBT COLLECTOR**

Stewart cannot state any FDCPA claim against Chase because the FDCPA only applies to debt collectors, and Chase, either as servicer or creditor, is not a debt collector. While Stewart is confused about the fact that Chase could be both the originating lender, and later, the loan servicer, and under either role it is not a "debt collector" under the FDCPA, the law is clear.

Chase cannot be a debt collector if it is a creditor collecting its own debt. *See, Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act."). Further, to the extent Chase acted as Stewart's mortgage servicer, collecting on behalf of Freddie Mac or some other investor, it is also not a "debt collector" under the FDCPA if the loan was not in default when the servicer began servicing the loan. *See,* 15 U.S.C. § 1692a(6)(F)(iii) (the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person").[2] Stewart does not allege he was

---

[2] *See also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include . . . a mortgage servicing company . . . .") (citations omitted); *Nool v. HomeQ*

in default at any time (in his Opposition admits he is unclear about the status of the loan (Opp. ¶15) therefore, Chase cannot be deemed to be a "debt collector" in acting as Stewart's mortgage servicer. Because the FDCPA does not apply to Chase, either as a creditor or as a servicer, the Court should dismiss Count I of the Amended Complaint with prejudice.

## II. COUNT II SHOULD BE DISMISSED WITH PREJUDICE BECAUSE STEWART HAS NOT STATED A PLAUSIBLE CLAIM AGAINST CHASE FOR VIOLATION OF FCRA

*First*, Stewart apparently concedes that he is not attempting to bring a claim under 15 U.S.C. § 1681s-2(a) noting "[t]he purpose of Mr. Stewart pointing to 1681s-2(a) is just to notice that JPMorgan Chase Bank N.A. is a furnisher of information to Consumer Reporting Agencies and nothing more." (Opp. ¶3.) As described in Chase's opening motion, there is no private right of action under 15 U.S.C. § 1681s-2(a), and any claim under that portion of FCRA should be dismissed with prejudice. *See* 15 U.S.C. §§ 1681s-2(c)-(d); *Lang v. TCF Nat'l Bank*, 338 F. App'x 541, 544 (7th Cir. 2009) ("Section 1681s–2(c) specifically exempts violations of § 1681s–2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section."); *Criddell v. Transunion LLC*, No. 09 C 6235, 2010 WL 1693093, at *5 (N.D. Ill. Apr. 27, 2010) ("[A] consumer may not bring an individual claim for a violation of § 1681s-2(a), as there is no private right of action to enforce compliance with the section.").

*Second*, Stewart concludes in his Opposition that Chase "failed to conduct a reinvestigation after receiving a notice of dispute pursuant to 1681i from a consumer reporting agency that the trade line is in dispute" (Opp. ¶3), but he does not actually allege these facts in the Amended Complaint. As described in Chase's opening motion, under § 1681s-2(b), a furnisher of information becomes

---

*Servicing*, 653 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2009) (same) (dismissing FDCPA claim); *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1009 (D. Minn. 2008) (dismissing FDCPA claim brought against mortgage servicer); *Foster v. PHH Mortg.*, No. 15 C 7650, 2016 WL 6647925, at *3 (N.D. Ill. Nov. 10, 2016) (mortgage servicer on behalf of Fannie Mae not a debt collector).

3

obligated to respond to a consumer inquiry only when a consumer disputes information on his or her credit report with a CRA pursuant to § 1681i. *See* § 1681s-2(b)(1); *Rideaux v. Travelers Ins. Co.*, No. 12 C 2592, 2013 WL 3354462, at *5 (N.D. Ill. July 1, 2013) ("[U]nder § 1681s–2(b) furnishers of information are conferred duties once they receive notice of a dispute from a consumer reporting agency.") (citations omitted); *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("The duties § 1681s–2(b) imposes on furnishers of information arise *only after the furnisher is notified pursuant to § 1681i(a)(2)* **by a consumer credit reporting agency** that a consumer challenges information.") (emphasis added) (citations omitted). Chase pointed out this defect in its motion to dismiss Stewart's original Complaint, and Stewart failed to cure it in his Amended Complaint. Accordingly, Stewart's Amended Complaint should be dismissed with prejudice.

*Third*, Stewart's FCRA claims should be dismissed because he has not alleged that he was damaged as a result of Chase's actions. *See Crabill v. Trans Union, L.L.C.*, 259 F. 3d 662, 664 (7th Cir. 2001) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages'. . . ."). While at the motion to dismiss stage, a plaintiff need only allege facts sufficient to plausibly suggest that he is entitled to damages, at a minimum, FCRA requires a plaintiff to allege a causal relation between the violation of the statute and the loss of credit or some other harm. *See Novak v. Experian Info. Solns., Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011) (dismissing FCRA claim because plaintiff made threadbare allegation that he was "damaged by these violations" and collecting cases).

Here, Stewart vaguely alleges that he suffered "mental anguish, humiliation and emotional distress as a result of Defendants willful and negligent noncompliance" with FCRA. (Am. Compl. ¶61.) However, he does not allege facts to support these allegations, any timeline as to when these

4

alleged damages occurred, or any causal connection between Chase's alleged FCRA violation and these alleged damages. In his Opposition to the Motion to Dismiss, Stewart points to Exhibit 17 to the Amended Complaint, which is a denial of credit letter dated December 23, 2017, which states that Stewart was denied for a loan due to "Current/previous slow payments, judgments, liens or BK." (Am. Compl. Ex. 17.) However, nowhere in the Amended Complaint, or his Opposition, does Stewart tie this alleged denial of credit to the alleged failure by Chase to investigate a claim he made to a CRA as required by FCRA. Because Stewart has not plausibly alleged any actual damage caused by Chase as a result of any alleged violation of FCRA, Count II should be dismissed with prejudice pursuant to Rule 12(b)(6) for this additional reason.

## CONCLUSION

For all of the foregoing reasons and for the reasons stated in Chase's Memorandum in Support of its Motion to Dismiss Plaintiff James Stewart's Amended Complaint, this Court should dismiss Stewart's Amended Complaint pursuant to Rule 12(b)(6), with prejudice, and grant such other relief as is just and proper.

Dated: April 30, 2019               JPMORGAN CHASE BANK, N.A.

                                    By:    /s/ Susan J. Miller Overbey
                                        One of its attorneys

                                    Susan J. Miller Overbey, soverbey@burkelaw.com
                                    Burke, Warren, MacKay & Serritella, P.C.
                                    330 North Wabash Avenue, 22nd Floor
                                    Chicago, Illinois 60611-3607
                                    Telephone:    (312) 840-7000
                                    Facsimile:    (312) 840-7900

15485\00901\4835-0675-3685