UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RECEIVED

AUG - 6 2019 KM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

STEWART, JAMES
Plaintiff

-v-

JPMorgan Chase & Co /d/b/a
JPMorgan Chase Bank N.A;
JPMORGAN CHASE BANK
 NATIONAL ASSOCIATION

MC CALLA RAYMER
PIERCE.LLC (MRLP);

FEDERAL HOME LOAN MORTGAGE
CORPORATION (FREDDIE MAC)

EXPERIAN INFORMATION SOLUTIONS INC

TRANSUNION

FIRST AMERICAN TITLE INSURANCE
COMPANY (FATIC)

Defendants

CASE# CASE# 1:18-cv-07584
Judge John Robert Blakey

Magistrate Judge Young B. Kim

### SECOND AMENDED COMPLAINT

1.  This is an action for violations of the FAIR DEBT COLLECTION PATICES ACT

    (FDCPA)15 U.S.C 1692 et seq, FAIR CREDIT REPORTING ACT (FCRA)15 U.S.C.

    1681 et seq, and breach of contract and supplemental pendent state law claims.

## JURISDICTION / VENUE

2.      Jurisdiction of this court arises under FDCPA 15 U.S.C. 1692k(d), FCRA 15 U.S.C. 1681p, 28 U.S.C. 1331, and 1332 (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states.

3.      Venue is proper pursuant to 28 U.S.C 1391b(2) and 28 U.S.C.1391d and Mr. Stewart resides in Cook County Illinois, which is in the NORTHERN DISTRICT COURT OF ILLINOIS for the EASTERN DIVISION and the defendants regularly conducts business in this District.  This Court has supplemental subject matter jurisdiction over pendent state law claims under 28 U.S.C. 1367.

## PARTIES

4.      Mr. Stewart is a natural person and at all times relevant, a Citizen of the State of Illinois in the County of Cook.

5.      Mr. Stewart is a consumer pursuant to the FDCPA 15 U.S.C. 1692a(3), and pursuant to FCRA 15 U.S.C. 1681a(c)

6.      Plaintiff's consumer debt obligation, or alleged obligation, owed or due, or asserted to be owed or due were incurred primarily for personal, family, or household purposes pursuant to 15 U.S.C. 1692a (5)

7.   Upon information and belief JPMORGAN CHASE & CO located at 383 Madison Avenue New York, New York 10179 is the holding company for JPMORGAN CHASE BANK NATIONAL ASSOCIATION located at 1111 Polaris Parkway Columbus Ohio 43240, and JPMorgan Chase Bank N.A. located at 383 Madison Avenue New York, New York 10179 are all Foreign Corporations that can be served at C T Corporation System 208 S LaSalle St Suite 814 Chicago Illinois 60604.

8.   Upon information and belief JPMorgan Chase Bank N.A. is a debt collector as defined pursuant to the FDCPA 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

9.   JPMorgan Chase Bank N.A.is a person pursuant to 15 U.S.C. 1681a(b) the term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

10.  Upon information and belief JPMorgan Chase Bank N.A. is a financial institution pursuant to 15 U.S.C. 1681a(t). The term "financial institution" means a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

11.     Upon information and belief JPMORGAN CHASE BANK NATIONAL ASSOCIATION is a debt collector as that term is defined under the FDCPA 1692a(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

12.     Upon information and belief JPMORGAN CHASE BANK NATIONAL ASSOCIATION is a person pursuant to 15 U.S.C. 1681a(b).

13.     Upon information and belief MCCALLA RAYMER LEIBERT PIERCE LLC is a foreign Limited Liability Company from the State of Georgia 1544 Old Alabama Road Roswell GA 30076 who can be served through its agent Lee Perres 1 North Dearborn St Suit 1200 Chicago Il 60602. See exhibit 1

14.     Upon information and belief MC CALLA RAYMER PIERCE.LLC is a debt collector as that term is defined under FDCPA 15 U.S.C. 1692a (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

15.     Upon information and belief MCCALLA RAYMER LEIBERT PIERCE LLC is a person pursuant to 15 U.S.C. 1681a(b).

     **Tuesday, August 6, 2019**

16.   ~~Upon information and belief CODILIS & ASSOCIATES P.C. is a Domestic Corporation located at 15W030 North Frontage Road, Suite 100 Burr Ridge Il 60527. CODILIS agent is Michael H Lurie located at 30 N LaSalle Street Suite 2040.~~

17.   ~~Upon information and belief CODILIS & ASSOCIATES P.C. is a debt collector as that term is defined under FDCPA 15 U.S.C. 1692a (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.~~

18.   ~~Upon information and belief CODILIS & ASSOCIATES P.C. is a person pursuant to 15 U.S.C. 1681a(b).~~

19.   Upon information and belief FREDDIE MAC is the allege owner of the security instrument (account #659633361), and is a debt collector as defined under FDCPA 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

20.   Upon information and belief FREDDIE MAC is a person pursuant to 15 U.S.C. 1681a(b).

21.   Upon information and belief FREDDIE MAC is a financial institution pursuant to 15 U.S.C. 1681a(t). The term "financial institution" means a State or National bank, a State

or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

22.     Upon information and belief FREDDIE MAC is a Government Sponsored Enterprise (GSE) corporation who can be served through its General Counsel at 8200 Jones Branch Drive McLean VA 22101

23.     Upon information and belief EXPERIAN INFORMATION SOLUTIONS INC (EXPERIAN) is a Foreign Corporation of Ohio who's agent is C T Corporation System 208 South LaSalle Suite 814 Chicago Illinois 60604.  See exhibit 1

24.     Upon information and belief EXPERIAN is a person pursuant to 15 U.S.C. 1681a(b).

25.     Upon information and belief EXPERIAN is a consumer reporting agency pursuant to 15 U.S.C. 1681a(f).

26.     Upon information and belief TRANSUNION is a Foreign Corporation of Delaware who's agent is ILLINOIS CORPORATION SERVICE C 801 Adlai Stevenson Drive Springfield Illinois 62703.  See exhibit 1

27.     Upon information and belief TRANSUNION is a person pursuant to 15 U.S.C. 1681a(b)

28.    Upon information and belief TRANSUNION is a consumer reporting agency pursuant to 15
       U.S.C. 1681a(f).

29.    Upon information and belief FIRST AMERICAN TITLE INSURANCE COMPANY is a
       Foreign Title Insurance Corporation of the State of Nebraska whose agent is ILLINOIS
       CORPORATION SERVICE C 801 Adlai Stevenson Drive Springfield Illinois 62703.

29(a)   Upon information and belief FATIC insures consumers from defects of property titles.

FACTUAL ALLEGATIONS

30.    On or about September 12, 2007 Mr. Stewart purchase his first home using a note and
       mortgage through Washington Mutual Bank FA(WAMU) with payment due in full by
       October 01, 2037.

31.    Mr. Stewart alleges, on or about September 12, 2007 WAMU sold the security instrument
       to FREDDIE MAC (account, #474905401) who securitized the note into a pooled
       securitized trust. *See* http://www.freddiemac.com/mbs/docs/pcagreement_123107.pdf for 2007
       and http://www.freddiemac.com/mbs/docs/pcagreement_062011.pdf for 2011

32.    On September 6, 2008, the Director of the Federal Housing Finance Agency (FHFA)
       appointed FHFA as Conservator of FREDDIE MAC.

       *See* https://www.fhfa.gov/Conservatorship/pages/history-of-fannie-mae--freddie-
       conservatorships.aspx

33.    On or about September 25, 2008 the Federal Office of Thrift Management closed
       WAMU and appointed the Federal Deposit Insurance Corporation (FDIC) as
       receiver for its holdings. That same day, the FDIC, allegedly acting as WAMU's
       receiver, sold virtually all of WAMU assets to JPMORGAN CHASE & CO.

34.    Mr. Stewart alleges on or about September 25, 2008 at the time the FDIC allegedly sold
       the assets of WAMA, Mr. Stewart security instrument was already sold to FREDDIE
       MAC who securitized the security before WAMA was closed making  FREDDIE MAC
       seemingly the trustee of the pooled security instruments.

35.    On or about March 18, 2011 Defendant JPMorgan Chase Bank N.A. allegedly
       refinances the note and mortgage (account # 1584182139).

36.    Mr. Stewart alleges JPMorgan Chase Bank N.A. was deceptive in allegedly refinancing
       his loan when JPMorgan Chase Bank N.A. know or should have known Mr.
       Stewart note was in a trust and that WAMU could not own the note

37.    Looking back Mr. Stewart remember thinking why JPMorgan Chase Bank N.A. was so
       insisted to refinance and now it's clear, to get Mr. Stewart in a new contract because if
       not JPMorgan Chase Bank N.A. would have a hard time proving any connection to the
       note that was already in a trust.

38.    Mr. Stewart also alleges FREDDIE MAC had to know Mr. Stewart note was in the trust
       and therefore was deceptive also by allowing chase to sell the refinance note to
       FREDDIE MAC knowing the WAMU note was still in the trust.

39.    Mr. Stewart also alleges FIRST AMERICAN TITLE INSURANCE (FIRST) had to know the refinance with JPMorgan Chase Bank N.A. was deceptive and should not have been involved with the refinance, which is why Mr. Stewart believes FIRST did not sign the Mortgage Release since FIRST close the allege refinance loan that would have been normal.

40.    Also On or about July 1, 2016 Mr. Stewart notice on a billing statement the wording "Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument." See exhibit 2

41.    On or about July 1, 2016 thru August 31, 2016 Mr. Stewart call Jeremia Calycay employee of Chase and May Garcia employee of Chase and another employee of Chase who Mr. Stewart did not get the name of and ask "what is my balance" and was told zero three different times.

42.    On or about November 28, 2016 Mr. Stewart sent communication that requested to schedule a meeting with Chase to physically examine, verify and confirm records relating to the allege debt. See exhibit 3

           **Tuesday, August 6, 2019**

43.    On or about December 5, 2016 Chase sent communication that they received Mr. Stewart letter but did not set up a time for Mr. Stewart to come in and discuss his concerns. See exhibit 4

44.    On or about January 4, 2017 Mr. Stewart disputed the allege JPMorgan Chase Bank N.A. account with TransUnion, then disputed on or about February 21, 2017 with Experian, then again on or about November 21, 2017 with TransUnion, Experian, and Equifax. See exhibit 5

45.    Mr. Stewart received from MCRP a dunning letter dated January 5, 2017, (See exhibit 6) Stating FREDDIE MAC is the creditor of his note, surprising Mr. Stewart because he thought his allege creditor was JPMorgan Chase Bank N.A. and so Mr. Stewart sent a dispute letter to the credit reporting agencies disputing the Chase MTG account because the allege current Creditor is FREDDIE MAC but then JPMORGAN CHASE BANK NATIONAL ASSOCIATION  through McCALLA RAYMER PIERCE LLC sent another  letter on or about April 3, 2018 (See exhibit 7) stating the Creditor is JPMorgan Chase Bank N.A.

46.    Mr. Stewart disputed the JPMorgan Chase Bank N.A. (Chase MTG).account as listed on his consumer report, the status of the account, and the amount of the account as allege upon Equifax, Experian, and Transunion after receiving very confusing information from a number of entities.

47.   Mr. Stewart disputed the account FREDDIE MAC 659633361 on 10/30/2018 (See exhibit 8)
      because FREDDIE MAC as allege by MCRP and FREDDIE MAC own web site, allege to be the
      creditor not Chase MTG as being reported on Mr. Stewart consumer report FREDDIE MAC did
      not respond.

48.   Mr. Stewart disputed the FREDDIE MAC account directly with Equifax, Experian, and
      Transunion October 30, 2018.  Equifax stated "the information is not currently reporting on the
      Equifax file", Experian stated "the information you disputed has been verified as accurate", and
      Transunion stated "after reviewing your dispute request, we found the information you disputed
      does not currently appear on your Transunion credit report."  See exhibit 8

49.   On or about January 16, 2017 Mr. Stewart sent a Qualified Written Request (QWR) and a
      notice  of dispute to JPMORGAN CHASE BANK NATIONAL ASSOCIATION (See exhibit
      9). On or about February 12, 2017 Chase sent communication they received the dispute and
      QWR but failed to provide information requested dated January 16, 2017.  Mr. Stewart sent
      another QWR on or about March 6, 2017, May 18, 2017, and November 17, 2017 and each
      time JPMORGAN CHASE BANK NATIONAL ASSOCIATION failed to provide
      information requested.

50.   On or about January 17, 2017 Mr. Stewart sent a notice of dispute and QWR to McCalla
      Raymer Pierce. On or about February 2, 2017 Mark Johnson from Mccalla Raymer
      Pierce advised Mr. Stewart they can't respond to the QWR.  Mr. Stewart sent notice of
      dispute on or about July 17, 2017, December 6, 2017, June 22, 2018 and another QWR

on or about November 17, 2017. McCalla Raymer failed to validate the allege debt and continue to attempt to collect. See exhibit 10

51. On or about February 15, 2017 Mr. Stewart received response from TransUnion that failed to notice the account is disputed and continue to report the account without stating the account is disputed, then on or about March 1, 2017 Mr. Stewart received response from Experian that fail to notice the account is disputed and continue to report the account without stating the account is disputed. (See exhibit 11) Transunion knows or should know that when a consumer dispute a credit line, that idea should be noted as disputed. Experian use wording that makes it unclear the item is disputed "This item was updated from our processing of your dispute in Feb 2017" and by doing so fail to notice the item is in dispute.

52. On or about February 15, 2017, February 24, 2017, March 24, 2017, June 2, 2017, January 18, 2018, and May 15, 2018 JPMORGAN CHASE BANK NATIONAL ASSOCIATION sent communication stating FREDDIE MAC is the investor/owner of the loan. Yet MRLP is stating in a document dated April 3, 2018 that JPMorgan Chase Bank N.A. is the Original Creditor, the Present Creditor, and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is the servicer, to top it off Counsel for JPMORGAN CHASE NATIONAL ASSOCIATION says JPMORGAN CHASE NATIONAL ASSOCIATION and JPMorgan Chase Bank N.A. is the same, Mr. Stewart is not sure what is the truth after all this information, Mr. Stewart can only wonder that the Defendants are being deceptive, however common sense would say if the two are the same why you need two names for the same thing. See exhibit 12

53. On or about February 12, 2017, July 21, 2017, April 14, 2018, May 4, 2018, and June 11, 2018 , March 5, 2019 FREDDIE MAC own website states FREDDIE MAC is the owner of the note and mortgage. See exhibit 13

54. On or about April 15, 2018 members of MERS claim some interest in the security instrument by First Midwest Bank dated January 5, 2018, Crosscountry Mortgage dated May 22, 2017, Guaranteed Rate dated December 22, 2017 and Carrington Mortgage Services dated December 8, 2010. See exhibit 14

55. On or about June 7, 2017, November 3, 2017, and March 11, 2018 JPMORGAN CHASE BANK NATIONAL ASSOCIATION  thru  their attorneys Shaun Callahan, Courtnia A. Revis and Jorie Johnson respectively filed suit to foreclosure stating JPMORGAN CHASE BANK N.A. is the owner of the Note and Mortgage. Knowing or should have known FREDDIE MAC is the allege owner of the note and mortgage and  FREDDIEMAC has not assign the allege note and mortgage to JPMORGAN CHASE BANK N.A nor JPMORGAN CHASE BANK NATIONAL ASSOCIATION See exhibit 15 and FREDDIE MAC PC AGREEMENT  http://www.freddiemac.com/mbs/docs/pcagreement_123107.pdf

56. Mr. Stewart dispute the allege debt December 6, 2017 for the foreclosure filed November 3, 2017.  MCRP fail to validate the allege debt, to wit, the chain of title to the debt and a history of charges and payments thereon and continue to attempt to collect.  See exhibit 16

57.  Mr. Stewart dispute the allege debt June 22, 2018 for the foreclosure filed May 11, 2018.
MCRP fail to validate the allege debt, to wit, the chain of title to the debt and a history of
charges and payments thereon and continue to attempt to collect.  See exhibit 16

58.  On or about June 5, 2018 Matthew Naglewski d/b/a/ CODILIS sent notice of a law suit
for foreclosure with a case management conference to be held on 7/11/18

59.  Mr. Stewart on or about June 22, 2018 sent a notice of dispute and a request for debt
validation to Matthew Naglewski d/b/a/ CODILIS and as of today's date has not respond
to the dispute nor the request for validation but has continue to attempt to collect.

60.  Mr. Stewart on or about October 31, 2018 sent a letter of dispute to FREDDIE MAC and  the
three major Consumer Reporting Agencies Equifax, Experian, and TransUnion. See exhibit 16.

60(a)  On October 18, 2007 Plaintiff James Stewart contracted with FATIC to insure the title from
defects.

60(b)  On or about March 7, 2019 Plaintiff became aware of the title being place in an express trust
and that at the time Plaintiff purchase the property from Lena M Hurt, the guardian of the estate
of Eddie L Griffin the property did not belong to Eddie L Griffin and therefore cause the
transfer to be defective.

**Tuesday, August 6, 2019**

60(c)   On or about June 20, 2019 after filing a claim, FATIC denied coverage for the claim, stating I

have not loss anything.

60(d)   On or about June 21, 2019 Plaintiff sent a notice of intent to sue and stating losses Plaintiff has

sustain to date.

60(e)   On or about June 21, 2019 FATIC sent notice it's closing the claim.

61.     Mr. Stewart contends that the illegal actions of Defendants has caused mental anguish,

humiliation, emotional distress, and the denial of credit as the result of Defendants

deceptive  willful and negligent noncompliance with the FDCPA and FCRA consumer

protection Acts and FATIC breach of contract.  See exhibit 17.

## COUNT I
### VIOLATION OF THE FDCPA BY
### JPMORGAN CHASE BANK N.A., JPMORGAN CHASE BANK NATIONAL
### ASSOCIATION, FREDDIE MAC, MCRP and CODILIS

62.     Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force

and effect as if herein set forth.

63.     Mr. Stewart is a consumer pursuant to 15 U.S.C. 1692a (3) means any natural person

obligated or allegedly obligated to pay any debt.

64.     Pursuant to 15 U.S.C. 1692a(5)   The term "debt" means any obligation or alleged obligation

of a consumer to pay money arising out of a transaction in which the money, property, insurance

or services which are the subject of the transaction are primarily for personal, family, or household purposes.

65. Mr. Stewart alleges FREDDIE MAC acted as a debt collector pursuant to 15 U.S.C. 1692 (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

66. Mr. Stewart received from MCRP a dunning letter dated January 5, 2017, stating FREDDIE MAC is the creditor, surprising Mr. Stewart because he thought the allege creditor was JPMorgan Chase Bank N.A.

67. After the January 5, 2017 letter Mr. Stewart received, another document from MCRP dated April 3, 2018 stating JPMorgan Chase Bank N.A is the Original Creditor and the Present Creditor and that the Servicer is JPMORGAN CHASE BANK NATIONAL ASSOCIATION making FREDDIE MAC a debt collector alleging to transfer an allege debt while in default to JPMorgan Chase Bank, N.A for the purpose to facilitate an activity in the connection with the collection of a debt or in an attempt to collect a debt for another.

68. Mr. Stewart alleges after the April 3, 2018 letter from MCRP, FREDDIE MAC became a debt collector and violated the FDCPA by continuing to attempt to collect an allege debt after Mr.

Stewart disputed the trade line to the three major consumer reporting agencies in violation of

15 U.S.C. 1692e(8) that states

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

69.   Mr. Stewart alleges FREDDIE MAC did not respond to his dispute letter dated October

30, 2018 but allowed negative information to be reported to the consumer reporting

agencies and allowed the allege debt to be reported without notice the debt is disputed

violating 15 U.S.C. 1692e(8).

70.   Mr. Stewart alleges JPMorgan Chase Bank N.A. acted as a debt collector pursuant

to 15 U.S.C. 1692a (4)

> (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, <u>but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.</u>

71.   Mr. Stewart alleges on January 5 2017 MCRP allege FREDDIE was the creditor then on April

3, 2018 MCRP allege JPMorgan Chase Bank N.A. is the original creditor and the present

creditor making JPMorgan Chase Bank N.A. a debt collector pursuant to 15 U.S.C. 1692a(4)

by attempting to facilitate collection of an allege debt by alleging the transfer of ownership of

the note while in allege default from FREDDIE MAC to JPMorgan Chase Bank N.A.

72.   Mr. Stewart alleges on or about November 21, 2017 Mr. Stewart disputed JPMorgan

Chase Bank N.A with the three credit reporting agencies Equifax, Experian and

Transunion who after the dispute continued to report the allege account with the three

reporting agencies violating FDCPA 15 U.S.C. 1692e (8)

73.    Mr. Stewart alleges JPMORGAN CHASE BANK N.A. violated 15 U.S.C. 1692e(10)

that states(10) The use of any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

74.    Mr. Stewart allege JPMORGAN CHASE BANK N.A. attempted to collect by alleging to

be the original creditor and present creditor on April 3, 2018 when FREDDIE MAC was

alleging to be the creditor on January 5, 2017 to present, in violation of 1692e(10) by

using false representation or deceptive means to collect or attempt to collect any debt.

75.    Mr. Stewart alleges JPMORGAN CHASE BANK NATIONAL ASSOCIATION is a

debt collector  pursuant to 15 U.S.C. 1692a (6) The term "debt collector" means any

person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

or due another.

76.    Mr. Stewart allege JPMORGAN CHASE BANK NATIONAL ASSOCIATION attempts

to collect on an allege defaulted debts by using the mails in its business to collect debts

for another.

77.    Mr. Stewart allege JPMORGAN CHASE BANK NATIONAL ASSOCIATION violated

       15 U.S.C. 1692e(2) that states

       The false representation of – (A) the character, amount, or legal status of any debt (B)

       any services rendered or compensation which may be lawfully received by any debt

       collector for the collection of a debt.


78.    Mr. Stewart allege on January 5, 2017  JPMORGAN CHASE BANK NATIONAL

       ASSOCIATION sent letter stating FREDDIE MAC own the security instrument then on April 3,

       2018, JPMORGAN CHASE BANK NATIONAL ASSOCIATION  and MCRP sent

       communication stating JPMORGAN CHASE BANK N.A. is the owner of the security

       instrument, but then on April 15 2018 MERS web site states FIRST MIDWEST BANK II,

       CROSSCOUNTRY MORTGAGE INC, GUARANTEED RAGE INC, AND CARRINGTON

       MORTGAGE SERVICES LLC has some ownership in the security instrument, for all the stated

       reasons above JPMORGAN CHASE BANK NATIONAL ASSOCIATION  has violated

       1692e(2) by the false representation of the character, amount, or legal status of the debt. Because

       first, JPMORGAN CHASE BANK NATIONAL ASSOCIATION states FREDDIE MAC is the

       owner of the note, then JPMORGAN CHASE BANK N.A. is the owner of the note and lastly

       MERS has recorded interest in the note all without any assignments of the note being recorded


79.    Mr. Stewart alleges JPMORGAN CHASE BANK NATIONAL ASSOCIATION violated

       the following FDCPA 15 U.S.C.1692e (5) The threat to take any action that cannot

       legally be taken or that is not intended to be take.  Because there were no assignments of

the note recorded JPMORGAN CHASE BANK NATIONAL ASSOCIATION has no proof on the record of its ability to pursue a foreclosure.

80.    Mr. Stewart alleges on or about May 11, 2018 JPMORGAN CHASE BANK NATIONAL ASSOCIATION filed a foreclosure suit knowing or should have known that the action could not be taken because JPMORGAN CHASE BANK NATIONAL ASSOCIATION lack standing to file an action to foreclose in violation of 15 U.S.C.1692e(5).

81.    Mr. Stewart alleges MCRP is a debt collector pursuant 5 U.S.C. 1692a(6).

82.    Mr. Stewart alleges MCRP attempts to collect on an alleged defaulted debt by using the mails in its business to collect debts for another.

83.    Mr. Stewart allege MCRP violated 15 U.S.C. 1692e(2) that states
The false representation of – (A) the character, amount, or legal status of any debt (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

84.    Mr. Stewart alleges MCRP falsely represent the character and status of the allege debt knowing the note was allegedly sold to FREDDIE MAC, who place the note in a securitize trust and therefore has not taken the note out of the trust and assign it to JPMORGAN CHASE NATIONAL ASSOCIATION in order to file a foreclosure suit.

85.   Mr. Stewart alleges MCRP violated the following FDCPA 15 U.S.C. 1692e (5) the threat
      to take any action that cannot legally be taken or that is not intended to be taken. MCRP

86.   Mr. Stewart alleges because FREDDIE MAC did not assign the note back to JPMORGAN
      CHASE BANK N. A.,   MCRP violated 15 U.S.C. 1681e(5) that states;
      (5) The threat to take any action that cannot legally be taken or that is not intended to be
      taken.  Because the note was not assigned back to JPMORGAN CHASE BANK N.A.,
      MCRP can't legally file a foreclosure.

87.   Mr. Stewart allege MCRP violated FDCPA 15 U.S.C. 1692e (10) the use of any false
      representation or deceptive means to collect or attempt to collect any debt or to obtain
      information concerning a consumer.

88.   Mr. Stewart allege on January 5, 2017 MCRP allege FREDDIE MAC was the creditor and
      April 13, 2018 MCRP allege JPMORGAN CHASE BANK N.A was the creditor yet FREDDIE
      MAC web site still states it is the Creditor,  making MCRP submitted documents deceptive
      communications alleging at different times JPMORGAN CHASE BANK N.A. and FREDDIE
      MAC are the creditors while at the same time MERS is claiming on their web site that First
      Midwest Bank, Crosscountry Mortgage, Guaranteed Rate, and Carrington Mortgage
      Services has ownership interest in the security instrument in violation of FDCPA 15 U.S.C.
      1692e (10).  Clearly MCRP know the note is in a trust and can't be move
      around without assignment of the note with the attempt to allege the note is

now with the original Creditor without assignment is deceptive and misleading in violation of 15 U.S.C. 1692e (10). See exhibit 18

89.    Mr. Stewart alleges on or about November 21, 2017 JPMORGAN CHASE BANK N.A., and FREDDIE MAC, then on or about December 6, 2017 JPMORGAN CHASE BANK NATIONAL ASSOCIATION and MCRP violated 15 U.S.C. 1692g(b) Disputed debts; If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt or any disputed portion thereof, until the debt collector obtains verification of the debt. After

90.    Mr. Stewart disputed the allege debt requesting verification and validation of the allege debt    from JPMORGAN CHASE BANK N.A., FREDDIE MAC, JPMORGAN CHASE BANK NATIONAL ASSOCIATION and MCRP all of them continued to attempt to collect the allege debt without verifying and validating the allege debt in violation of 15 U.S.C. 1692g(b).

91.    WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages against JPMORGAN CHASE BANK N.A., JPMORGAN CHASE BANK NATIONAL ASSOCIATION , FREDDIE MAC, and MCRP for actual, mental, emotional distress, statutory damages, attorneys fees and costs pursuant to FDCPA 15 U.S.C. 1692k.

COUNT II

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY JPMORGAN CHASE BANK N.A. AND
FREDDIE MAC

92.    Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force
       and effect as if herein set forth.

93.    Mr. Stewart is a consumer pursuant to 15 U.S.C.1681a(c) means an individual.

94.    Mr. Stewart alleges Defendant FREDDIE MAC is a person pursuant to 15 U.S.C.
       1681a(b).  The word person is define pursuant to 15 U.S.C. 1681a(b) means any
       individual, partnership, corporation, trust, estate, cooperative, association, government or
       governmental  subdivision or agency, or other entity.

95.    Mr. Stewart alleges FREDDIE MAC is financial institutions pursuant to 15 U.S.C.
       1681a(t)

96.    Pursuant to 15 U.S.C. 1681a(t) The term "financial institution" means a State or National
       bank, a State or Federal savings and loan association, a mutual savings bank, a State or
       Federal credit union, or any other person that, directly or indirectly, holds a transaction
       account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

97.    Mr. Stewart alleges on or about November 21, 2017 Plaintiff disputed the account, the
       status, and the amount of the allege debt after receiving very confusing information from
       a number of entities, namely JPMORGAN CHASE BANK N.A., JPMORGAN CHASE
       BANK NATIONAL ASSOCIATION, FREDDIE MAC, MERS, FIRST MIDWEST BANK,

CROSSCOUNTRY MORTRGAGE, GUARANTEED RATE, AND CARRINGTON MORTGAGE SERVICES which all of the above entities has allege ownership interest in the security instrument.

98. Mr. Stewart alleges FREDDIE MAC is a furnisher of information pursuant 1681s-2(a)(1) (A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

99. Mr. Stewart allege FREDDIE MAC did not act to clear up his misunderstanding of Chase MTG reporting on his consumer report when FREDDIE MAC is the allege Creditor.

100. Mr. Stewart alleges by not responding, FREDDIE MAC violated 1681s-2(b) which states

(1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E) if an item of information disputed by a consumer is found to be inaccurate or

    incomplete or cannot be verified after any reinvestigation under paragraph (1), for

    purposes of reporting to a consumer reporting agency only, as appropriate, based on the

    results of the reinvestigation promptly–

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

101.    Mr. Stewart disputed the FREDDIE MAC account directly with Equifax, Experian, and Transunion October 30, 2018. Equifax stated "the information is not currently reporting on the Equifax file", Experian stated "the information you disputed has been verified as accurate", and Transunion stated "after reviewing your dispute request, we found the information you disputed does not currently appear on your Transunion credit report." See exhibit 8

102.    Mr. Stewart alleges FREDDIE MAC did not conduct an investigation of the information being sent to the CRA's.

103.    Mr. Stewart alleges while FREDDIE MAC try to stay silent in this matter it knows that the allege loan by JPMORGAN CHASE BANK N.A. was deceptive because the WAMU note was sold to FREDDIE MAC and FREDDIE MAC still should have the note from WAMU.

104.    Mr. Stewart alleges for all the reasons stated above, FREDDIE MAC violated 1681s-2b and the violation has caused him to be denied the use of credit.

        **Tuesday, August 6, 2019**

105.    Mr. Stewart alleges JPMORGAN CHASE BANK N.A. is financial institutions pursuant
        to 15 U.S.C. 1681a(t)

106.    Mr. Stewart alleges Defendant JPMORGAN CHASE BANK N.A. is a person pursuant to
        15 U.S.C. 1681a(b)

107.    Mr. Stewart alleges JPMORGAN CHASE BANK N.A. is a furnisher of information
        pursuant 1681s-2(a)(1)(A) *Reporting information with actual knowledge of errors.* A person
        shall not furnish any information relating to a consumer to any consumer reporting agency if the
        person knows or has reasonable cause to believe that the information is inaccurate

108.    Mr. Stewart alleges JPMORGAN CHASE BANK N.A. violated 1681s-2(b) *In general.*
        (1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute
        with regard to the completeness or accuracy of any information provided by a person to a
        consumer reporting agency, the person shall

                (A) conduct an investigation with respect to the disputed information;

                (B) review all relevant information provided by the consumer reporting agency pursuant

                to section 611(a)(2) [§ 1681i];

                (C) report the results of the investigation to the consumer reporting agency;

                (D) if the investigation finds that the information is incomplete or inaccurate, report those

                results to all other consumer reporting agencies to which the person furnished the

                information and that compile and maintain files on consumers on a nationwide basis; and

                (E) if an item of information disputed by a consumer is found to be inaccurate or

                incomplete or cannot be verified after any reinvestigation under paragraph (1), for

purposes of reporting to a consumer reporting agency only, as appropriate, based on the

results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

109.   Mr. Stewart disputed the JPMORGAN CHASE BANK N.A. account directly with Equifax, Experian, and Transunion November 21, 2017 See exhibit 5

110.   Mr. Stewart alleges JPMORGAN CHASE BANK N.A. did not conduct a reinvestigation of the information being sent to the Consumer Reporting Agencies (CRA's)

WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages against

JPMORGAN CHASE BANK N.A and FREDDIE MAC for actual damages, mental, emotional

distress, statutory damages, punitive damages, attorneys fees and costs pursuant to FCRA 15

U.S.C. 1681n for willful noncompliance of 1681n or in the alternative 1681o for negligent

noncompliance.

## COUNT III
### VIOLATION OF THE FCRA BY EXPERIAN AND TRANSUNION

111.   Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force and effect as if herein set forth.

112.   Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. §1681a(c).

113. Upon information and belief, EXPERIAN AND TRANSUNION are consumer reporting agency as defined in 15 U.S.C. 1681a(f).

114. Upon information and belief EXPERIAN AND TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U. S.C 1681(d) to third parties.

115. Upon information and belief, EXPERIAN AND TRANSUNION disburses such consumer reports to third parties under contract for monetary compensation.

116. Mr. Stewart disputed the JPMORGAN CHASE BANK N.A. account directly with Equifax, Experian, and Transunion November 21, 2017 See exhibit 5.

117. Mr. Stewart alleges to Transunion this is not my account, the status is incorrect, and the amount is incorrect.

118. Mr. Stewart alleges Transunion failed to reinvestigate the disputed information

119. Mr. Stewart alleges Transunion failed to notice in the report the credit line is in dispute 15 U.S.C. 1681e(f) 1681i(c)

120. Mr. Stewart alleges Transunion failed to reinvestigate the disputed information in violation of 15 U.S.C. 1681i(a)(1)(A)

121. Mr. Stewart alleges to Experian this is not my account, the status is incorrect, and the amount is incorrect.

122. Mr. Stewart alleges Experian failed to reinvestigate the disputed information

123. Mr. Stewart alleges Experian failed to notice in the report the credit line is in dispute 15 U.S.C. 1681e(f) 1681i(c)

124.    Mr. Stewart alleges Experian failed to reinvestigate the disputed information in violation of

15 U.S.C. 1681i(a)(1)(A)

125.    WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages

against JPMORGAN CHASE BANK N.A,  FREDDIE MAC, EXPERIAN and

TRANSUNION for actual, mental, emotional distress damages, punitive damages,

statutory damages of the FCRA, attorneys fees, and costs pursuant to 1681n for willful

noncompliance or in the alternative 1681o for negligent noncompliance.


COUNT IV
BREACH OF CONTRACT BY FATIC

126.    Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force

and effect as if herein set forth.

127.    Plaintiff is a Covered person pursuant to policy number OP 1624820

128.    FATIC is a title insurance company located in Nebraska who is a foreign Corporation

registered with the Illinois Secretary of State and doing business throughout the State of

Illinois.

129.    First American on or before October 18, 2007 offered to indemnify Mr. Stewart from

title defects and impairments in the form of a written Owner's Policy of Title Insurance

in the amount of $150,000.00 policy number 1624820.

130. As consideration for the insurance, First American Title Insurance Company received a premium paid to First American See HUD 1 statement exhibit 23

131. A true copy of First American's Owner's Policy of Title Insurance, Policy No. 1624820 dated October 18, 2007 in the amount of $150,000.00 is attached as Exhibit 20

132. First American received payment of the agreed upon consideration for the policy as part of the closing transaction. See Exhibit 20 ste 75

133. On March 15, 2019 Mr. Stewart made a written title policy claim to FATIC at the address in Santa Ana, California which sought indemnity for the face amount of the policy paid and other cost Mr. Stewart paid because of the preexisting Express Trust agreement dated June 20, 1974 giving the trust ownership of the property and the sale of the property by the conservator LENA M HURT void.

134. Mr. Stewart had the right to receive and FATIC owed a duty to pay title policy indemnity because Mr. Stewart's claim is based upon the preexisting Express Trust Agreement in the public record which met: COVERED RISK Title to the estate or interest described in Schedule A being vested other than as stated therein; any defect in or lien or encumbrance on the title; unmarketability of the title.

135. Mrs. Ladwig claims that Mr. Stewart's claim is premature because he has not lost anything. Mr. Stewart has lost $242,274.35.for a property still own by the Express

Trust and that Mr. Stewart can make payments for another 147 years and still would not own the property pursuant to the Express Trust agreement.

136. Mr. Stewart tried to mitigate his claims before filing suit but FATIC fail to respond.

137. WHEREFORE Mr. Stewart prays that the Court enter judgment in favor of Mr. Stewart and that the Court awards such other and further relief as is equitable and just.

COUNT V

Illinois Insurance Code at 215 ILCS 5/154.6

138. Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force and effect as if herein set forth.

139. At all times relevant, a certain statute existed in the Illinois Insurance Code at 215 ILCS 5/154.6 which defined various acts constituting improper claims practices, one is

(d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

140. At all times relevant, a certain stature existed in the Illinois Insurance Code at 215 ILCS 5/155 as follows:

(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable there under, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow

as part of taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000:

(c) the excess of the amount which the court or jury finds such party is entitled to recover exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

141.    FATIC violated these statutes, when FATIC vexatiously and unreasonably refuse to pay Mr. Stewart's title policy indemnity claim filed on March 15, 2019 and denied June 21, 2019, Mr. Stewart presented to FATIC a valid and well-supported bases in law and fact for paying its title policy indemnity claim.

142.    FATIC violation of these statutes seeks reasonable attorney fees and litigation costs associated with this action plus $60,000.00 or 60% of the amount which the court or jury finds Mr. Stewart is entitled to recover against the company, exclusive of all costs.

143.    WHEREFORE Mr. Stewart prays that the Court enter judgment in favor of Mr. Stewart and that the Court award such other and further relief as is equitable and just.

### DEMAND FOR JURY TRIAL

Mr. Stewart hereby demands a Trial by Jury of all issues as a matter of law. U.S. Const. Amend

7 Fed R Civ. Pro 38 Respectfully submitted this 6th of August 2019.

Respectfully

/s/ James Stewart
James Stewart
8132 S Harvard
Chicago Il 60620
312 217 0492
Cnajames1961@yahoo.com

**Tuesday, August 6, 2019**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 6th **day of August 2019**.

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access

this filing through the Court's electronic filing. Plaintiff also has email the parties a copy of this notice.

### *ATTORNEYS TO BE NOTICED*

| | |
|---|---|
| Susan J. Miller Overbey<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 North Wabash Avenue, 21 st Floor<br>Chicago Illinois 60611<br>Telephone: 312 840 7000<br>Facsimile : 312 840 7900<br>soverbey@burkelaw.com | Brian R. Merfeld<br>McCalla Raymer Leibert Pierce, LLC<br>Street address: 1 N. Dearborn, Suite1200<br>City/State/Zip: Chicago, IL 60602<br>Bar ID Number: 6280615<br>312-676-7368<br>Email Brian.Merfeld@mccalla.com |
| **Katherine Elisabeth Carlton Robinson**<br>Schuckit & Associates, P.c.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>(317) 363-2400<br>Email: krobinson@schuckitlaw.com,<br>*ATTORNEY TO BE NOTICED* | **Laura K. Rang**<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>317-363-2400<br>Email: lrang@schuckitlaw.com,<br>*ATTORNEY TO BE NOTICED* |
| **Michael Joseph Sreenan**<br>Michael J. Sreenan<br>1341 West Fullerton Avenue, No. 175<br>Chicago, IL 60614<br>(773)549-8700<br>Email: msreenan@sreenanpc.com,<br>*ATTORNEY TO BE NOTICED* | Jamie N. Ward<br>JONES DAY<br>77 West Wacker<br>Chicago, IL 60601.1692<br>Telephone: +1.312.782.3939<br>Facsimile: +1.312.782.8585<br>jamieward@jonesday.com |
| J. Robert Weyreter, Esq. (IN #3540549)<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>Telephone: 317-363-2400<br>Fax: 317-363-2257<br>jweyreter@schuckitlaw.com | |