UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEWART, JAMES
Plaintiff
-v-

JPMorgan Chase & Co d/b/a/
JPMorgan Chase Bank N.A.
JPMORGAN CHASE BANK
NATIONAL ASSOCIATION

MC CALLA RAYMER
PIERCE.LLC (MRLP);

FEDERAL HOME LOAN MORTGAGE
CORPORATION (FREDDIE MAC)

EXPERIAN INFORMATION SOLUTIONS INC

TRANSUNION

FIRST AMERICAN TITLE INSURANCE CO. (FATIC)

Defendants

CASE# CASE# 1:18-cv-07584
Judge Mary M Rowland



FILED

DEC 17 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION TO AMEND
## COUNT V
## OF THE SECOND AMENDED COMPLAINT

1. COMES NOW the Plaintiff James Stewart pursuant to Federal Rules of Civil Procedure 15(a)(2) who herein submits his request for leave to Amend Count V of the SECOND AMENDED complaint.

2. Plaintiff has ask for consent from the attorney for FATIC, Mr. Williams, he object.

3. Plaintiff Stewart is inexperienced in court procedures and law in general, at the time he filed the second amended complaint August 6, 2019 he failed to add all of the claims against FATIC

4. Plaintiff James Stewart having recognized the deficiencies in Second Amended Complaint now move the court for an order to Amend Count V of the complaint. Plaintiff Stewart finds that it

is in the best interest of all parties, the motion be granted to better define the causes of action that are presented to the court in his pursuit of justice.

5. Plaintiff Stewart realized after further study both statute and pleading standards to properly articulate to the Court his causes of action.

6. This case filed by Plaintiff James Stewart is for violations of the consumer protection statutes enacted by Congress and State for the purpose of enabling consumers to protect and defend their rights under the law. At no time did Plaintiff file this case for reasons of harassment or in bad faith. Plaintiff has made a very diligent effort to study and understand the consumer protection statutes under which he initiates litigation. Plaintiff has at all times believed his rights were violated and at all times attempted to resolve the disputes without litigation.

7. Plaintiff believes this suit should stand on its own merits and due process be given all parties to an action to be able to develop their cases through discovery which is denied when summary judgment or dismissal is granted before all relevant evidence can be brought before the trier of fact.

8. In relation to damages, Plaintiff has suffered actual damages of being denied credit.

WHEREFORE, the Plaintiff Stewart requests this Honorable Court enter an order granting Plaintiff Stewart leave to amend Count V of his Second Amended Complaint to properly state his claims under 815 ILCS 505/2; 815 ILCS 510/3 against FATIC

Respectfully

/s/ James Stewart

James Stewart
8132 S Harvard
Chicago Illinois 60620
312 217 0492 Cnajames1961@yahoo.com

## AMENDED COUNT V
## OF THE SECOND AMENEDED COMPLAINT

138. Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force and effect as if herein set forth.

139. At all times relevant, a certain statute existed in the Illinois Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (815 ILCS 505/1 *et seq.*

140. Plaintiff alleged that defendant FATIC violated the section 2 of 815 ILCS 505/2

"Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act. (Source: P.A. 78-904.)"

141. Plaintiff alleges FATIC knew or should have known the allege sale of WAMU assets to JPMORGAN CHASE & CO on or about September 25, 2008 did not include Plaintiff note and mortgage and Therefore was a deceptive act to get plaintiff to purchase title insurance he did not need.

142. Plaintiff alleges FATIC knew or should have known that the refinance of Mr. Stewart note and mortgage was a hoax because the note was already in trust with FREDDIE MAC a material fact that FATIC ignored in order to received a premium for title insurance Plaintiff did not need.

143. Plaintiff alleges FATIC knew or should have known that Mr. Stewart note and mortgage was part of FREDDIE MAC insolvency on or about September 6, 2008 before WAMU allege sale to JPMORGAN CHASE , THE concealment, suppression, and omission of such material fact to sale plaintiff insurance he did not need.

144. Plaintiff allege FATIC violated 815 ILCS 510/3 by its deceptive trade practice of knowingly selling title insurance that was not need and was a sham.

    (815 ILCS 510/3) (from Ch. 121 1/2, par. 313)

    Sec. 3. A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required. Relief granted for the copying of an article shall be limited to the prevention of confusion or misunderstanding as to source Costs or attorneys' fees or both may be assessed against a defendant only if the court finds that he has willfully engaged in a deceptive trade practice. The relief provided in this Section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this State. (Source: P.A. 81-1509.)

WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages against First American Title Insurance for actual, mental, emotional distress damages, punitive damages, statutory damages of the violation of the Unfair and Deceptive Acts and Practices , attorneys fees, and costs pursuant to 815 ILCS 505/2; 815 ILCS 510/3.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 17th **day of December 2019.** Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing. Plaintiff also has email the parties a copy of this notice.

*ATTORNEYS TO BE NOTICED*

| | |
|---|---|
| Susan J. Miller Overbey<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 North Wabash Avenue, 21 st Floor<br>Chicago Illinois 60611<br>Telephone: 312 840 7000<br>Facsimile : 312 840 7900<br>soverbey@burkelaw.com | Brian R. Merfeld<br>McCalla Raymer Leibert Pierce, LLC<br>Street address: 1 N. Dearborn, Suite1200<br>City/State/Zip: Chicago, IL 60602<br>Bar ID Number: 6280615<br>312-676-7368<br>Email Brian.Merfeld@mccalla.com |
| Katherine Elisabeth Carlton Robinson<br>Schuckit & Associates, P.c.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>(317) 363-2400<br>Email: krobinson@schuckitlaw.com,<br>ATTORNEY TO BE NOTICED | Laura K. Rang<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>317-363-2400<br>Email: lrang@schuckitlaw.com,<br>ATTORNEY TO BE NOTICED |
| Michael Joseph Sreenan<br>Michael J. Sreenan<br>1341 West Fullerton Avenue, No. 175<br>Chicago, IL 60614<br>(773)549-8700<br>Email: msreenan@sreenanpc.com,<br>ATTORNEY TO BE NOTICED | Jamie N. Ward<br>JONES DAY<br>77 West Wacker<br>Chicago, IL 60601.1692<br>Telephone: +1.312.782.3939<br>Facsimile: +1.312.782.8585<br>jamieward@jonesday.com |
| J. Robert Weyreter, Esq. (IN #3540549)<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>Telephone: 317-363-2400<br>Fax: 317-363-2257<br>jweyreter@schuckitlaw.com | J. Michael Williams; Amy E. Daleo<br>nwilliams@cohonraizes.com<br>adaleo@cohonraizes.com<br>Cohon Raizes & Regal LLP<br>208 South LaSalle Street, Suite 1440<br>Chicago Illinois 60604<br>312 726 2252 phone<br>312 726 0609 fax |