UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART,<br><br>  Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., *et. al.*,<br><br>  Defendants. | No. 18 C 7584<br><br>Judge Mary Rowland |

# MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff, James Stewart ("Stewart"), brings claims against Defendant JPMORGAN Chase Bank, N.A., ("Chase")[1] for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count I) and for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") (Count II). (Dkt.48). Chase moves to dismiss Stewart's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Chase's motion to dismiss [56] is granted. Count I is dismissed with prejudice and Count II without prejudice. Stewart is granted leave to amend Count II, consistent with this opinion, within 30 days of this opinion.

---

[1] In Count I of his first and second amended complaints, Stewart brings claims against both JPMorgan Chase Bank N.A. and JPMorgan Chase Bank national association as if they are two separate entities when they are one in the same. Because the Court dismisses Count I as to Chase in its entirety with prejudice, Plaintiff need not correct this error.

# I. FACTUAL ALLEGATIONS

The following facts are alleged in Stewart's first amended complaint and are presumed true for the purpose of resolving the pending motion to dismiss. On or about September 12, 2007, Stewart purchased a home using a note and mortgage through Washington Mutual Bank ("WaMu"). (Dkt. 48 at ¶30). The same day, WaMu sold the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). (*Id*. at ¶31). On September 25, 2008, the Office of Thrift Supervision closed WaMu, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver of WaMu's holdings. (*Id*. at ¶33). Stewart alleges that the FDIC sold "virtually all" of WaMu's assets to Chase the same day. (*Id*.). Stewart further alleges that on or about March 18, 2011, Chase refinanced the loan. (*Id*. at ¶33).[2]

Between July 1, 2016 and December 5, 2016, Stewart had a number of oral and written communications with Chase regarding the balance on the Chase loan. (Dkt. 48 at ¶¶40–43). Specifically, Stewart was informed three different times by Chase employees that the balance on his Chase account was zero. (*Id*. at ¶41). Between January 2017 and October 31, 2018, Stewart also had a number of oral and written communications with Chase, Experian, TransUnion, Equifax, Freddie Mac and McCalla Raymer Leibert Pierce, LLC ("MRLP") regarding the status of the Chase loan. (*Id*. at ¶¶44, 46, 48). During this time, Stewart alleges that he received

---

[2] Chase provides copies of the WaMu and Chase recorded mortgages and the Release of the WaMu mortgage executed by the FDIC after the receivership of WaMu (Dkt. 57 at 2). The Court takes judicial notice of these documents without converting this to a motion for summary judgment. *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080-81 (7th Cir. 1997). Chase also directs the court to the FDIC website. (Dkt. 57 at 2). These documents and website create some factual dispute between the parties (e.g., whether WaMu sold the loan to Freddie Mac on September 12, 2007). However, it is not disputed that Stewart refinanced his loan with Chase on March 18, 2011. (Dkt. 57-2). Any facts that are in dispute are not relevant to this court's opinion.

conflicting and confusing information from Chase, Freddie Mac and MRLP about whether Chase was the original creditor, present creditor or servicer of the loan or whether Freddie Mac was the creditor of the loan. (*Id.* at ¶¶52, 78). Specifically, on January 5, 2017, Stewart received a dunning letter from MRLP stating that Freddie Mac was the creditor; whereas, on April 3, 2018, Stewart received another communication from MRLP stating that Chase was the original creditor and present creditor and servicer of the loan. (*Id.* at ¶¶66–67). Stewart also alleges that Freddie Mac's website stated that it was the creditor of the loan from February 12, 2017 through March 5, 2019. (*Id.* at ¶52, 88). On June 7, 2017, November 3, 2017 and March 11, 2018, Chase filed a foreclosure complaint against Stewart as to the Chase loan. (*Id.* at ¶55). On November 21, 2017, Stewart sent written letters by certified mail to TransUnion, Equifax, and Experian disputing his Chase loan, including the status of his account and the amount in the account. (*Id.* at ¶¶38–40). On December 4, 2017, Stewart sent a notice of dispute pursuant to 15 U.S.C. § 1692g(b) to Chase, MRLP, and Codilis & Associates, P.C. (*Id.* at ¶56) (citing Dkt. 48 at 79–80). On October 30, 2018, Stewart sent a letter disputing the Freddie Mac account directly to Freddie Mac and Equifax, Experian, and TransUnion. (*Id.* at ¶47, 60).

Stewart claims that Chase violated the FDCPA by the false representation of the character, amount or legal status of the debt; and by attempting to collect a debt without verifying and validating the debt after Stewart disputed the debt on November 21, 2017 (Count I). (*Id.* at ¶¶ 78, 89–90). Stewart also claims that Chase

3

violated the FCRA by failing to conduct an investigation of the information being sent to the consumer reporting agencies after Stewart disputed the Chase account directly with Equifax, Experian and TransUnion on November 21, 2017 (Count II). (*Id.* at ¶¶ 105–110).[3] Significantly, Stewart does not allege that Chase was notified about the dispute by any credit reporting agency.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts in the Plaintiff's complaint and must "construe the complaint in the 'light most favorable to the' plaintiff." *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)). However, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017), *cert denied sub nom. Ill. Bible Coll. Ass'n v. Cross*, 138 S. Ct. 1021 (2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[3] Although Chase notes that Stewart's allegations can be confusing and difficult to follow, the Court "construe[s] *pro se* filings liberally and [will] address the discernable arguments." *Wilson v. Brennan*, 724 F. App'x 466, 469 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017)).

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate. . . ." *Bell*, 835 F.3d at 738 (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

**A. FDCPA claim**

Stewart claims Chase violated the FDCPA, 15 U.S.C. § 1692 *et seq*. Chase moves to dismiss, arguing that the claim fails to state a cause of action because Chase is not a debt collector.

The FDCPA generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Pursuant to Section 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e)(2). Two threshold criteria must be met for the FDCPA to apply: 1) "the defendant must qualify as a 'debt collector'"; and 2) "the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Gburek*, 614 F.3d at 384 (quoting 15 U.S.C. § 1692a(6), §§ 1692c(a)-(b), § 1692e, § 1692g).

Under the FDCPA, "debt collector" is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).). "Creditors are . . . not subject to the FDCPA as long as they are collecting their own debt in their own name and their 'principal purpose' as an entity is not debt collection." *Schlaf v. Safeguard Prop., LLC*, 899 F.3d 459, 466 (7th Cir. 2018) (quoting *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)); *see also* 15 U.S.C. § 1692a(4),(6). "The term does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

Stewart alleges that he received conflicting information from Chase, Freddie Mac and MRLP about whether Chase was the original creditor, present creditor or servicer of the loan. (Dkt. 48 at ¶¶52, 78). Chase argues that whether Chase acted as the original creditor on the loan, or later as the servicer of the loan, collecting on behalf of Freddie Mac, it is not a "debt collector" under the FDCPA. (Dkt. 79 at 2).

Chase attaches to its motion to dismiss the mortgage executed by Stewart based on the March 18, 2011 loan. (Dkt. 57-2). It cannot be disputed that Chase is the original creditor on the loan. Chase therefore cannot be considered a "debt collector" under the FDCPA, because it was collecting its own debt. *See Schlaf, LLC*, 899 F.3d at 466.

Even if Chase were the mortgage servicer, it could only be sued as a debt collector if the loan was in default when Chase began servicing the loan. *See* 15 U.S.C. § 1692a(6)(F)(iii); *see also Foster v. PHH Mortg.*, No. 15 C 7650, 2016 WL 6647925, at *3 (N.D. Ill. Nov. 10, 2016) ("[A] servicing agent falls under the definition of 'creditor,' and owes no duties under the FCPA . . . . What's more, the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include, specifically, a mortgage servicing company, as long as the debt was not in default at the time it was assigned.") (citing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S. Code Cong. & Ad.News 1695, 1698). Stewart makes no allegations in his amended complaint that the loan was ever in default, let alone at the time Chase began servicing the loan. In his response brief, Stewart alleges that he "didn't know" whether the loan was in default. (Dkt. 78 at 6). That is not enough to survive a motion to dismiss.

In light of the document establishing that Chase was the original creditor, Count I is dismissed with prejudice.

**B. FCRA claim**

Stewart's amended complaint also alleges that Chase violated the FCRA, 15 U.S.C. § 1681s-2. Chase argues that this FCRA claim should be dismissed because (1) there is no private right of action under § 1681s-2(a); (2) Stewart's claim under § 1681s–2(b) fails because his amended complaint does not allege that a credit reporting agency notified Chase that Stewart disputed the loan as required; and (3)

7

Stewart cannot plausibly allege that he was damaged as a result of Chase's actions. (Dkt. 57 at 5–6).

**1. Section 1681s-2(a)**

As an initial matter, the Court notes that Stewart does not appear to dispute that there is no private right of action under § 1681s-2(a); he indicates in his response that he points to this section in his amended complaint "just to notice that [Chase] is a furnisher of information to Consumer Reporting Agencies and nothing more." (Dkt. 78 at ¶3). While the general duties of "furnishers of information" are outlined in § 1681s-2(a), enforcement under this section is limited to federal and state government officials identified in § 1681s, and there is no private right of action. 15 U.S.C.A. § 1681s-2(c)-(d); *Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011). Accordingly, Stewart cannot allege a claim under this section.

**2. Section 1681s-2(b)**

Individuals, however, can enforce negligent or willful noncompliance of § 1681s–2(b). *See* 15 USC §§ 1681n, 1681o. Pursuant to § 1681s–2(b):

> After receiving notice … of a dispute with regard to the completeness or accuracy of any information provided … to a consumer reporting agency, the person shall–
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency . . .

15 U.S.C. § 1681s–2(b). In his amended complaint, Stewart alleges that he disputed the Chase account to Equifax, Experian, and Transunion on November 21, 2017 and that Chase failed to investigate in violation of § 1681s–2(b). (Dkt. 48 ¶¶109–10). But "[a] duty to investigate and report inaccuracies is imposed on the furnishers of information when the inaccuracy is provided *by a consumer reporting agency,* and not by the consumer." *Pichugin v. Experian Info. Sols., Inc.,* No. 11 CV 04375, 2012 WL 527529, at *2 (N.D. Ill. Feb. 15, 2012), citing *Gulley v. Pierce & Associates, P.C.,* 436 Fed. Appx. 662, 665 (7th Cir. 2011) (emphasis added). As Chase correctly notes, Stewart does not allege in his amended complaint that a consumer reporting agency notified Chase of a dispute as required for this provision to be triggered. *See Gulley*, 436 F. App'x at 665 ("[A]bsent a formal notice from a credit reporting agency, U.S. Bank's duty to investigate was never triggered."); *see also Butler v. CitiMortgage, Inc.* , No. 17 C 05168, 2017 WL 3620744, at *2–3 (N.D. Ill. Aug. 23, 2017) ("Plaintiff has failed to state a claim upon which relief can be granted as Defendant's duties under § 1681s–2(b) are not triggered unless a CRA notified it that Plaintiff disputed the information it provided.") (collecting cases); *Thompson v. Advocate S. Suburban Hosp.*, No. 15-CV-9184, 2016 WL 4439942, at *2 (N.D. Ill. Aug. 23, 2016) ("[A] furnisher's duties under subsection b are not triggered until it is contacted by a [consumer reporting agency] and told the information it provided is disputed.") (collecting cases). Without allegations that Chase received notice of a dispute from a consumer reporting agency, Chase does not have a duty to investigate under § 1681s–2(b), and the pleading is insufficient under FCRA.

9

The Court notes that in a non-precedential 2007 opinion, *Lang*, the Seventh Circuit reversed a district court's dismissal of a plaintiff's § 1681s–2(b) claim, holding that the plaintiff was not required to allege that the defendant was notified of a dispute by a consumer reporting agency in order to state a claim under § 1681s–2(b). (Dkt. 76 at 5-6) (citing *Lang v. TCF Na. Bank*, 249 Fed. Appx. 464, 466-67 (7th Cir. 2007)). Despite this ruling in *Lang*, courts in this district "almost uniformly hold that [§ 1681s–2(b)] claims require such an allegation." *Thompson*, 2016 WL 4439942, at *2 (collecting cases). In *Neiman,* the district court noted that the ruling in *Lang* rested on a questionable premise that a "plaintiff may not be in a practical position to allege that the credit reporting agency notified the defendant at the time of filing the complaint." *Neiman v. Chase Bank, USA, N.A.*, 2014 WL 3705345 *7 (N.D. Ill. July 25, 2014). The *Neiman* court noted that this "key information" is "readily verifiable" given that 15 U.S.C. § 1681i(a) expressly provides a procedure for consumers to obtain the business name and address of any furnisher of information contacted by a credit reporting agency during a dispute investigation. This Court is persuaded by *Nieman* and *Thomson* and "absent binding law from the Seventh Circuit will continue to require that plaintiffs allege notification to the furnisher by a [credit reporting agency] in order to state a claim under § 1681s–2(b)." *Thompson*, 2016 WL 4439942, at *2.

Stewart filed a first amended complaint, (dkt. 48), in response to Chase's original motion to dismiss, (dkt. 24), that raised this issue, (*id.* at 8–10). Still Stewart failed to address this issue in his first amended complaint. Stewart then

10

filed a supplement to his first amended complaint without leave of court. (Dkt. 60). He then filed, with leave of court, a second amended complaint on August 16, 2019, and again failed to address this issue. (Dkt. 97).

Because Stewart is *pro se,* the court will allow him 30 days from the date of this order to file an amended complaint *if he can properly allege the Chase was given notice from a credit reporting agency of the dispute. See Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (*quoting Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim.") (internal quotations omitted). No other amendments to the complaint regarding Chase are allowed. If the proposed amendment does not properly address this issue specifically, it will not be allowed.[4]

## IV. CONCLUSION

For these reasons stated, Chase's motion to dismiss [56] is granted. The Court finds that Stewart has not and cannot state a claim against Chase under the FDCA and Count I is dismissed against Chase with prejudice. Stewart has also not sufficiently stated a claim for relief under the FCRA and Count II against Chase is dismissed without prejudice. Stewart is granted leave to amend Count II, consistent with this opinion, within 30 days of this opinion.

---

[4] Because the Court is dismissing Count I, the Court will not reach Chase's argument that Stewart is not entitled to damages.

E N T E R:

Dated: January 28, 2020

MARY M. ROWLAND
United States District Judge