UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, <br><br> Plaintiff, <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A., *et. al.*, <br><br> Defendants. | No. 18 C 7584 <br><br> Judge Mary Rowland |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff, James Stewart ("Stewart"), brings claims against Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count I) and for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") (Count II). (Dkt.48). Freddie Mac moves to dismiss Stewart's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Freddie Mac's motion to dismiss [50] is granted. Count I is dismissed with prejudice and Count II without prejudice. Stewart is granted leave to amend Count II, consistent with this opinion, within 30 days of this opinion.

## I. FACTUAL ALLEGATIONS

The following facts are alleged in Stewart's first amended complaint and are presumed true for the purpose of resolving the pending motion to dismiss. On or about September 12, 2007, Stewart purchased a home using a note and mortgage through

1

Washington Mutual Bank ("WaMu"). (Dkt. 48 at ¶30). The same day, WaMu sold the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). (*Id.* at ¶31). On September 25, 2008, the Office of Thrift Supervision closed WaMu, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver of WaMu's holdings. (*Id.* at ¶33). Stewart alleges that the FDIC sold "virtually all" of WaMu's assets to Chase the same day. (*Id.*). Stewart further alleges that on or about March 18, 2011, Chase refinanced the loan ("the Chase loan"). (*Id.* at ¶33).[1]

Between July 1, 2016 and December 5, 2016, Stewart had a number of oral and written communications with Chase regarding the balance on the Chase loan. (Dkt. 48 at ¶¶40–43). Specifically, Stewart was informed three different times by Chase employees that the balance on his Chase account was zero. (*Id.* at ¶41). Between January 2017 and October 31, 2018, Stewart also had a number of oral and written communications with Chase, Experian, TransUnion, Equifax, Freddie Mac and McCalla Raymer Leibert Pierce, LLC ("MRLP") regarding the status of the Chase loan. (*Id.* at ¶¶44, 46, 48). During this time, Stewart alleges that he received conflicting and confusing information from Chase, Freddie Mac and MRLP about whether Chase was the original creditor, present creditor or servicer of the loan or whether Freddie Mac was the creditor of the loan. (*Id.* at ¶¶52, 78). Specifically, on January 5, 2017, Stewart received a dunning letter from MRLP stating that Freddie

---

[1] Freddie Mac provides copies of the WaMu and Chase recorded mortgages and the Release of the WaMu mortgage executed by the FDIC after the receivership of WaMu (Dkt. 51 at 2). The Court takes judicial notice of these documents without converting this to a motion for summary judgment. *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080-81 (7th Cir. 1997). Freddie Mac also directs the court to the FDIC website. (Dkt. 51 at 2). These documents and website create some factual dispute between the parties (e.g., whether WaMu sold the loan to Freddie Mac on September 12, 2007). But the facts in dispute are not relevant to this Court's opinion.

Mac was the creditor; whereas, on April 3, 2018, Stewart received another communication from MRLP stating that Chase was the original creditor and present creditor and servicer of the loan. (*Id.* at ¶¶66–67). Stewart also alleges that Freddie Mac's website stated that it was the creditor of the loan from February 12, 2017 through March 5, 2019. (*Id.* at ¶52, 88). On June 7, 2017, Chase filed a foreclosure complaint against Stewart as to the Chase loan. (*Id.* at ¶55). On June 7, 2017, Chase filed a foreclosure complaint against Stewart as to the Chase loan. (*Id.* at ¶55). On November 21, 2017, Stewart sent written letters by certified mail to TransUnion, Equifax, and Experian disputing his Chase loan, including the status of his account and the amount in the account. (*Id.* at ¶¶38–40). On December 4, 2017, Stewart sent a notice of dispute pursuant to 15 U.S.C. § 1692g(b) to Chase, MRLP, and Codilis & Associates, P.C. (*Id.* at ¶56) (citing Dkt. 48 at 79–80). On October 30, 2018, Stewart sent a letter disputing the Freddie Mac account directly to Freddie Mac and Equifax, Experian, and TransUnion. (*Id.* at ¶47, 60). Freddie Mac did not respond to the letter. (*Id.* at ¶47).

Stewart claims that Freddie Mac violated the FDCPA by continuing its attempt to collect a debt after Stewart disputed the debt to three major consumer reporting agencies; by not responding to a dispute letter dated October 30, 2018; and by allowing negative information to be reported to the consumer reporting agencies without communicating that the debt was disputed (Count I). (Dkt. at ¶68–69). Stewart further claims that Freddie Mac violated the FCRA by failing to conduct an investigation of the information being sent to the consumer reporting agencies after

3

Stewart disputed the Freddie Mac account directly with Freddie Mac, Equifax, Experian, and TransUnion on October 30, 2018. (*Id.* at ¶¶98–102).[2]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts in the Plaintiff's complaint and must "construe the complaint in the 'light most favorable to the' plaintiff." *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)). However, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017), *cert denied sub nom. Ill. Bible Coll. Ass'n v. Cross*, 138 S. Ct. 1021 (2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "While a plaintiff need not plead 'detailed

---

[2] Although Freddie Mac correctly notes that Stewart's allegations can be confusing and difficult to follow, the Court "construe[s] *pro se* filings liberally and [will] address the discernable arguments." *Wilson v. Brennan*, 724 F. App'x 466, 469 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017)).

4

factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate. . . ." *Bell*, 835 F.3d at 738 (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

### A. FDCPA claim

Stewart's first claim against Freddie Mac is for a violation of the FDCPA, 15 U.S.C. § 1692 *et seq*. Freddie Mac moves to dismiss, arguing that Stewart fails to allege any conduct by which Freddie Mac attempted to collect the debt, and that Freddie Mac is not a debt collector as defined by the FDCPA.

The FDCPA prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Pursuant to § 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e)(2). Two threshold criteria must be met for the FDCPA to apply: 1) "the defendant must qualify as a 'debt collector'"; and 2) "the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Gburek*, 614 F.3d at 384 (quoting 15 U.S.C. § 1692a(6), §§ 1692c(a)-(b), § 1692e, § 1692g).

Under the FDCPA, "debt collector" is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

or due another." 15 U.S.C. § 1692a(6).). "The term does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

Stewart alleges that Freddie Mac is the "creditor" of the Chase loan and the owner of the note. (Dkt. 48 at ¶¶19, 65). But "[c]reditors are . . . not subject to the FDCPA as long as they are collecting their own debt in their own name and their 'principal purpose' as an entity is not debt collection." *Schlaf v. Safeguard Prop., LLC*, 899 F.3d 459, 466 (7th Cir. 2018) (quoting *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)); *see also* 15 U.S.C. § 1692a(4),(6). Stewart does not allege that the debt was in default at the time Freddie Mac became the "creditor" or that Freddie Mac engaged in any debt collection activity. Freddie Mac is not a debt collector. Stewart has not and cannot plausibly alleged that Freddie Mac is a debt collector as defined by the FDCPA. The court dismisses Count I of the amended complaint against Freddie Mac with prejudice.

**B. FCRA claim**

Stewart's amended complaint also alleges that Freddie Mac violated the FCRA, 15 U.S.C. § 1681s-2. Freddie Mac argues that this FCRA claim should be dismissed because (1) there is no private right of action under § 1681s-2(a); (2) Freddie Mac is not a "furnisher of information" under the FCRA; (3) Stewart fails to allege that a credit reporting agency notified Freddie Mac that Stewart disputed the loan as

required under § 1681s–2(b); and (4) Stewart cannot plausibly allege that he was damaged as a result of Freddie Mac's actions. (Dkt. 51 at 5).

**1. Section 1681s-2(a)**

Enforcement under § 1681s-2(a) ("Duty of furnishers of information to provide accurate information") is limited to federal and state government officials identified in § 1681s; there is no private right of action under this section. 15 U.S.C.A. § 1681s-2(c)-(d); *Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011). Thus, Stewart cannot allege a claim under this section.

**2. Section 1681s-2(b)**

To the extent Stewart alleges violations of § 1681s–2(b) ("Duties of furnishers of information upon notice of dispute"), Stewart fails to allege factual support for his conclusory allegation that Freddie Mac is a "furnisher of information" within the meaning of the FCRA; and Stewart fails to allege that Freddie Mac received notice from a credit reporting agency of a dispute as required under this section.

A "furnisher of information" is defined in the Code of Federal Regulations as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 CFR § 222.41. Freddie Mac argues that it is not a furnisher of information because "[i]t does not collect payments from borrowers, otherwise service loans, or report missed payments to [credit reporting agencies]." (Dkt. 51 at 6) (citing to

http://www.freddiemac.com/about/faqs.html).[3] Stewart does not respond to this argument except to say "Freddie Mac is a furnisher of information." (Dkt. 76 at 4). Stewart makes no allegations that Freddie Mac actually furnished any information to a consumer reporting agency as he is required to do to survive a motion to dismiss. *See Smith v. LexisNexis Risk Sols., Inc.,* No. 12 CV 8872, 2014 WL 866413, at *6 (N.D. Ill. Mar. 5, 2014) (dismissing *pro se* plaintiff's claim without prejudice under § 1681s–2(b), where "[n]othing in Plaintiff's corrected amended complaint or his brief suggests that LexisNexis furnished his information to, say, Experian, TransUnion, or another entity that fits within the definition of 'consumer reporting agency.'").

Moreover, "[a] duty to investigate and report inaccuracies is imposed on the furnishers of information when the inaccuracy is provided by a consumer reporting agency, and not by the consumer." *Pichugin v. Experian Info. Sols., Inc.,* No. 11 CV 04375, 2012 WL 527529, at *2 (N.D. Ill. Feb. 15, 2012), citing *Gulley v. Pierce & Associates, P.C.,* 436 Fed. Appx. 662, 665 (7th Cir.2011). As Freddie Mac correctly

---

[3] Freddie Mac notes that courts can take judicial notice of official federal websites without converting a motion to dismiss into a motion for summary judgment. (Dkt. 51 at 2, fn 1) (citing *Laborers' Pension Fund v. Blackmore Sewer Constr.*, 298 F.3d 600, 607 (7th Cir. 2002)). The Court declines to make a ruling on whether Freddie Mac is a "furnisher of information" based on its public website. Freddie Mac does not point to a specific section that states that it does not furnish information to credit reporting agencies. However, the portion on single-family businesses states it "has agreements with six credit reporting companies (CRCs) to provide merged credit reports to our Loan Product Advisors® customers." http://www.freddiemac.com/loanadvisorsuite/loanproductadvisor/crc.html. Moreover, the Court will not consider this website at this stage as it is material outside the pleadings being offered for "contradictory and supplementary purposes." *See e.g. Dunnigan v. Fed. Home Loan Mortg. Corp.*, 184 F. Supp. 3d 726, 734–35 (D. Minn. 2016) (declining to rule on whether Freddie Mac is considered a CRA under the FCRA at the motion to dismiss stage without further discovery and noting that "[m]aterials outside the pleadings offered for . . . contradictory or supplementary purposes may not be considered" in a motion to dismiss).

notes, Stewart does not allege in his amended complaint that a consumer reporting agency notified Freddie Mac of a dispute as required for this provision to be triggered. *See Gulley*, 436 F. App'x at 665 ("[A]bsent a formal notice from a credit reporting agency, U.S. Bank's duty to investigate was never triggered."); *see also Butler v. CitiMortgage, Inc.*, No. 17 C 05168, 2017 WL 3620744, at *2–3 (N.D. Ill. Aug. 23, 2017) ("Plaintiff has failed to state a claim upon which relief can be granted as Defendant's duties under § 1681s–2(b) are not triggered unless a CRA notified it that Plaintiff disputed the information it provided.") (collecting cases); *Thompson v. Advocate S. Suburban Hosp.*, No. 15-CV-9184, 2016 WL 4439942, at *2 (N.D. Ill. Aug. 23, 2016) ("[A] furnisher's duties under subsection b are not triggered until it is contacted by a [consumer reporting agency] and told the information it provided is disputed.") (collecting cases). Stewart claims that Freddie Mac violated § 1681s–2(b) when it failed to investigate information he sent to the consumer reporting agencies on October 30, 2018. (Dkt. 48 ¶¶98–102). But without allegations that Freddie Mac received notice of a dispute *from a consumer reporting agency,* Freddie Mac does not have a duty to investigate under § 1681s–2(b), and the pleading is insufficient under FCRA.

The Court notes that Stewart cites to a 2007 non-precedential opinion, *Lang*, where the Seventh Circuit reversed a district court's dismissal of a plaintiff's § 1681s–2(b) claim, holding that the plaintiff was not required to allege that the defendant was notified of a dispute by a consumer reporting agency in order to state a claim under § 1681s–2(b). (Dkt. 76 at 5-6) (citing *Lang v. TCF Na. Bank*, 249 Fed.

9

Appx. 464, 466-67 (7th Cir. 2007)). Despite this ruling in *Lang*, courts in this district "almost uniformly hold that [§ 1681s–2(b)] claims require such an allegation." *Thompson*, 2016 WL 4439942, at *2 (collecting cases). In *Neiman,* the district court noted that the ruling in *Lang* rested on a questionable premise that a "plaintiff may not be in a practical position to allege that the credit reporting agency notified the defendant at the time of filing the complaint." *Neiman v. Chase Bank, USA, N.A.*, 2014 WL 3705345 *7 (N.D. Ill. July 25, 2014). The *Neiman* court noted that this "key information" is "readily verifiable" given that 15 U.S.C. § 1681i(a) expressly provides a procedure for consumers to obtain the business name and address of any furnisher of information contacted by a consumer reporting agency during a dispute investigation. This Court is persuaded by *Nieman* and *Thomson*; "absent binding law from the Seventh Circuit [this Court] will continue to require that plaintiffs allege notification to the furnisher by a [consumer reporting agency] in order to state a claim under § 1681s–2(b)." *Thompson*, 2016 WL 4439942, at *2.

Because Stewart is *pro se,* the court will allow him 30 days from the date of this order to file an amended complaint *if he can properly allege the (1) Freddie Mac is a furnisher of information and (2) Freddie Mac was given notice from a credit reporting agency of the dispute. See Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (*quoting Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious

10

claim.") (internal quotations omitted). No other amendments to the complaint regarding Freddie Mac are allowed. If the proposed amendment does not properly address both these issues specifically, the amendment will not be allowed.[4]

## IV. CONCLUSION

For the reasons stated, Freddie's motion to dismiss [50] is granted. The Court finds that Stewart has not and cannot state a claim against Freddie Mac under the FDCA. Count I is dismissed against Freddie Mac with prejudice. Stewart has also not sufficiently stated a claim for relief under the FCRA and Count II against Freddie Mac is dismissed without prejudice. Stewart is granted leave to amend Count II, consistent with this opinion, within 30 days of this opinion.

E N T E R:

Dated: January 28, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

---

[4] Because the Court is dismissing Count II, the Court will not reach Freddie Mac's argument that Stewart is not entitled to damages.

11