# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART,<br><br>      Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., *et. al.*,<br><br>      Defendants. | No. 18 C 7584<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff, James Stewart ("Stewart"), brings claims against Defendant McCalla Raymer Leibert Pierce, LLC ("MRLP")[1] for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). MRLP moves to dismiss Stewart's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, MRLP's motion to dismiss [53] is granted in part, denied in part.

## I. FACTUAL ALLEGATIONS

The following facts are alleged in Stewart's first amended complaint and are presumed true for the purpose of resolving the pending motion to dismiss. On or about September 12, 2007, Stewart purchased a home using a note and mortgage through Washington Mutual Bank ("WaMu"). (Dkt. 48 at ¶30). The same day,

---

[1] Stewart refers to MRLP as MCRP throughout the First Amended Complaint. The Court will refer to the defendant as MRLP.

WaMu sold the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). (*Id.* at ¶31). On September 25, 2008, the Office of Thrift Supervision closed WaMu, and the Federal Deposit Insurance Corporation ("FDIC") was named receiver of WaMu's holdings. (*Id.* at ¶33). Stewart alleges that the FDIC sold "virtually all" of WaMu's assets to Chase the same day. (*Id.*). Stewart further alleges that on or about March 18, 2011, Chase refinanced the loan. (*Id.* at ¶33).

Between July 1, 2016 and December 5, 2016, Stewart had a number of oral and written communications with Chase regarding the balance on the Chase loan. (Dkt. 48 at ¶¶40–43). According to the Amended Complaint, Stewart was told three different times by Chase employees that the balance on his Chase account was zero. (*Id.* at ¶41). Between January 2017 and October 31, 2018, Stewart also had a number of oral and written communications with Chase, Experian, TransUnion, Equifax, Freddie Mac and MRLP regarding the status of the Chase loan. (*Id.* at ¶¶44, 46, 48). Stewart alleges that he received conflicting and confusing information from Chase, Freddie Mac and MRLP about whether Chase was the original creditor, present creditor or servicer of the loan or whether Freddie Mac was the creditor of the loan. (*Id.* at ¶¶52, 78). Specifically, on January 5, 2017, Stewart received a dunning letter from MRLP stating that Freddie Mac was the creditor; whereas, on April 3, 2018, Stewart received another communication from MRLP stating that Chase was the original creditor and present creditor and servicer of the loan. (*Id.* at ¶¶66–67). Stewart also alleges that Freddie Mac's website stated that it was the creditor of the loan from February 12, 2017 through March 5, 2019. (*Id.* at ¶¶53, 88)

2

(citing Dkt. 48 at 64, 88). On June 7, 2017, November 3, 2017, and May 11, 2018, Chase, through MRLP, filed foreclosure complaints against Stewart based on the Chase loan. (*Id.* at ¶55).[2] On November 21, 2017, Stewart sent written letters by certified mail to TransUnion, Equifax, and Experian disputing his Chase loan, including the status of his account and the amount in the account. (*Id.* at ¶¶38–40). On December 4, 2017,[3] Stewart sent a notice of dispute pursuant to 15 U.S.C. § 1692g(b) to Chase, MRLP, and Codilis & Associates, P.C. (*Id.* at ¶56) (citing Dkt. 48 at 79–80). Stewart alleges that in its response letter dated April 3, 2018, MRLP failed to validate the debt, the chain of title and the history of charges and payments. (*Id.* at ¶57) (citing Dkt. 48 at 89). On October 30, 2018, Stewart sent a letter disputing the Freddie Mac account directly to Freddie Mac and Equifax, Experian, and TransUnion. (*Id.* at ¶47, 60).

Stewart claims that MRLP violated various sections of the FDCPA, including: (1) Sections 1692e(2) and (10) by the false, misleading or deceptive representation of the character and status of his debt in its two communications dated January 5, 2017 and April 3, 2018; (2) Section 1692e(5) by threatening to take action that

---

[2] MRLP argues that any claims against it regarding the foreclosure actions on June 7, 2017 and November 3, 2017 are time barred because Stewart filed the current FDCPA action against MRLP on November 15, 2018 and an FDCPA action must be brought within one year of injury. (Dkt. 54 at 3–5) (citing *Gajewski v. Ocwen Loan Servicing*, 650 F. App'x 283, 286 (7th Cir. 2016) ("statute of limitations [on an FDCPA action] begins to run upon injury . . . and is not tolled by subsequent injuries."). In response, Stewart appears to concede this point, but states that the allegations in his amended complaint are based on the third filing of foreclosure dated May 11, 2018 which is not time barred. (Dkt. 77 at 6–7). MRLP acknowledges that claims related to the May 11, 2018 foreclosure action are not time barred. (Dkt. 83 at 3).

[3] Stewart states in his amended complaint that he disputed the debt on December 6, 2017, but the exhibit he attached indicates that the dispute letter was dated December 4, 2017.

cannot legally be taken; and (3) Section 1692g(b) by continuing to attempt to collect the debt without verifying and validating the debt. (Dkt. 48 at ¶¶ 89–90).[4]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the Court accepts as true all well-pleaded facts in the Plaintiff's complaint and must "construe the complaint in the 'light most favorable to the' plaintiff." *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)). However, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017), *cert denied sub nom. Ill. Bible Coll. Ass'n v. Cross*, 138 S. Ct. 1021 (2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

---

[4] While MLRP notes that Stewart's allegations can be confusing and difficult to follow, the Court "construe[s] *pro se* filings liberally and [will] address the discernable arguments." *Wilson v. Brennan*, 724 F. App'x 466, 469 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017)).

4

*Twombly*, 550 U.S. 544, 556 (2007)). "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate. . . ." *Bell*, 835 F.3d at 738 (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

MRLP moves to dismiss Stewart's claims under the FDCPA because: (1) MRLP's communications to Stewart did not falsely represent the character and status of the debt and an unsophisticated consumer would not have been confused by the MRLP's communications; (2) Stewart does not allege any facts to demonstrate that MRLP was legally unable to file a foreclosure action on behalf of Chase; (3) Stewart does not allege any facts to show that MRLP attempted to collect the debt before it sent its April 3, 2018 communication to Stewart that verified the debt.

**a. Claim under §§ 1692e(2), 1692e(10) and 1692g(a)**

Stewart claims that MRLP violated the FCDPA by giving a false, deceptive or misleading representation of the character and status of his debt in its two demand letters dated January 5, 2017 and April 3, 2018 in violation of § 1692e(2) and § 1692e(10). The Court construes Stewart's amended complaint as alleging a claim under § 1692g(a) as well, even though he did not specifically refer to this section. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal

5

quotations and citations omitted); *see also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error.").

The FDCPA prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Pursuant to § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692(e)(2) prohibits the false representation of "the character, amount, or legal status of any debt," and § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Further, § 1692g(a) requires a debt collector to include "the name of the creditor to whom the debt is owed" in its initial communication to the debtor, and "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." A debt collector violates § 1692g(a) when it either fails to provide required information or provides the information in a "confusing" manner. *McMillan v. Collection Prof'l Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *Sims v. GC Servs., L.P.,* 445 F.3d 959, 963 (7th Cir.2006).

To evaluate whether a collection letter is false, misleading or deceiving, or whether the information is provided in a confusing manner, courts must view the claim "though the eyes of the 'unsophisticated consumer.'" *Wahl v. Midland Credit*

6

*Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009); *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *McMillan,* 455 F.3d at 759 ("Whether or not a letter is "false, deceptive, or misleading" (in violation of § 1692e) or "unfair or unconscionable" (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter") (collecting cases)). "The letter must be clear and comprehensible to an individual who is 'uninformed, naïve, [and] trusting,' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012) (internal citations omitted).

The Seventh Circuit has "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *McMillan,* 455 F.3d at 758 (internal quotation marks omitted); *see also Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) ("Contrary to some other circuits, we treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact.") (internal citations omitted). But the Seventh Circuit has also emphasized that "as a matter of law, [courts] shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter,"

7

*McMillan,* 455 F.3d 754 at 758, and "dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis*, 679 F.3d at 636 (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

MRLP argues that it "cannot be held liable for the bizarre or idiosyncratic confusion suffered by Plaintiff when not even a significant portion of the population would have been misled by the fact the creditor for the loan changed after 15 months." (Dkt. 54 at 9). The Court disagrees and finds that Stewart's interpretation of the letters is neither "bizarre" nor "idiosyncratic." Simply put, one of the letters stated Chase owned the debt, the other letter stated Freddie Mac owned the debt. That states a cause of action.

*Braatz* is instructive. There the court denied a motion to dismiss and found that an unsophisticated consumer could be confused where a dunning letter explained that LVNV Funding ("LVNV") is the creditor but also identified the debt as belonging to Citibank. *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11 C 3835, 2011 WL 9528479 (N.D. Ill. Oct. 20, 2011). The court explained:

> This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that she believed to be a single debt was now owed to two separate companies (LVNV and Citibank).

*Braatz*, 2011 WL 9528479 *1. Similarly, here, the January 2017 collection letter indicated that Freddie Mac was "the current creditor to whom the debt is owed," (dkt. 48 at 41), while the April 2017 letter indicated the "Present Creditor" was

Chase, (*id*. at 42). MRLP does not explain this apparent contradiction or clarify the relationship between these two entities. "An unsophisticated consumer receiving this information may well be confused or concerned that two separate companies [Freddie Mac and Chase] may be seeking to collect on a single debt." *Taylor v. Alltran Fin., LP*, No. 118CV00306JMSMJD, 2018 WL 4484856, at *4 (S.D. Ind. Sept. 19, 2018); *see also Walls v. United Collection Bureau, Inc.*, No. 11 C 6026, 2012 WL 1755751, at *1–2 (N.D. Ill. May 16, 2012) (denying motion to dismiss, finding "the letter at issue engenders confusion sufficient to state a claim for violation of § 1692g of the FDCPA" where the debt collector failed to explain the relationship between Resurgent (the "Client") and LVNV (the "Current Owner") in a collection letter.).

As the court in *Braatz* noted, "[s]uch confusion might cause an unsophisticated consumer to be concerned about the possibility she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt." *Braatz*, 2011 WL 9528479 *1. The *Braatz* court concluded that "[d]iscovery may reveal that the unsophisticated consumer may not be confused by the dunning letter's identification of two potential creditors, but that is a question of fact not suitable for resolution at this stage of the litigation." *Id*.; s*ee also Aribal v. GMAC Mortg., LLC*, No. 12 C 9735, 2013 WL 3895282, at *4 (N.D. Ill. July 29, 2013) (denying a motion to dismiss FDCPA claim under §§ 1692e(2) and 1692 g(a)(2) where "an unsophisticated consumer might find the statement the 'debt is owed to Partners for Payment Relief DE III, LLC which is authorized to receive payment on

9

your loan but which may not be the recorded holder of the security deed' confusing because—although it identifies Partners as a creditor—the language suggests that another entity, namely, the recorded holder of the security deed, may also be a potential creditor.").

Drawing all reasonable inferences in Stewart's favor, the Court finds that Stewart plausibly alleges that the dunning letters received from MLRP were confusing and misleading from the viewpoint of an unsophisticated consumer in violation of §§ 1692e(2), 1692e(10) and 1692g(a).

**b. Claim under § 1692g(b)**

Stewart claims that MRLP violated § 1692g(b) by continuing to attempt to collect the debt without verifying and validating the debt. MRLP argues that this claim fails because Stewart does not allege facts to show that MRLP attempted to collect the debt before it sent its April 3, 2018 communication to Stewart that verified the debt.

Section 1692g(b) requires that if the consumer disputes the debt in writing, the debt collector must either "provide the requested validations and continue their debt collecting activities, or they may cease all collection activities." *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997) (citing 15 U.S.C.A. § 1692g(b)).

MRLP argues that it did not violate § 1692(b) because it (1) properly validated the debt in its April 3, 2018 letter and (2) did not engage in debt collection activities between the time it was notified of the dispute in Stewart's December 4, 2017 dispute letter and the time if verified the debt in its April 2018 letter. (Dkt. 54 at

10–11). The Court agrees. Stewart does not make any allegations that MRLP continued its collection efforts between December 4, 2017, when it received notice of the dispute and April 2018 when it verified the debt. Although Stewart does not allege otherwise, MRLP was not obligated "to undertake an independent debt validity investigation" and could rely on "information provided by the client-creditor." (Dkt. 54 at 5) (citing *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1133 (N.D. Ill. 1998).

**c. Claim under § 1692e(5)**

Stewart claims that MRLP violated § 1692e(5) by threatening to take action that cannot legally be taken. Specifically, Stewart alleges that MRLP could not legally file a foreclosure suit on behalf of Chase because Freddie Mac was the holder of the note and the only entity able to file a foreclosure action. (Dkt. 48 at ¶¶84–86). MRLP argues that this claim fails because Stewart does not and cannot allege facts that demonstrate this.

As an initial matter, although Stewart attached the underlying state foreclosure actions filed on November 3, 2017 and May 11, 2018 to his amended complaint, he did not attach the exhibits to those actions. In its motion to dismiss, MRLP attaches the exhibits, including the Mortgage, Note, and Loan Modification Agreement of the mortgage. (Dkt. 59-2). The Court will consider these exhibits in ruling on this motion to dismiss as they are referenced in the amended complaint and are central to Stewart's claims against MRLP. *See McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir.2006); *Hecker v. Deere & Co.,* 556 F.3d 575, 582–83 (7th Cir.2009). The

11

Court may also take judicial notice of these filings, as they are matters of public record, without converting the motion to dismiss into a motion for summary judgment. *See General Electric Capital Corp.*, 128 F.3d at 1080. The Seventh Circuit has noted that courts are "not bound to accept the pleader's allegations as to the effect of [such attachments to motions to dismiss], but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 505 (7th Cir.2013) (internal quotations and citations omitted).

The underlying state foreclosure actions filed on November 3, 2017 and May 11, 2018 by MRLP on behalf of Chase were brought under Illinois Mortgage Foreclosure Law ("IMFL"), which is "the exclusive procedure for foreclosure of mortgages in Illinois." *Plaza Bank v. Kappel*, 334 Ill. App. 3d 847, 850, 779 N.E.2d 359, 361 (2002) (citing 735 ILCS § 5/15–1106(a)(1)). "Generally speaking, only a mortgagee can foreclose on property, and a mortgagee must (at a minimum) be 'the holder of an indebtedness . . . secured by a mortgage.'" *Cogswell v. CitiFinancial Mortg. Co.,* 624 F.3d 395, 402 (7th Cir. 2010) (quoting 735 ILCS § 5/15–1208). Under Illinois law, "a mortgagee goes beyond just note holders to also encompass 'any person designated or authorized to act on behalf of such holder.'" *Mortg. Elec. Registration Sys., Inc. v. Barnes*, 406 Ill. App. 3d 1, 7, 940 N.E.2d 118, 124 (2010) (quoting 735 ILCS § 5/15-1208). A plaintiff bringing a foreclosure suit must meet the pleading requirements of 735 ILCS § 5/15-1504, which specifies that a plaintiff must attach a copy of the mortgage and the note as exhibits. Attaching a note to the foreclosure

complaint is *prima facie* evidence that the foreclosing plaintiff owns the note. *U.S. Bank, Nat. Ass'n v. Dunn,* No. 12 CV 1963, 2013 WL 1222054, at *3 (N.D. Ill. Mar. 25, 2013); *Ocwen Loan Servicing LLC v. Kroening*, No. 10 C 4692, 2011 WL 5130357, at *4 (N.D. Ill. Oct. 28, 2011) (citing 735 ILCS Sec 5/15-1504);

Here, Chase is identified as the lender on all three documents attached to the foreclosure complaints including the Mortgage and Note dated March 18, 2011 and on the Loan Modification Agreement dated August 17, 2015. (Dkt. 59-2 at 7–21, 25–27, 29–33). MRLP argues that based on the public documents attached to the foreclosure actions, the Court should find that Chase met the statutory definition of a mortgagee under Illinois law and therefore had standing to file the foreclosure actions. In support, MRLP cites to *Goode*, where the plaintiff alleged that PennyMac did not have standing to foreclose her mortgage loan because her mortgage was securitized and transferred to Ginnie Mae, who claimed to be the "holder and owner" of the mortgage note. *Goode v. PennyMac Loan Servs., LLC*, No. 14 C 01900, 2014 WL 6461689, at *4–5. (N.D. Ill. Nov. 18, 2014). The court found that based on the documents in the public record, including the foreclosure action, mortgage documents and assignments in the public record, plaintiff could not plausibly allege this claim because "[t]here is no recorded transfer or assignment to Ginnie Mae or any trust, and no hint that Ginnie Mae has ever identified itself as the holder or owner of the note or beneficiary of the mortgage." *Id*. The court concluded that the plaintiff provided "no factual context for the allegation that

13

Ginnie Mae asserts that it is the holder and owner of the note and the mortgage's beneficiary," and, thus, granted the motion to dismiss. *Id.*

The Court is convinced. The lender for the Note, executed on March 11, 2011, by Stewart, that forms the basis of the foreclosure is Chase. (Dkt. 59-2(A)). It cannot be disputed based on the documents in the public record that Chase is the creditor and MRLP was acting lawfully by initiating foreclosure proceedings.

## IV. CONCLUSION

For the reasons stated above, MRLP's Motion to Dismiss [53] is granted in part and denied in part. Stewart may proceed against MRLP for a violation of the FDCPA under §§ 1692e(2), 1692e(10) and 1692g(a). Stewart may not proceed against MRLP for a violation of the FDCPA under §§ 1692g(b) and 1692e(5).

E N T E R:

Dated: January 28, 2020

_____
MARY M. ROWLAND
United States District Judge