IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT
NORTHERN DISTRICT COUNTY, ILLINOIS

| | |
|---|---|
| JAMES STEWART, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18 CV 7584 |
| ) | |
| JPMORGAN CHASE BANK N.A., et al. ) | |
| ) | |
|     Defendants. ) | |

## FATIC'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Defendant First American Title Insurance Company ("FATIC"), by its attorneys Cohon Raizes & Regal LLP, moves this Court for the entry of an order dismissing counts IV and V of the Third Amended Complaint[1] ("Complaint" or "Cmplt.") in accordance with Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of its Motion, Defendant states as follows:

## INTRODUCTION

Plaintiff James Stewart ("Stewart") has asserted two claims against FATIC—a claim for breach of contract arising out of FATIC's alleged denial of a claim submitted by Stewart under an owner's policy of title insurance (Count IV) and a claim under the Illinois Consumer Fraud Act ("ICFA")(Count V). Both claims must be dismissed in their entirety with prejudice because (1) Stewart has not alleged that there was a breach of the title policy because he has not suffered a loss caused by any alleged defect in title, and (2) his claims under the ICFA are barred by the statute of limitations.

---

[1] Stewart has dismissed all other counts against the other Defendants and the claims against FATIC are the only claims remaining.

1

**FACTUAL ALLEGATIONS**

1.	Stewart purchased his home on September 12, 2007, with the proceeds of a loan from Washington Mutual Bank FA ("WAMU"). (Cmplt., ¶28).

2.	Stewart purchased the property from Lena M. Hurt, as guardian of the estate of Eddie L. Griffith ("Estate"). (Cmplt. ¶¶61, 124, Ex. 23 to Cmplt. at Dkt. no 96, p. 12).

3.	In connection with his purchase of the property, FATIC issued to Stewart an Owner's Policy of Title Insurance, policy no. OP—1624820 ("Title Policy"). (Cmplt, ¶60, ¶120; See the Title Policy attached as Ex. 20 to Cmplt. at Dkt. no 96, p. 3).

4.	On or about September 25, 2008, the Federal Office of Thrift Management closed WAMU and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for its holdings, and the FDIC sold virtually all of WAMU's assets to JPMorgan Chase Bank N.A. ("Chase"). (Cmplt. ¶31).

5.	Stewart alleges his note and mortgage with WAMU were sold on or about September 12, 2007 to Freddie Mac, and thus were not included in Chase's purchase of WAMU's assets on September 25, 2008. (Cmplt. ¶¶29, 32).

6.	On or about March 18, 2011, Chase refinanced the WaMu note and mortgage ("2011 Refinance"). (Cmplt., ¶33).

7.	On or about March 7, 2019, Stewart learned of a deed dated June 27, 1974 ("1974 Deed"), transferring title to the property from Eddie L. Griffith, to Cosmopolitan National Bank of Chicago, as trustee under the provisions of a Trust Agreement dated June 20, 1974, known as trust no. 21221 ("Trust"). (Cmplt, ¶61; See the deed attached as Ex. 22 to Cmplt. at Dkt. no 96, p. 11).

8. On March 15, 2019, Stewart submitted a claim to FATIC based upon the 1974 Deed, which Stewart claimed invalidated his title to the property. (Cmplt., ¶124; See the Owner Claim Submittal Form, Ex. 21 to Cmplt. at Dkt. no 96, p. 10).

9. On June 20, 2019, FATIC denied coverage for the claim on the grounds that Mr. Stewart had suffered no losses for which he was entitled to be indemnified under the Title Policy. (Cmplt, ¶¶62, 126).

10. Stewart also alleges that FATIC closed the 2011 Refinance and that at the time FATIC knew "or should have known" that WAMU's sale of assets to Chase did not include Stewart's loan and that the underlying note and mortgage were still owned by Freddie Mac. (Cmplt., ¶¶33, 37, 132).

11. Stewart claims FATIC failed to disclose to Stewart that the note and mortgage were still owned by Freddie Mac, so that FATIC could collect a premium for title insurance that plaintiff purportedly did not need. (Cmplt., ¶132).

## ARGUMENT

### A. Dismissal Under Fed.R.Civ.Pro. 12(b)(6) is Warranted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a pleading for failure to state a claim upon which relief may be granted. Fed.R.Civ.Pro. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all of the well-pleaded factual allegations of the complaint and inferences reasonably drawn from them. *Greenberg v. Boettcher & Co.*, 755 F. Supp. 776, 780 (N.D. Ill. 1991). However, the court is not required to accept assertions of law or unwarranted factual inferences. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). In order to state a claim, a complaint must

allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998).

The Seventh Circuit has explained that to state a claim which survives 12(b)(6) scrutiny:

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

### B. Count IV Must Be Dismissed Because Stewart has Suffered no Loss.

Stewart alleges that FATIC breached the Title Policy when it denied his claim to recover the amount of the Title Policy plus all mortgage payments he has made. Stewart alleges that because of the 1974 Deed transferring title to the Trust that his title to the Property is void and he suffered a loss because he has made mortgage payments on a property he does not own. Stewart's claim for breach of contract (Count IV) lacks any merit and must be dismissed because he has not alleged a breach of the Title Policy nor that he has suffered damages.

Under Illinois law, the elements of a breach of contract cause of action are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007)(quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill.App.3d 6, 14, 845 N.E.2d 22, 30 (1st Dist. 2006)).

4

The Title Policy only provides coverage for loss or damages suffered as the result of a defect in title. The plain language of the Title Policy states that:

> Subject to the exclusions from coverage, the exceptions from coverage contained in Schedule B and the Conditions and Stipulations, ***[FATIC] . . insures, as of the Date of Policy . . .against loss or damages,*** not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:
>
> 1. ***Title to the estate or interest describe in Schedule A being vested other than as stated therein;***
> 2. ***Any defect in or lien or encumbrance on the title;***
> 3. Unmarketability of the title;
> 4. Lack of a right of access to and from the land.

(Cmplt., ex. 20 at Dkt. no.96, p. 4).

Stewart has failed to allege any defect in title that has caused him any loss or damage. There is no allegation that the Trust or any other party has challenged Stewart's ownership of the property. Even if the Trust were to assert an interest in the property based upon the 1974 Deed, its claim would be barred by the statute of limitations. In Illinois, the statute of limitations to assert a claim to real estate is 40 years. 735 ILCS 5/13-118. Thus, any claim to title to the property that could be raised based upon the 1974 Deed had to have been filed prior to June 27, 2014. In any event, even if a claim had timely been asserted, Stewart would likely have been found to have taken title to the property by adverse possession based on Stewart having possessed the property and paid real estate taxes for over 7 years. (*See* 735 ILCS 5/13-109).

Pursuant to Condition 7, the Title Policy is a contract of indemnity against actual monetary loss or damage. Exclusion 3(c) the Title Policy excludes from coverage "Defects, liens, encumbrances, adverse claims, or other matters (c) *resulting in no loss or damage to the Insured Claimant*." Even though no one has challenged his title to the property, Stewart alleges that he has suffered a loss because he has made mortgage payments on a property that he claims he does not own. As explained above, Stewart does in fact own the property, has owned the

5

property since 2007 and such ownership has not been challenged by the Trust nor any other party. Stewart cannot challenge his own title and then ask FATIC to reimburse him for mortgage payments on property he continues to own and possess. Stewart has not and cannot demonstrate that he has suffered or is likely to lose title because of the 1974 Deed and thus FATIC had no obligation to indemnify him under the Title Policy. Stewart has also failed to allege he has suffered any damages as a result of the denial of the claim and Count IV must be dismissed with prejudice.

### V. Stewart's Claim under the ICFA Must Be Dismissed as a Matter of Law.

In Count V, Stewart asserts a claim against FATIC for violation of the ICFA (815 ILCS 505/1). Stewart alleges that FATIC violated the ICFA by failing to disclose certain information in connection with the 2011 Refinance. Count V must be dismissed because Stewart's claim is barred by the statute of limitations and Stewart has otherwise failed to state a claim under the ICFA.

Count V is barred by the statute of limitations. The statute of limitations for filing a claim under the ICFA is three years. 815 ILCS 505/10a(e)(2002); see also *Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at *4 (N.D. Ill. Dec. 23, 2002), aff'd, 359 F.3d 489 (7th Cir. 2004) ("the Illinois Consumer Fraud Act provides a three-year statute of limitations period for the filing of similar claims"). Here, the refinance occurred on March 18, 2011, and any claim under the ICFA arising out of that transaction should have been filed prior to March 18, 2014. Stewart knew or reasonably should have known of any purported omissions by FATIC at the time of the

6

2011 Refinance as securitized trust documents upon which he relies were of public record at that time. Thus, Count V is barred by the statute of limitations.

Stewart has also not stated a claim under the ICFA because Stewart has not alleged that (a) FATIC intended Stewart to rely upon any omission nor (b) that Stewart has suffered actual damages. To state a claim violation of the ICFA, a plaintiff must plead and prove (1) a deceptive act or practice by the defendant (2) defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; and (4) the consumer fraud proximately cause the plaintiff's injury. *Avon Hardware Company v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶23.

Stewart claims FATIC failed to disclose during the 2011 Refinance that the note and mortgage were purportedly still owned by Freddie Mac. However, there is no allegation that FATIC intended that Stewart rely upon that omission. As alleged by Stewart, the only role FATIC had in connection with the 2011 Refinance was to close the transaction. There is no allegation that in its role as closer, FATIC had a duty to disclose any information to Stewart or that FATIC knew Stewart was relying on FATIC to advise him as who owned the note and mortgage that was being refinanced.

Stewart has also not alleged that he has suffered any actual damage. To state a claim under the ICFA as a private plaintiff, Stewart must also plead and prove that he suffered actual damages as a result of the defendant's violation of the Act. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639 (7th Cir. 2019). Stewart merely alleges that in connection with the refinance he purchased title insurance that he did not need. However, because Stewart had already purchased the Title Policy in 2007 there was no need to purchase owner's title insurance

7

again in 2011. Accordingly, Stewart has not and cannot allege that he suffered actual damages as a result of FATIC's purported violation of the ICFA.

## CONCLUSION

WHEREFORE, First American Title Insurance Company requests that this Court enter an order (1) granting this motion; (2) dismissing counts IV and V of the Third Amended Complaint under Fed.R.Civ.Pro. 12(b)(6); and (3) grant such other and further relief as this Court deems just.

\*     \*     \*

**FIRST AMERICAN TITLE INSURANCE COMPANY**

By: /s/ Amy E. Daleo
      One of their Attorneys

J. Michael Williams (mwilliams@cohonraizes.com)
Amy E. Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP (90192)
208 S LaSalle Street, Suite 1440
Chicago, IL 60604
Office: (312) 726-2252
Fax: (312) 726-0609