

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEWART, JAMES
Plaintiff

-v-

CASE# 1:18-cv-07584
Judge Mary M Rowland
Magistrate Judge Young B Kim

JPMorgan Chase & Co d/b/a/
JPMorgan Chase Bank N.A.
JPMORGAN CHASE BANK
NATIONAL ASSOCIATION et, al

Defendants

### NOTICE OF STEWART'S RESPONSE TO FATIC'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

NOW COMES, James Stewart who files this notice of Opposition to Motion to Dismiss by FATIC.

Respectfully

/s/James Stewart
James Stewart
8132 S Harvard
Chicago Illinois 60620
312 217 0492
cnajames1961@yahoo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEWART, JAMES
Plaintiff

-v-

JPMorgan Chase & Co d/b/a/
JPMorgan Chase Bank N.A.
JPMORGAN CHASE BANK
NATIONAL ASSOCIATION et, al

Defendants

CASE# 1:18-cv-07584

Judge Mary M Rowland
Magistrate Judge Young B Kim

### STEWART'S RESPONSE TO FATIC'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

NOW COMES PLAINTIFF, JAMES STEWART who files his response to FATIC motion to dismiss. In support of his response Plaintiff states as follows:

### INTRODUCTION

Plaintiff James Stewart ("Stewart") has asserted two claims against FATIC—a claim for breach of contract arising out of FATIC's alleged denial of a claim submitted by Stewart under an owner's policy of title insurance (Count IV) and a claim under the Illinois Consumer Fraud Act ("ICFA")(Count V). Both claims must be dismissed in their entirety with prejudice because (1) Stewart has not alleged that there was a breach of the title policy because he has not suffered a loss caused by any alleged defect in title, and (2) his claims under the ICFA are barred by the statute of limitations.

Response

Plaintiff has asserted three claims against FATIC, Breach of contract, a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505 et, seq. and the Uniform Deceptive Trade Practices Act 815 ILCS 510 et seq. All claims should not be dismissed or if dismissed must be dismissed without prejudice because (1) Stewart has adequately alleged that there was a breach of the title policy because he hast suffered a loss caused by the conservator Luna Hurt for the estate of Mrs. Griffin who didn't have ownership of the property being sold and that FATIC failed to detect that the property was not owned by Mrs. Griffin but was in fact own by a Trust, (2) In Illinois, Consumer Fraud Deceptive Business Practices and Uniform Deceptive Trade Practices statues of limitations is three years. In addition, Fraudulent concealment may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.

## FACTUAL ALLEGATIONS

1. Stewart purchased his home on September 12, 2007, with the proceeds of a loan from Washington Mutual Bank FA ("WAMU"). (Cmplt., ¶28).

Response

With payment due in full by October 1, 2037.

2. Stewart purchased the property from Lena M. Hurt, as guardian of the estate of Eddie L. Griffith ("Estate"). (Cmplt. ¶¶61, 124, Ex. 23 to Cmplt. at Dkt. no 96, p.

Response

On or about March 7, 2019 Plaintiff became aware of the title being place in an Express

Trust and that at the time Plaintiff allegedly purchase the property from Lena M Hurt, the guardian of the estate of Eddie L Griffin, the property did not belong to Eddie L Griffin and therefore cause the transfer to be defective. (Cmplt., ¶61)

3. In connection with his purchase of the property, FATIC issued to Stewart an Owner's Policy of Title Insurance, policy no. OP—1624820 ("Title Policy"). (Cmplt, ¶60,¶120; See the Title Policy attached as Ex. 20 to Cmplt. at Dkt. no 96, p. 3).

Response

None.

4. On or about September 25, 2008, the Federal Office of Thrift Management closed WAMU and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for its holdings, and the FDIC sold virtually all of WAMU's assets to JPMorgan Chase Bank N.A. ("Chase"). (Cmplt. ¶31).

Response

None.

5. Stewart alleges his note and mortgage with WAMU were sold on or about September 12, 2007 to Freddie Mac, and thus was not included in Chase's purchase of WAMU's assets on September 25, 2008. (Cmplt. ¶¶29, 32).

Response

None.

6. On or about March 18, 2011, Chase refinanced the WAMU note and mortgage ("2011

Refinance"). (Cmplt., ¶33).

Response

On or about March 18, 2011, Chase allegedly refinanced the WAMU note and mortgage ("2011 Refinance"). (Cmplt., ¶33).

7. On or about March 7, 2019, Stewart learned of a deed dated June 27, 1974 ("1974 Deed"), transferring title to the property from Eddie L. Griffith, to Cosmopolitan National Bank of Chicago, as trustee under the provisions of a Trust Agreement dated June 20, 1974, known as trust no. 21221 ("Trust"). (Cmplt, ¶61; See the deed attached as Ex. 22 to Cmplt. at Dkt. no 96, p. 11).

Response

None.

8. On March 15, 2019, Stewart submitted a claim to FATIC based upon the 1974 Deed, which Stewart claimed invalidated his title to the property. (Cmplt., ¶124; See the Owner Claim Submittal Form, Ex. 21 to Cmplt. at Dkt. no 96, p. 10).

Response

None.

9. On June 20, 2019, FATIC denied coverage for the claim on the grounds that Mr. Stewart had suffered no losses for which he was entitled to be indemnified under the Title Policy. (Cmplt, ¶¶62, 126).

Response

Stewart claims a loss of proceeds from a loan and monthly payments where give to

someone that did not own the property but was in fact own by a Trust.

10. Stewart also alleges that FATIC closed the 2011 Refinance and that at the time FATIC knew "or should have known" that WAMU's sale of assets to Chase did not include Stewart's loan and that the underlying note and mortgage were still owned by Freddie Mac. (Cmplt., ¶¶33, 37, 132).

Response

None.

11. Stewart claims FATIC failed to disclose to Stewart that the note and mortgage were still owned by Freddie Mac, so that FATIC could collect a premium for title insurance that plaintiff purportedly did not need. (Cmplt., ¶132).

Response

None.

## ARGUMENT

### A. Dismissal Under Fed.R.Civ.Pro. 12(b)(6) is Warranted.

12. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a pleading for failure to state a claim upon which relief may be granted. Fed.R.Civ.Pro. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all of the well-pleaded factual allegations of the complaint and inferences reasonably drawn from them. *Greenberg v. Boettcher & Co.*, 755 F. Supp. 776, 780 (N.D. Ill. 1991). However, the court is not required to accept assertions of law or unwarranted factual inferences. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). In order to state a claim, a complaint must allege the "operative facts" upon which each claim is based.

*Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998).

The Seventh Circuit has explained that to state a claim which survives 12(b)(6) scrutiny:

First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

Response

Plaintiff believes the complaint states a cause of action to withstand a 12b(6) motion at this stage of litigation seeing that, Allegations of a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Accordingly, pro se complaints are liberally construed. See Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 378 (7th Cir.1988). In the case at bar, Illinois being a fact pleading state, plaintiff has stated sufficient detail to give defendant fair notice of what his the claims are and the grounds they rest .

### B. Count IV Must Be Dismissed Because Stewart has Suffered no Loss.

13. Stewart alleges that FATIC breached the Title Policy when it denied his claim to recover the amount of the Title Policy plus all mortgage payments he has made. Stewart alleges that because of the 1974 Deed transferring title to the Trust that his title to the Property is void and he suffered a loss because he has made mortgage payments on a property he does not own. Stewart's claim for breach of contract (Count IV) lacks any merit and must be dismissed because he has not alleged a breach of the Title Policy nor that he has suffered damages.

Response

Stewart has adequately stated a claim for breach of contract and suffered damages.

14.     Under Illinois law, the elements of a breach of contract cause of action are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben. Servs., Inc. v. Caremark RX*, Inc., 493 F.3d 841, 849 (7th Cir. 2007)(quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill.App.3d 6, 14, 845 N.E.2d 22, 30 (1st Dist. 2006)).

Response

Stewart has alleged the elements of a breach of contract cause of action in ¶ 117 – 128 of the third amended complaint which include the following elements.

- First American offered to indemnify Mr. Stewart October 18, 2007.
- As consideration FATIC received a premium.
- Definite and certain terms included "Title to the estate or interest described in Schedule A being vested other than as stated therein and any defect in or lien or encumbrance on the title, and unmarketability of the title." All of which is operative in this claim.
- Plaintiff has perform all required conditions precedent.
- FATIC has breach its contract.
- Plaintiff has suffered damages of loan proceeds and monthly payments totaling $242,274.35.

A motion to dismiss an action on the pleadings should not be granted unless it is clearly apparent that no set of facts can be proven that would entitle the plaintiff to relief. Perelman v. Fisher, 298 Ill. App. 3d 1007, 1011 (1998). A reviewing court must determine whether the

allegations set out in the complaint, taken in the light most favorable to the plaintiff, sufficiently set forth a cause of action upon which relief may be granted. Perelman, 298 Ill. App. 3d at 1011. In this case, Plaintiff has sufficiently plead a cause of action for breach of contract, if not Plaintiff request the court to point out any errors in the complaint and allow plaintiff to amend the complaint to correct the errors at issue.

15.     The Title Policy only provides coverage for loss or damages suffered as the result of a defect in title. The plain language of the Title Policy states that:

Subject to the exclusions from coverage, the exceptions from coverage contained in Schedule B and the Conditions and Stipulations, *[FATIC] . . insures, as of the Date of Policy . . .against loss or damages,* not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1.      *Title to the estate or interest describe in Schedule A being vested other than as stated therein;*
2.      *Any defect in or lien or encumbrance on the title;*
3.      Unmarketability of the title;
4.      Lack of a right of access to and from the land. (Cmplt., ex. 20 at Dkt. no.96, p. 4).

   Response

   Plaintiff asserts, because the Title Policy's "Exclusions from Coverage" did not exclude the Express Trust Deed of 1974.   The Title Policy's "Exceptions from Coverage" in Schedule B did not mention the Express Trust Deed of 1974.  And because the Express Trust Deed of 1974 was not expressly excluded from coverage, it is included in the coverage of the Title Policy.

 16.     Stewart has failed to allege any defect in title that has caused him any loss or damage. There is no allegation that the Trust or any other party has challenged Stewart's ownership of the property. Even if the Trust were to assert an interest in the property based upon the 1974 Deed, its claim would be barred by the statute of limitations. In Illinois, the statute of limitations to assert a claim to real estate is 40 years. 735 ILCS 5/13-118. Thus, any claim to title to the property that could be raised

based upon the 1974 Deed had to have been filed prior to June 27, 2014. In any event, even if a claim had timely been asserted, Stewart would likely have been found to have taken title to the property by adverse possession based on Stewart having possessed the property and paid real estate taxes for over 7 years. (*See* 735 ILCS 5/13-109).

Response

Plaintiff has alleged the loss of the proceeds from the loan and monthly payments in, *see ¶ 126.* In addition, Pursuant to the trust agreement, the trustee has no duty to make a claim *see trust agreement plaintiff exhibit ex 22 ste 12 " This conveyance is made upon the express understanding and condition that neither The Cosmopolitan National Bank of Chicago, individually or as Trustee, nor its successor or successors in trust shall incur any personal liability or be subjected to any claim, judgment or decree for anything it or they or its or their agents or attorney may do or omitted to do in or about the said real estate or under the provisions of this Deed or said Trust Agreement or any amendment thereto, or for injury to person or property happening in or about said real estate, any and all such liability being hereby expressly waived and released".* As to the statute of Limitations pursuant to 735 ILCS 5/13-118 and 735 ILCS 5/13-109 Plaintiff assert the trust agreement has a life of 198 years and that there can be no lawful impairment to obligations of contract see the Constitution for the United States of America art 1 § 10 (1789) " No State Shall pass any Law impairing the Obligation of Contracts.*"*

17. Pursuant to Condition 7, the Title Policy is a contract of indemnity against actual monetary loss or damage. Exclusion 3(c) the Title Policy excludes from coverage "Defects, liens, encumbrances, adverse claims, or other matters (c) *resulting in no loss or damage to the Insured Claimant*." Even though no one has challenged his title to the property, Stewart

Page **10** of **16**

alleges that he has suffered a loss because he has made mortgage payments on a property that he claims he does not own. As explained above, Stewart does in fact own the property, has owned the property since 2007 and such ownership has not been challenged by the Trust nor any other party. Stewart cannot challenge his own title and then ask FATIC to reimburse him for mortgage payments on property he continues to own and possess. Stewart has not and cannot demonstrate that he has suffered or is likely to lose title because of the 1974 Deed and thus FATIC had no obligation to indemnify him under the Title Policy. Stewart has also failed to allege he has suffered any damages as a result of the denial of the claim and Count IV must be dismissed with prejudice.

      Response

Plaintiff assert he has loss the funds that was give to Lena M. Hurt, as guardian of the estate of Eddie L. Griffith who did not own the property and payments to WAMU and JPMORGAN CHASE Bank's for a property he does not own.

## V. Stewart's Claim under the ICFA Must Be Dismissed as a Matter of Law.

18.      In Count V, Stewart asserts a claim against FATIC for violation of the ICFA (815 ILCS 505/1). Stewart alleges that FATIC violated the ICFA by failing to disclose certain information in connection with the 2011 Refinance. Count V must be dismissed because Stewart's claim is barred by the statute of limitations and Stewart has otherwise failed to state a claim under the ICFA.

      Response

Stewart asserts two claims in Count V 815 ILCS 505/1 *et seq and* 815 ILCS 510/3 that has not past the statute of limitations.

19.     Count V is barred by the statute of limitations. The statute of limitations for filing a claim under the ICFA is three years. 815 ILCS 505/10a(e)(2002); see also *Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at *4 (N.D. Ill. Dec. 23, 2002), aff'd, 359 F.3d 489 (7th Cir. 2004) ("the Illinois Consumer Fraud Act provides a three-year statute of limitations period for the filing of similar claims"). Here, the refinance occurred on March 18, 2011, and any claim under the ICFA arising out of that transaction should have been filed prior to March 18, 2014. Stewart knew or reasonably should have known of any purported omissions by FATIC at the time of the 2011 Refinance as securitized trust documents upon which he relies were of public record at that time. Thus, Count V is barred by the statute of limitations.

Response

*Plaintiff asserts, the statute of limitations for an action under the Act is three years and begins to run when the cause of action accrues. 815 ILCS 505/10a(e) (West 2002). See Gredell v Wyeth Laboratories Inc. 803 N.E. 2d 541 (Ill. App. Ct 2004)  A cause of action generally accrues when the plaintiff suffers injury. Hermitage Corp. v. Contractors Adjustment Co., 166 Ill. 2d 72, 77, 651 N.E.2d 1132, 1135 (1995). A cause of action not filed within the statute of limitations is time barred. 815 ILCS 505/10a(e) (West 2002).* In this case, Plaintiff filed his first claim with FATIC December 1, 2016 and was denied February 21, 2017.  Plaintiff filed suit against FATIC August 6, 2019 within the statute of limitations.  In Illinois the statute of limitations began when insurance company refused his claim, as this is the first point at which Mr. Stewart realized his injury.


20.     Stewart has also not stated a claim under the ICFA because Stewart has not alleged that (a) FATIC intended Stewart to rely upon any omission nor (b) that Stewart has suffered actual damages. To state a claim violation of the ICFA, a plaintiff must plead and prove (1) a deceptive act or practice by the defendant (2) defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; and (4) the consumer

fraud proximately cause the plaintiff's injury. *Avon Hardware Company v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶23.

Response

Plaintiff alleges he has provide the substance of his claims, however if the court see otherwise, plaintiff request leave to amend *see Chandler v. Illinois Cent. R. Co., 798 N.E.2d 724 (Ill. 2003) "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses." 735 ILCS 5/2-616(a) (West 2000). The section further provides: This court has recognized that a liberal construction of the requirements of section 2-616(b) is necessary "in order to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance." Boatmen's National Bank of Belleville v. Direct Lines, Inc., 167 Ill. 2d 88, 102, 212 Ill. Dec. 267, 656 N.E.2d 1101 (1995); Bryson v. News America Publications, Inc., 174 Ill. 2d 77, 106-07, 220 Ill. Dec. 195, 672 N.E.2d 1207 (1996).*

21. Stewart claims FATIC failed to disclose during the 2011 Refinance that the note and mortgage were purportedly still owned by Freddie Mac. However, there is no allegation that FATIC intended that Stewart rely upon that omission. As alleged by Stewart, the only role FATIC had in connection with the 2011 Refinance was to close the transaction. There is no allegation that in its role as closer, FATIC had a duty to disclose any information to Stewart or that FATIC knew Stewart was relying on FATIC to advise him as who owned the note and mortgage that was being refinanced.

Response

Plaintiff alleges FATIC knew the refinance was a fraud and knew Stewart trusted FATIC. Furthermore, FATIC issued a closing protection letter and title insurance policy number 2150928 for the March 18, 2011 refinance. In addition, FATIC closing agent was responsible for insuring the lien status of the mortgagee was with "Chase" in order to refinance the loan.

22. Stewart has also not alleged that he has suffered any actual damage. To state a claim under the ICFA as a private plaintiff, Stewart must also plead and prove that he suffered actual damages as a result of the defendant's violation of the Act. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639 (7th Cir. 2019). Stewart merely alleges that in connection with the refinance he purchased title insurance that he did not need. However, because Stewart had already purchased the Title Policy in 2007 there was no need to purchase owner's title insurance again in 2011. Accordingly, Stewart has not and cannot allege that he suffered actual damages as a result of FATIC's purported violation of the ICFA.

Response

Plaintiff Stewart is inexperienced in court procedures and law in general, at the time he filed the amended complaint August 6, 2019 he failed to properly articulate his allegations in his count V pleading that include claims for violation of Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505 et, seq. and the Uniform Deceptive Trade Practices Act 815 ILCS 510 et seq. Subsequently the Defendant FATIC has recommended dismissal of the suit for failure to state a claim. After reviewing FATIC motion to dismiss, Stewart has recognized the deficiencies in his pleadings and will move the court for an order to amend count V of the complaint. Plaintiff Stewart finds that it is in the best interest of all parties, the motion be

granted , to better define the causes of action that are presented to the court in his pursuit of justice.   See *Chandler v. Illinois Cent. R. Co., 798 N.E.2d 724 (Ill. 2003)"At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any   party, changing the cause of action or defense or adding new causes of action or defenses." 735 ILCS 5/2-616(a) (West 2000).  The section further provides:  This court has recognized that a liberal construction of the requirements of section 2-616(b) is necessary "in order to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance." Boatmen's National Bank of Belleville v. Direct Lines, Inc., 167 Ill. 2d 88, 102, 212 Ill. Dec. 267, 656 N.E.2d 1101 (1995); Bryson v. News America Publications, Inc., 174 Ill. 2d 77, 106-07, 220 Ill. Dec. 195, 672 N.E.2d 1207 (1996).*

## CONCLUSION

     WHEREFORE, Stewart request that this Court enter an order (1) denying the motion to dismiss counts IV and V of the Third Amended Complaint and allowing plaintiff to amend count V, the motion to follow.

Respectfully

/s/James Stewart
James Stewart
8132 S Harvard
Chicago Illinois 60620
312 217 0492
Cnajames1961@yahoo.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 12 day of February 2021. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing. Plaintiff also has email a copy of this notice to counsel for FATIC.

*ATTORNEYS TO BE NOTICED*

| | |
|---|---|
| Susan J. Miller Overbey<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 North Wabash Avenue, 21 st Floor<br>Chicago Illinois 60611<br>Telephone: 312 840 7000<br>Facsimile : 312 840 7900<br>soverbey@burkelaw.com | Brian R. Merfeld<br>McCalla Raymer Leibert Pierce, LLC<br>Street address: 1 N. Dearborn, Suite1200<br>City/State/Zip: Chicago, IL 60602<br>Bar ID Number: 6280615<br>312-676-7368<br>Email Brian.Merfeld@mccalla.com |
| **Katherine Elisabeth Carlton Robinson**<br>Schuckit & Associates, P.c.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>(317) 363-2400<br>Email: krobinson@schuckitlaw.com,<br>*ATTORNEY TO BE NOTICED* | **Laura K. Rang**<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>317-363-2400<br>Email: lrang@schuckitlaw.com,<br>*ATTORNEY TO BE NOTICED* |
| **Michael Joseph Sreenan**<br>Michael J. Sreenan<br>1341 West Fullerton Avenue, No. 175<br>Chicago, IL 60614<br>(773)549-8700<br>Email: msreenan@sreenanpc.com,<br>*ATTORNEY TO BE NOTICED* | Jamie N. Ward<br>JONES DAY<br>77 West Wacker<br>Chicago, IL 60601.1692<br>Telephone: +1.312.782.3939<br>Facsimile: +1.312.782.8585<br>jamieward@jonesday.com |
| J. Robert Weyreter, Esq. (IN #3540549)<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>Telephone: 317-363-2400<br>Fax: 317-363-2257<br>jweyreter@schuckitlaw.com | |