IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT
NORTHERN DISTRICT COUNTY, ILLINOIS

| | |
|---|---|
| JAMES STEWART, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18 CV 7584 |
| ) | |
| JPMORGAN CHASE BANK N.A., et al. ) | |
| ) | |
|     Defendants. ) | |

**FATIC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT**

Defendant First American Title Insurance Company ("FATIC"), by its attorneys Cohon Raizes & Regal LLP, for its reply in further support of its motion to counts IV and V of the Third Amended Complaint states as follows:

**A. FATIC is Not Obligated to Pay Off Stewart's Mortgage Loan.**

Stewart argues that he has suffered damages because he obtained a loan to purchase a property which he does not own. However, Stewart is the only person claiming that he does not own the Property and Stewart essentially seeks to have FATIC to pay off his mortgage loan while he continues to own, possess, and enjoy the Property for free. That is not the purpose of the Title Policy. The purpose of title insurance is to protect a transferee of real estate from the possibilities of loss through defects which may cloud title. *First Nat. Bank of Northbrook, N.A. v. Stewart Title Guar. Co.*, 279 Ill. App. 3d 188, 192, 664 N.E.2d 310, 312 (Ill. App. 1996). Stewart's mortgage loan and the payments he made on the loan are contractual obligations owed by Stewart to the lender. They are not a loss under the Title Policy.

In any event, there is no allegation that either the Trustee, a beneficiary of the Trust, or successor to the Trust has stepped forward and claimed to be the true owner of the Property.

1

Stewart has not and cannot allege that anyone (besides himself) has challenged his ownership of the Property.

Stewart's assertion that the 40-year statute of limitations does not apply to the Trust because the Trustee had no obligation to make a claim and the Trust has a life of 198 years is contrary to law. Stewart solely relies upon the language in 1974 Deed, which limits the Trustee's personal liability. Such language does not exempt the Trustee or Trust beneficiary from the obligation to file claim to the Property within the 40-year statute of limitations. *See* 735 ILCS 5/13-118 ("No action based upon any claim arising or existing more than 40 years before commencement of such action shall be maintained in any court to recover real estate.")

Stewart's also argues that the 1974 Deed was not listed as an exclusion in schedule B of the Title Policy and thus was not excluded from coverage. Stewart misconstrues FATIC's argument. Even if the 1974 Deed is not expressly identified as an exclusion under Schedule B of the Title Policy, the Title Policy plainly states that FATIC is only obligated *to indemnify Stewart for actual losses suffered from a defect in title*. So even if the 1974 Deed is a defect in title (which it is not), FATIC is only obligated to indemnify Stewart for actual losses caused by the 1974 Deed. Stewart has not and cannot allege that he suffered any loss or damage from the 1974 Deed and the claim for breach of contract should be dismissed with prejudice.

**B. Count V is Barred by the Statute of Limitations.**

Stewart does not deny that the statute of limitations for an action under the IFTA is three years but argues that the cause of action did not accrue until February 21, 2017 when FATIC denied a claim that was submitted by Stewart on December 1, 2016. However, there are no allegations in the Complaint regarding Stewart's submission of a claim in December 2016 or FATIC's alleged denial of such claim in February 21, 2017. In any event, the denial of a claim

2

under the Title Policy cannot be the basis of a claim under the ICFA. The Illinois Supreme Court has held that a "title insurer is not in the business of supplying information when it issues a title commitment or a policy of title insurance," and "[t]he scope of a title insurer's liability is properly defined by contract." *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 341, 843 N.E.2d 327, 336 (2006)(upholding the dismissal of a claim for negligent misrepresentation against title insurance company).

In any event, Stewart here alleges that FATIC violated the IFTA when Stewart refinanced his loan with Chase on March 18, 2011. Stewart alleges that at the time of the refinance that FATIC knew or should have known that "the allege sale of WAMU assets to JPMORGAN CHASE & CO on or about September 25, 2008 did not include Plaintiff note and mortgage" and that "Mr. Stewart note and mortgage was part of FREDDIE MAC insolvency on or about September 6, 2008" and that FATIC concealed that information from Stewart. (Cmplt., ¶132-134). Thus, the alleged omission occurred at the time Stewart refinanced the loan on or about March 28, 2011. Here, the claims against FATIC were filed on September 10, 2019, eight years after the refinance.

There are no allegations in the Complaint to support Stewart's argument that he did not realize his injury until February 21, 2017. Instead, Stewart alleges that the sale of WAMU's assets to Chase occurred in September 2007 and, thus was of public record prior to the 2011 refinance. (Cmplt. ¶29). Stewart, who was the borrower on the WAMU loan, makes no allegation that he could not have known at the time of the 2011 refinance who owned and was servicing the WAMU loan. Based upon the allegations in the Complaint, Stewart, as the borrower under the WAMU loan, was in a better position than FATIC to know who the owned the WAMU loan at the time of the refinance.

3

Stewart also cannot state a claim under Uniform Deceptive Trade Practices Act ("DTPA"). Not only is such a claim barred by the 3-year statute of limitation (815 ILCS 505/10a) but the Complaint does not contain any allegation that would support a claim under the DTPA. The DTPA "was enacted to prohibit unfair competition and was not intended to be a consumer protection statute." *Perdue v. Hy-Vee, Inc.,* 455 F. Supp. 3d 749, 773 (C.D. Ill. 2020), quoting *Chabraja v. Avis Rent A Car Sys.*, Inc., 192 Ill.App.3d 1074, 1079 (Ill App. 1989). Under the DTPA, "a defendant engages in a deceptive trade practice when he disparages the services or business of another by a false or misleading representation of fact. . . For a violation to occur, the defendant must make some form of a communication to the public regarding the victim's services that is false, misleading or deceptive. *Associated Underwriters of Am. Agency, Inc. v. McCarthy*, 356 Ill. App. 3d 1010, 1020–21, 826 N.E.2d 1160, 1169 (Ill App. 2005).

Here, there is no allegation that FATIC was a competitor of Stewart and made a misrepresentation as to the goods or services of Stewart. As a consumer, Stewart may only obtain injunctive relief if he can demonstrate that he is likely to be damaged in the future by FATIC's alleged misleading trade practices. *Perdue,* 455 F. Supp. 3d at 773. Stewart has not made any such allegations. Thus, Stewart has not and cannot state a claim under the DTPA.

C. **Granting Leave to Amend Would be Futile and Cause Undue Delay**

Stewart, admitting that he has not alleged a claim under the IFTA, requests leave to file yet another amended pleading. Leave to amend should be denied because amendment would be futile as Plaintiff cannot correct the deficiencies in his pleading. Although Rule 15(a) provides that leave to amend a complaint shall be freely given. Fed. R. Civ. P. 15(a). There is no mandate that leave to amend be granted in every case. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)(citing *Park v. City of Chicago,* 297 F.3d 606,

612 (7th Cir.2002)). "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed,* undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...." *Id. at* 666 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In *Airborne Beepers & Video, Inc.*, the Seventh Circuit upheld the denial of leave to file a fourth amended complaint, where the plaintiff had failed to correct the deficiencies in the complaint identified by the District Court and plaintiff's poorly drafted complaints had caused substantial delay and prejudice to the defendant. *Id.* at 666-67.

This case has been pending November 15, 2018, and Plaintiff has been granted leave to file an amended pleading on three separate occasions. First, after various other defendants moved to dismiss the original complaint, Stewart requested and was granted leave to file the First Amended Complaint on March 6, 2019. Second, while various motions to dismiss the First Amended Complaint were still pending, Stewart was granted leave to file the Second Amended Complaint to add claims against FATIC on September 10, 2019. Third, after FATIC moved to dismiss Stewart's claim under the Illinois Insurance Code, Stewart sought and was granted leave to file an Amended Count V on January 6. Stewart was thereafter granted leave to file the Third Amended Complaint against all defendants, including the amended claim against FATIC.

Granting Plaintiff leave to file a fourth amended complaint would be futile as Plaintiff cannot correct the deficiencies in his pleading. No amendment can fix the claims for breach of contract in Count IV, because Stewart cannot allege that there is any defect in his title nor that he has suffered any damages as a result of the 1974 Deed. The claims asserted in Count V under the ICFA are barred by the statute of limitations, which is a deficiency that cannot be corrected. Thus, any further amendment would be futile and would only cause substantial delay and undue

prejudice to FATIC. Although "*Pro se* plaintiffs are afforded great deference" a court "is not required to allow them opportunities to amend *ad nauseam* where doing so would be futile." *Regassa v. Sanders*, 2018 WL 4027653, at *4 (S.D. Ill. Aug. 23, 2018), *aff'd sub nom. Regassa v. Cimino*, 763 F. App'x 573 (7th Cir. 2019). If, after multiple opportunities to amend, Plaintiff has not been able to state claim against FATIC and cannot even articulate how the deficiencies in his pleading could be corrected, that any further opportunity to amend his pleading would be futile. The Complaint should be dismissed with prejudice and Stewart's request for leave to amend should be denied.

\*   \*   \*

**FIRST AMERICAN TITLE INSURANCE COMPANY**

By: */s/ Amy E. Daleo*
     One of their Attorneys

J. Michael Williams (mwilliams@cohonraizes.com)
Amy E. Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP (90192)
208 S LaSalle Street, Suite 1440
Chicago, IL 60604
Office: (312) 726-2252
Fax: (312) 726-0609