UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, <br><br> Plaintiff, <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A., *et. al.*, <br><br> Defendants. | No. 18-cv-7584 <br><br> Judge Mary Rowland |

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff James Stewart ("Stewart") filed a Third Amended Complaint ("TAC") asserting a breach of contract claim and an Illinois Consumer Fraud Act ("ICFA") claim, 815 ILCS 505/1 *et seq.*, against First American Title Insurance Company ("FATIC") (Counts IV and V).[1] Defendants MCRP, Experian, Transunion, Chase, and Freddie Mac were dismissed from the case with prejudice pursuant to settlement agreements. (Dkts. 166, 136, 159, 180).

FATIC moves to dismiss Stewart's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. 168). For the reasons stated herein,

---

[1] Stewart says in his response brief (Dkt. 177) that he also alleges a claim under the Deceptive Trade Practices Act ("DTPA") 815 ILCS 510 *et seq.* The TAC references this statute in passing, twice. (Dkt. 126 at ¶¶ 131, 135). The DTPA "was enacted to prohibit unfair competition and was not intended to be a consumer protection statute." *Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 773 (C.D. Ill. 2020) (quoting *Chabraja v. Avis Rent A Car Sys., Inc.*, 192 Ill.App.3d 1074, 1079 (Ill App. 1989)). Under the DTPA, "[f]or a violation to occur, the defendant must make some form of a communication *to the public* regarding the victim's services that is false, misleading or deceptive. *Associated Underwriters of Am. Agency, Inc. v. McCarthy*, 826 N.E.2d 1160, 1169 (Ill App. 2005) (emphasis added). The allegations in the TAC do not support a DTPA claim and any such claim, to the extent Stewart intended to assert one, is dismissed with prejudice.

this motion is granted.[2]

## I. Background

These factual allegations are taken from Stewart's TAC (Dkt. 126) and are accepted as true for purposes of the pending motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

In 2007, Stewart purchased a home using a mortgage obtained from Washington Mutual Bank ("WaMu"). He bought owner's title insurance from FATIC. He purchased the property from Lena M. Hurt, as guardian of the estate of Eddie Griffin. In 2019, Stewart learned that 33 years before he purchased the property, on June 27, 1974, title to his property had been placed in an express trust by Griffin. (Dkt. 126 at ¶ 61). It is not disputed that on that date a deed transferred the property's title from Griffin to Cosmopolitan National Bank of Chicago, as Trustee under the provisions of a Trust Agreement dated June 20, 1974. (Dkt. 96 at 11).[3] So when Stewart "purchase[d] the property from Lena M. Hurt, the guardian of the estate of Eddie L. Griffin" the transfer was defective. (Dkt. 126 at ¶ 61). According to Stewart, the trust's control of the title meant that Griffin's estate could not sell the home to him in 2007. After learning this information in 2019, Stewart filed a claim with FATIC

---

[2] The Court has subject matter jurisdiction over this case. FATIC is a corporation incorporated in the state of Nebraska, (Dkt. 126 at ¶¶ 119, 124), and headquartered in California. *See Wheaton Theatre, LLC v. First Am. Title Ins. Co.*, 354 F. Supp. 3d 904, 905–06 (N.D. Ill. 2018) ("First American is a Nebraska insurance company with its principal place of business in California."). Stewart is a citizen of Illinois. The amount in controversy is more than $75,000.00.

[3] Deed attached as exhibit to Stewart's Second Amended Complaint. (Dkt. 96 at 11). The Court may take judicial notice of documents in the public record without converting a motion to dismiss to a motion for summary judgment. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 493 (7th Cir. 2011).

based on defective title. FATIC denied Stewart's claim on June 20, 2019 because Stewart was unable to establish any loss. (Dkt. 126 at ¶ 62).

In the meantime, after Stewart's closing in 2007, WaMu sold the note securing Stewart's mortgage to Freddie Mac. During the 2008 financial crisis, the Federal Deposit Insurance Corporation ("FDIC") was named receiver of WaMu's assets and those assets were sold to Chase bank. Stewart believed Chase owned the note securing his mortgage, although, according to Stewart, the note remained in the hands of Freddie Mac.

In 2011, Chase refinanced Stewart's mortgage. Stewart alleges this was a ploy allowing Chase to obtain a security interest in a mortgage that was already secured by the Freddie Mac. Stewart alleges that FATIC was involved in the 2011 refinancing and "had to know the refinance with [Chase] was deceptive". (Dkt. 126 at ¶ 37). He alleges FATIC "did not sign the Mortgage Release" because it knew the refinance was improper. *Id.* ("since [FATIC] close the allege refinance loan that would have been normal [*sic*]"). Stewart alleges that FATIC did not disclose that the mortgage was owned by Freddie Mac rather than Chase so that it could "get plaintiff to purchase title insurance he did not need." (*Id.* at ¶ 132).

Stewart made mortgage payments to Chase through 2016. Throughout 2017 and 2018, Stewart attempted to communicate with Chase about the status of the mortgage. Sometime after January 5, 2017, Stewart received a dunning letter seeking

3

to collect unpaid mortgage payments.[4] Ultimately Chase filed foreclosure complaints against Stewart.

## II. Standard

In ruling on a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded facts in the Plaintiff's complaint and must "construe the complaint in the 'light most favorable to the' plaintiff." *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (quoting *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016)). However, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## III. Analysis

### A. Breach of Contract

Stewart's breach of contract claim is premised on the allegation that the previous owner of Stewart's home, Eddie Griffin, put the home into a trust in 1974, long before it was sold to Stewart by Griffin's estate in 2007. (Dkt. 96 at 11). Stewart claims that

---

[4] The TAC does not indicate when Stewart stopped making mortgage payments.

he has "paid $242,274.35 for a property still owned by [the 1974 trust] and that [he] can make payments for 192 years [the remaining duration of the trust, according to the 1974 deed] and still would not own the property pursuant to the Express Trust agreement."

FATC argues that Stewart fails to state a cause of action for breach of contract because he cannot assert any loss. The title insurance policy Stewart purchased provides:

> Subject to the exclusions from coverage … [FATIC] insures, as of the Date of Policy [. . .] against *loss or damages*, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:
>
> 1. Title to the estate or interest describe in Schedule A being vested other than as stated therein;
> 2. Any defect in or lien or encumbrance on the title;
> 3. Unmarketability of the title;
> 4. Lack of a right of access to and from the land.

(Dkt. 96 at 4) (emphasis added). If Griffin's trust or its beneficiaries came to Stewart demanding title to his home, Stewart would likely have a claim. But that has not happened. No demand has been made, and no demand could be made since it would be barred by the Illinois adverse possession statute. 735 ILCS 5/13-109 ("every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who for 7 successive years continues in such possession, and also, during such time, pays all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of such lands or tenements, to the extent and according to the purport of his or her paper title")

5

In 2019, when he made the claim under his title insurance, Stewart had been in possession of his home for twelve (12) years, since 2007. The property had been in trust with Cosmopolitan National Bank as trustee for forty-five (45) years. Stewart does not allege that any entity or person has made a claim to the property because of this latent defect in his title. He asserts that FATIC should reimburse him his mortgage payments. There is no basis in breach of contract law for that assertion. According to the terms of title insurance contract, FATIC is not required to provide coverage unless Stewart suffers a loss. He has not alleged one. Count IV is dismissed with prejudice.

### B. ICFA

Stewart next asserts that FATIC violated the ICFA because it knew or should have known that the 2011 refinance of his mortgage was a fraud. (*Id*. at ¶ 133). In the TAC, Stewart alleges that FATIC failed to warn him in 2011 that he was refinancing his mortgage with a bank that did not actually own the note securing that mortgage. That claim is foreclosed by the status of limitations.

The status of limitations for an Illinois Consumer Fraud Act claim is 3 years. 815 ILCS 505/10a(e). Assuming FATIC was involved in Stewart's 2011 refinance, the three-year statute of limitations ran in 2014. That is well before Stewart filed this suit. Stewart argues that his injury did not accrue until FATIC denied his title insurance policy claim in 2019, but this is unpersuasive. (Dkt. 177 at 12). Stewart's claim that FATIC breached its contract in 2019 does not restart the statute of

6

limitations clock for purposes of Stewart's 2011 ICFA claim. Stewart's ICFA claim is dismissed with prejudice.

## IV. CONCLUSION

FATIC's motion to dismiss (Dkt. 168) is granted. Counts IV and V are dismissed with prejudice. Judgment shall be entered in favor of Defendant FATIC. Civil case terminated.

E N T E R:

Dated: July 26, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge