IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART<br><br>*Plaintiff*,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., *et. al.*,<br><br>*Defendants*. | Case No. 18-cv-7584<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION & ORDER**

This case arises out of a foreclosure action. For purposes of the present motion, Plaintiff James Stewart filed suit against the title company for a 2011 refinance on his property, First American Title Insurance Company (FATIC), alleging breach of contract and violation of the Illinois Consumer Fraud Act. Before the Court is Plaintiff's motion to reconsider [187] the Court's ruling dismissing the case against FATIC. For the reasons that follow, Stewart's motion to reconsider is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

A more detailed account of the facts can be found in this Court's previous opinions issued on July 26, 2021. *Stewart v. JP Morgan Chase Bank, N.A., et al.*, 2021 WL 3142042 (N.D. Ill. July 26, 2021). To recap briefly, Stewart brought his suit against First American Title Insurance Company ("FATIC") for breach of contract

1

and the Illinois Consumer Fraud Act ("ICFA").[1] *Id.* at *1. Stewart's claims against FATIC centered around a home mortgage he originally obtained in 2007 from Washington Mutual Bank. At that time, he also bought owner's title insurance from FATIC. Thirty-three years before he bought the home, title to the property was placed in an express trust, ultimately making Stewart's title of the home defective. *Id.* Stewart did not learn of this information until 2019. At that time, he filed a claim with FATIC based on defective title, and FATIC denied the claim because Stewart was unable to establish any loss. *Id.*

At some point after Stewart closed on the 2007 loan, Washington Mutual sold the loan to Freddie Mac. During the 2008 financial crisis, Stewart's loan was sold to JP Morgan Chase. *Id.* In 2011, prior to learning of the defective title, Stewart refinanced his mortgage. *Id.* at *2. Stewart alleges that FATIC was involved in the 2011 refinancing and "had to know the refinance with [Chase] was deceptive." Dkt. 126 at ¶ 37. He alleges FATIC "did not sign the Mortgage Release" because it knew the refinance was improper. *Id.* ("[S]ince [FATIC] close[d] the allege refinance loan that would have been normal [*sic*]"). Stewart alleges that FATIC did not disclose that the mortgage was owned by Freddie Mac rather than Chase so that it could "get plaintiff to purchase title insurance he did not need." (*Id.* at ¶ 132).

---

[1] The original suit also named MCRP, Experian, Transunion, Chase, and Freddie Mac as Defendants. Those defendants were dismissed from the case with prejudice pursuant to settlement agreements. *Stewart,* 2021 WL 3142042 at *1. The court addressed motions to dismiss as to Freddie Mac and MRLP at *Stewart v. JP Morgan Chase Bank, N.A.,* No. 18 C 7584, 2020 WL 444248, at *1 (N.D. Ill. Jan. 28, 2020); *Stewart v. JP Morgan Chase Bank, N.A.,* No. 18 C 7584, 2020 WL 433888, at *6 (N.D. Ill. Jan. 28, 2020).

2

Stewart made mortgage payments to Chase through 2016. When Stewart attempted to communicate with Chase about the status of the mortgage in 2017 and 2018, Chase filed foreclosure complaints against Stewart. *Id.*

On July 26, 2021, the Court granted FATIC's motion to dismiss for both the breach of contract and ICFA claims. *Id.* at *3 – 4. The Court found that Stewart failed to state a breach of contract claim because Stewart could not state he suffered any damages. The Court also found that the ICFA claim was barred by statute of limitations. *Id.* at 3. Stewart now brings a motion to reconsider or amend judgment. [187]

## **LEGAL STANDARDS**

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.,*

3

*Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). It is well-established that motions for reconsideration "serve a limited function." *Id.* at 1269. The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015).

## ANALYSIS

Stewart argues that reconsideration is warranted on both the breach of contract and ICFA claims.[2] Specifically, Stewart contends that "whether FATIC is liable for breach of title policy is a merits issue" which should not be determined on a motion to dismiss. Dkt. 187 at 5. Further, he alleges this Court erred when in dismissing the ICFA claim under the guise that it was barred statute of limitations, but without any case law to support its decision. *Id.* at 9. This Court addresses each argument in turn.

### A. Breach of Contract

Stewart claims this Court inappropriately cited case law that was not applicable to breach of contract claims and decided issues that should be reserved for a factfinder. Dkt. 187 at 2. Notably, the cases Stewart takes issue with are those cited by the Court in describing the standard to be applied when considering motions to dismiss, generally. *Id.* at 2 citing *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875,

---

[2] Stewart moves for relief from judgment under F. R. Civ. P. 60(b)(c) and 59(e). The Court assumes Stewart meant to cite F. R. Civ. P. 60(b)(1) or (b)(6). In any event the Court notes that Rule 60(b) is an even more stringent standard than Rule 59(e) and requires "exceptional circumstance[s]." *Wade v. Trustees of Indiana Univ.*, 804 F. App'x 410, 411 (7th Cir. 2020), cert. denied, 141 S. Ct. 1120, 208 L. Ed. 2d 560 (2021). The Court's conclusions are the same under either Rule.

877 (7th Cir. 2017) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). While Stewart is correct that these cases do not concern breach of contract claims, they do address the standard courts apply to analyze motions to dismiss. This is not a reason to grant reconsideration.

Stewart claims that the 33-year-old defect in his title should have warranted recovery through his Title insurance based on future speculative damages:

> While the possessory interest of Stewart is not being disturbed at this time, other incidents of ownership are seriously affected. The merchantability of the real estate is impaired by reason of the clouded title. In the event of a subsequent sale by Stewart, the amount realized at a minimum is the face amount of the policy $150,000 must be adjusted in order to satisfy the Express Trust that existed when the property was purchased and that's if in fact the property can be sold by Stewart now that the defect has been discovered.

Dkt. 187 at 3. This is a rehash of arguments the Court previously considered.

The contract between Stewart and FATIC is clear that the insurance only protected against *loss* or *damages. Stewart,* 2021 WL 3142042 at *2. In addition, in Illinois, the elements of a breach of contract claim are "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all the required conditions, (5) breach, and (6) *damages.*" *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC,* 364 Ill.App.3d 6, 14 (1st Dist. 2006) (emphasis added).

Stewart claims FATIC should reimburse him for all of his mortgage payments or the face value of the policy. (Dkt. 187 at 6). Both the contract at issue here and Illinois law are clear that to state a breach of contract, Stewart must be able to plead a loss or damage. He has not done so.

5

The contract does not cover future or possible damages or loss. Stewart has not stated a plausible breach of contract claim. The Court declines to further reconsider its finding on the breach of contract claim.

### B. Illinois Consumer Fraud Act

Stewart agrees the statute of limitations for an action under ICFA is three years and FATIC's alleged fraud occurred during his 2011 refinance. In its original opinion, the Court concluded that the statute of limitations had run since Stewart had not filed suit until 2018, joining FATIC in 2019. 2021 WL 3142042 at *3.

Stewart argued that the "discovery rule" applies, meaning the statute of limitations did not begin until his title insurance claim was denied by FATIC in 2019.[3] *See* Dkt. 177 at 12; Stewart is correct that courts have applied the discovery rule to ICFA claims. *See Tammerello v. Ameriquest Mortg. Co.*, 05-CV-0466, 2006 WL 2860936 (N.D. Ill. Sept. 29, 2006) ("A claim brought under ICFA accrues "when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused."). The court rejected Stewart's argument that the rejection of his insurance claim in 2019 could restart the ICFA claim, although gave little reasoning. *Stewart,* 2021 WL 3142042 at *3.

Because the Court's July 2021 opinion resolved the ICFA claim on statute of limitations grounds, it did not address the other arguments for dismissal. The Court addresses them now. To state a claim under ICFA, a plaintiff must plead (1) a

---

[3] Stewart's Third Amended Complaint and FATIC's motion to dismiss states his claim was denied in 2019. (Dkt. 126 at 15); Stewart's current motion claims his claim was denied in 2017. (Dkt. 187 at 11). This confusion is not relevant for statute of limitations purposes since he filed against FATIC on August 8, 2019. (Dkt. 97).

6

deceptive act or practice by the defendant; (2) defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of trade or commerce and; (4) the consumer fraud proximately caused the plaintiff's injury. *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, 998 N.E.2d 1281.[4]

As FATIC argued in its motion (Dkt. 168), Stewart's Third Amended Complaint failed to allege that (a) FATIC intended for Stewart to rely on any alleged deception (it appears the deception during the 2011 closing was that Freddie Mac still owned the loan), or (b) the deception caused Stewart any injury. In response to FATIC's motion to dismiss, Stewart conceded his FATIC claim was deficient and requested leave to file an amended complaint. Dkt. 177 at 14. ("Stewart has recognized the deficiencies in his pleadings and will move the court for an order to amend count V of the complaint.")

The Court dismissed the ICFA claim with prejudice. Even in the current pleading, Stewart does not present any information or allegations that address the deficiencies with the ICFA claim. Stewart has filed four complaints in this case. (Dkts. 1, 48, 97, 126). Two of those contained substantive allegations against FATIC.[5] (Dkt. 97 at ¶¶ 39, 60(a)-(e) and Dkt. 126 at ¶¶ 37, 61-64). The Court finds no basis to allow for further amendment. "Leave to amend should be freely given, but district courts have broad discretion to deny it where...the amendment would be futile."

---

[4] Given the allegations against FATIC, the heightened pleading standard contained in FRCP 9(b) applies. *See Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 704 (N.D. Ill. 2020) ("Rule 9(b) applies to claims under the ICFA when the plaintiff alleges deceptive conduct") (citations omitted). Stewart's assertion that "FATIC knew the refinance was a fraud" does not meet this heightened standard. *See e.g.* Dkt. 177 at 14.

[5] Stewart's first amended complaint named FATIC but did not name FATIC in a Count. (Dkt. 48 at ¶ 39).

*Jackson v. Bloomfield Police Dep't*, 764 F. App'x 557, 558 (7th Cir. 2019) (cleaned up). "Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018). "To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing." *Id.*

For these reasons, the Court declines to reconsider its decision to dismiss the allegation against FATIC that it violated ICFA during Stewart's 2011 refinance.

## **CONCLUSION**

For the stated reasons, Stewart's motion to reconsider [187] is denied. Case remains closed.

E N T E R:

Dated: February 1, 2022

MARY M. ROWLAND
United States District Judge