

**FILED**
3/3/2022 AK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEWART, JAMES

Plaintiff                                              CASE# CASE# 1:18-cv-07584

-v-                                                          Judge Mary Rowland

JPMorgan Chase & Co /d/b/a
JPMorgan Chase Bank N.A;
JPMORGAN CHASE BANK
 NATIONAL ASSOCIATION

MC CALLA RAYMER
PIERCE.LLC (MRLP);

FEDERAL HOME LOAN MORTGAGE
CORPORATION (FREDDIE MAC)

EXPERIAN INFORMATION SOLUTIONS INC

TRANSUNION

FIRST AMERICAN TITLE INSURANCE
COMPANY (FATIC)

Defendants

<u>FOURTH AMENDED COMPLAINT</u>

1.      This is an action for violations of the FAIR DEBT COLLECTION PATICES ACT

        (FDCPA)15 U.S.C 1692 et seq, FAIR CREDIT REPORTING ACT (FCRA)15 U.S.C.

        1681 et seq, and breach of contract and supplemental pendent state law claims.

JURISDICTION / VENUE

2.  Jurisdiction of this court arises under FDCPA 15 U.S.C. 1692k(d), FCRA 15 U.S.C. 1681p, 28 U.S.C. 1331, and 1332 (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states.

3.  Venue is proper pursuant to 28 U.S.C 1391b(2) and 28 U.S.C.1391d and Mr. Stewart resides in Cook County Illinois, which is in the NORTHERN DISTRICT COURT OF ILLINOIS for the EASTERN DIVISION and the defendants regularly conducts business in this District.  This Court has supplemental subject matter jurisdiction over pendent state law claims under 28 U.S.C. 1367.

PARTIES

4.  Mr. Stewart is a natural person and at all times relevant, a Citizen of the State of Illinois in the County of Cook.

5.  Mr. Stewart is a consumer pursuant to the FDCPA 15 U.S.C. 1692a(3), and pursuant to FCRA 15 U.S.C. 1681a(c)

6.  Plaintiff's consumer debt obligation, or alleged obligation, owed or due, or asserted to be owed or due were incurred primarily for personal, family, or household purposes pursuant to 15 U.S.C. 1692a (5)

7.      Upon information and belief JPMORGAN CHASE & CO located at 383 Madison Avenue New York, New York 10179 is the holding company for JPMORGAN CHASE BANK NATIONAL ASSOCIATION located at 1111 Polaris Parkway Columbus Ohio 43240, and JPMorgan Chase Bank N.A. located at 383 Madison    Avenue New York, New York 10179 are all Foreign Corporations    that can be served at C T Corporation System 208 S LaSalle St Suite 814 Chicago Illinois 60604.


8.      Upon information and belief JPMorgan Chase Bank N.A. is a debt collector as defined pursuant to the FDCPA 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to  the extent that he receives an assignment or transfer of a debt in default solely for the   purpose of facilitating collection of such debt for another.


9.      JPMorgan Chase Bank N.A.is a person pursuant to 15 U.S.C. 1681a(b) the term "person" means any individual, partnership, corporation, trust, estate, cooperative, association,      government or governmental subdivision or agency, or other entity.


10.      Upon information and belief JPMorgan Chase Bank N.A. is a financial institution pursuant to 15 U.S.C. 1681a(t).  The term "financial institution" means a State or National      bank, a State or Federal savings and loan association, a mutual savings bank, a State or      Federal credit  union, or any other person that, directly or indirectly, holds a transaction      account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

11.    Upon information and belief JPMORGAN CHASE BANK NATIONAL ASSOCIATION
       is a debt collector as that term is defined under the FDCPA 1692a(6).  The term "debt
       collector" means any person who uses any instrumentality of interstate commerce or the
       mails in any business the principal purpose of which is the collection of any debts.

12.    Upon information and belief JPMORGAN CHASE BANK NATIONAL ASSOCIATION
       is a person pursuant to 15 U.S.C. 1681a(b).

13.    Upon information and belief MCCALLA RAYMER LEIBERT PIERCE LLC is a
       foreign Limited Liability Company from the State of Georgia 1544 Old Alabama Road
       Roswell GA 30076 who can be served through its agent Lee Perres 1 North Dearborn St
       Suit 1200 Chicago Il 60602.  See exhibit 1

14.    Upon information and belief  MC CALLA RAYMER PIERCE.LLC is a debt collector as
       that term is defined under FDCPA 15 U.S.C. 1692a (6) The term "debt collector" means
       any person who uses any instrumentality of interstate commerce or the mails in any
       business the principal purpose of which is the collection of any debts.

15.    Upon information and belief MCCALLA RAYMER LEIBERT PIERCE LLC is a person
       pursuant to 15 U.S.C. 1681a(b).

16. ~~Upon information and belief CODILIS & ASSOCIATES P.C. is a Domestic Corporation located at 15W030 North Frontage Road, Suite 100 Burr Ridge Il 60527. CODILIS agent is Michael H Lurie located at 30 N LaSalle Street Suite 2040.~~

17. ~~Upon information and belief CODILIS & ASSOCIATES P.C. is a debt collector as that term is defined under FDCPA 15 U.S.C. 1692a (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.~~

18. ~~Upon information and belief CODILIS & ASSOCIATES P.C. is a person pursuant to 15 U.S.C. 1681a(b).~~

19. Upon information and belief FREDDIE MAC is the allege owner of the security instrument (account #659633361), and is a debt collector as defined under FDCPA 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

20. Upon information and belief FREDDIE MAC is a person pursuant to 15 U.S.C. 1681a(b).

21. Upon information and belief FREDDIE MAC is a financial institution pursuant to 15 U.S.C. 1681a(t). The term "financial institution" means a State or National bank, a State

or Federal savings and loan association, a mutual savings bank, a State or Federal credit

union, or any other person that, directly or indirectly, holds a transaction account (as

defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

22. Upon information and belief FREDDIE MAC is a Government Sponsored Enterprise

(GSE)  corporation who can be served through its General Counsel at 8200 Jones Branch

Drive McLean VA 22101

23. Upon information and belief EXPERIAN INFORMATION SOLUTIONS INC

(EXPERIAN) is a Foreign Corporation of Ohio who agent is C T Corporation System

208 South LaSalle Suite 814 Chicago Illinois 60604.  See exhibit 1

24. Upon information and belief EXPERIAN is a person pursuant to 15 U.S.C. 1681a(b).

25. Upon information and belief EXPERIAN is a consumer reporting agency pursuant to 15 U.S.C.

1681a(f).

26. Upon information and belief TRANSUNION is a Foreign Corporation of Delaware who

agent is ILLINOIS CORPORATION SERVICE C 801 Adlai Stevenson Drive

Springfield Illinois 62703.  See exhibit 1

27. Upon information and belief TRANSUNION is a person pursuant to 15 U.S.C. 1681a(b)

28. Upon information and belief TRANSUNION is a consumer reporting agency pursuant to 15 U.S.C. 1681a(f).

29. Upon information and belief FIRST AMERICAN TITLE INSURANCE COMPANY is a Foreign Title Insurance Corporation of the State of Nebraska whose agent is ILLINOIS CORPORATION SERVICE C 801 Adlai Stevenson Drive Springfield Illinois 62703.

29(a) Upon information and belief FATIC insures consumers from defects of property titles.

FACTUAL ALLEGATIONS

30. On or about September 12, 2007 Mr. Stewart purchase his first home using a note and mortgage through Washington Mutual Bank FA(WAMU) with payment due in full by October 01, 2037.

31. Mr. Stewart alleges, on or about September 12, 2007 WAMU sold the security instrument to FREDDIE MAC (account, #474905401) who securitized the note into a pooled securitized trust. *See* http://www.freddiemac.com/mbs/docs/pcagreement_123107.pdf for 2007 and http://www.freddiemac.com/mbs/docs/pcagreement_062011.pdf for 2011

32. On September 6, 2008, the Director of the Federal Housing Finance Agency (FHFA) appointed FHFA as Conservator of FREDDIE MAC.

*See* https://www.fhfa.gov/Conservatorship/pages/history-of-fannie-mae--freddie-conservatorships.aspx

33.     On or about September 25, 2008 the Federal Office of Thrift Management closed

        WAMU and appointed the Federal Deposit Insurance Corporation (FDIC) as

        receiver for its holdings. That same day, the FDIC, allegedly acting as WAMU's

        receiver, sold virtually all of WAMU assets to JPMORGAN CHASE & CO.

34.     Mr. Stewart alleges on or about September 25, 2008 at the time the FDIC allegedly sold

        the assets of WAMA, Mr. Stewart security instrument was already sold to FREDDIE

        MAC who securitized the security before WAMA was closed making  FREDDIE MAC

        seemingly the trustee of the pooled security instruments.

35.     On or about March 18, 2011 Defendant JPMorgan Chase Bank N.A. allegedly

        refinances the note and mortgage (account # 1584182139).

36.     Mr. Stewart alleges JPMorgan Chase Bank N.A. was deceptive in allegedly refinancing

        his loan when JPMorgan Chase Bank N.A. know or should have known Mr.

        Stewart note was in a trust and that WAMU could not own the note

37.     Looking back Mr. Stewart remember thinking why JPMorgan Chase Bank N.A. was so

        insisted to refinance and now it's clear, to get Mr. Stewart in a new contract because if

        not JPMorgan Chase Bank N.A. would have a hard time proving any connection to the

        note that was already in a trust.

38.     Mr. Stewart also alleges FREDDIE MAC had to know Mr. Stewart note was in the trust

        and therefore was deceptive also by allowing chase to sell the refinance note to

        FREDDIE MAC knowing the WAMU note was still in the trust.

39.     Mr. Stewart also alleges FIRST AMERICAN TITLE INSURANCE (FIRST) had to know the refinance with JPMorgan Chase Bank N.A. was deceptive and should not have been involved with the refinance, which is why Mr. Stewart believes FIRST did not sign the Mortgage Release since FIRST close the allege refinance loan that would have been normal.

40.     Also On or about July 1, 2016 Mr. Stewart notice on a billing statement the wording "Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged.  Any payment you make on the account is voluntary, but we may still have rights under the security instrument." See exhibit 2

41.     On or about July 1, 2016 thru August 31, 2016 Mr. Stewart call Jeremia Calycay employee of Chase and May Garcia employee of Chase and another employee of Chase who Mr. Stewart did not get the name of and ask "what is my balance" and was told zero three different times.

42.     On or about November 28, 2016 Mr. Stewart sent communication that requested to schedule a meeting with Chase to physically examine, verify and confirm records relating to the allege debt.  See exhibit 3

43.     On or about December 5, 2016 Chase sent communication that they received Mr. Stewart letter but did not set up a time for Mr. Stewart to come in and discuss his concerns. See exhibit 4

44.     On or about January 4, 2017 Mr. Stewart disputed the allege JPMorgan Chase Bank N.A. account with TransUnion, then disputed on or about February 21, 2017 with Experian, then again on or about November 21, 2017 with TransUnion, Experian, and      Equifax. See exhibit 5

45.     Mr. Stewart received from MCRP a dunning letter dated January 5, 2017, (See exhibit 6) Stating FREDDIE MAC is the creditor of his note, surprising Mr. Stewart because he thought his allege creditor was JPMorgan Chase Bank N.A. and so Mr. Stewart sent a dispute letter to the credit reporting agencies disputing the Chase MTG account because the allege current Creditor is FREDDIE MAC but then JPMORGAN CHASE BANK NATIONAL ASSOCIATION  through McCALLA RAYMER PIERCE LLC sent another  letter on or about April 3, 2018 (See exhibit 7) stating the Creditor is JPMorgan Chase Bank N.A.

46.     Mr. Stewart disputed the JPMorgan Chase Bank N.A. (Chase MTG).account as listed on his consumer report, the status of the account, and the amount of the account as allege upon Equifax, Experian, and Transunion after receiving very confusing information from a number of entities.

47. Mr. Stewart disputed the account FREDDIE MAC 659633361 on 10/30/2018 (See exhibit 8) because FREDDIE MAC as allege by MCRP and FREDDIE MAC own web site, allege to be the creditor not Chase MTG as being reported on Mr. Stewart consumer report FREDDIE MAC did not respond.

48. Mr. Stewart disputed the FREDDIE MAC account directly with Equifax, Experian, and Transunion October 30, 2018. Equifax stated "the information is not currently reporting on the Equifax file", Experian stated "the information you disputed has been verified as accurate", and Transunion stated "after reviewing your dispute request, we found the information you disputed does not currently appear on your Transunion credit report." See exhibit 8

49. On or about January 16, 2017 Mr. Stewart sent a Qualified Written Request (QWR) and a notice of dispute to JPMORGAN CHASE BANK NATIONAL ASSOCIATION (See exhibit 9). On or about February 12, 2017 Chase sent communication they received the dispute and QWR but failed to provide information requested dated January 16, 2017. Mr. Stewart sent another QWR on or about March 6, 2017, May 18, 2017, and November 17, 2017 and each time JPMORGAN CHASE BANK NATIONAL ASSOCIATION failed to provide information requested.

50. On or about January 17, 2017 Mr. Stewart sent a notice of dispute and QWR to McCalla Raymer Pierce. On or about February 2, 2017 Mark Johnson from Mccalla Raymer Pierce advised Mr. Stewart they can't respond to the QWR. Mr. Stewart sent notice of dispute on or about July 17, 2017, December 6, 2017, June 22, 2018 and another QWR

on or about November 17, 2017. McCalla Raymer failed to validate the allege debt and continue to attempt to collect. See exhibit 10

51.     On or about February 15, 2017 Mr. Stewart received response from TransUnion that failed to notice the account is disputed and continue to report the account without stating the account is disputed, then on or about March 1, 2017 Mr. Stewart received response from Experian that fail to notice the account is disputed and continue to report the  account without stating the account is disputed. (See exhibit 11)  Transunion knows or should know that when a consumer dispute a credit line, that idea should be noted as disputed.  Experian use wording that makes it unclear the item is disputed "This item was updated from our processing of your dispute in Feb 2017" and by doing so fail to notice the item is in dispute.

52.     On or about February 15, 2017, February 24, 2017, March 24, 2017, June 2, 2017, January 18, 2018, and May 15, 2018 JPMORGAN CHASE BANK NATIONAL ASSOCIATION sent communication stating FREDDIE MAC is the investor/owner of the loan.  Yet MRLP is stating in a document dated April 3, 2018 that JPMorgan Chase Bank N.A. is the Original Creditor, the Present Creditor, and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION is the servicer, to top it off Counsel for JPMORGAN CHASE NATIONAL ASSOCIATION says JPMORGAN CHASE NATIONAL ASSOCIATION and JPMorgan Chase Bank N.A. is the same, Mr. Stewart is not sure what is the truth after all this information, Mr. Stewart can only wonder that the Defendants are being deceptive, however common sense would say if the two are the same why you need two names for the same thing. See exhibit 12

53.     On or about February 12, 2017, July 21, 2017, April 14, 2018, May 4, 2018, and June 11, 2018 , March 5, 2019 FREDDIE MAC own website states FREDDIE MAC is the owner of the note and mortgage. See exhibit 13

54.     On or about April 15, 2018 members of MERS claim some interest in the security instrument by First Midwest Bank dated January 5, 2018, Crosscountry Mortgage dated May 22, 2017, Guaranteed Rate dated December 22, 2017 and Carrington Mortgage Services dated December 8, 2010. See exhibit 14

55.     On or about June 7, 2017, November 3, 2017, and March 11, 2018 JPMORGAN CHASE BANK NATIONAL ASSOCIATION  thru   their attorneys Shaun Callahan, Courtnia A. Revis and Jorie Johnson respectively filed suit to foreclosure stating JPMORGAN CHASE BANK N.A. is the owner of the Note and Mortgage. Knowing or should have known FREDDIE MAC is the allege owner of the note and mortgage and  FREDDIEMAC has not assign the allege note and mortgage to JPMORGAN CHASE BANK N.A nor JPMORGAN CHASE BANK NATIONAL ASSOCIATION See exhibit 15 and FREDDIE MAC PC AGREEMENT  http://www.freddiemac.com/mbs/docs/pcagreement_123107.pdf

56.     Mr. Stewart dispute the allege debt December 6, 2017 for the foreclosure filed November 3, 2017.  MCRP fail to validate the allege debt, to wit, the chain of title to the debt and a history of charges and payments thereon and continue to attempt to collect.  See exhibit 16

57.    Mr. Stewart dispute the allege debt June 22, 2018 for the foreclosure filed May 11, 2018.

MCRP fail to validate the allege debt, to wit, the chain of title to the debt and a history of

charges and payments thereon and continue to attempt to collect.  See exhibit 16

58.    On or about June 5, 2018 Matthew Naglewski d/b/a/ CODILIS sent notice of a law suit

for foreclosure with a case management conference to be held on 7/11/18

59.    Mr. Stewart on or about June 22, 2018 sent a notice of dispute and a request for debt

validation to Matthew Naglewski d/b/a/ CODILIS and as of today's date has not respond

to the dispute nor the request for validation but has continue to attempt to collect.

60.    Mr. Stewart on or about October 31, 2018 sent a letter of dispute to FREDDIE MAC and  the

three major Consumer Reporting Agencies Equifax, Experian, and TransUnion. See exhibit 16.

60(a)   On October 18, 2007 Plaintiff James Stewart contracted with FATIC to insure the title from

defects.

60(b)   On or about March 7, 2019 Plaintiff became aware of the title being place in an express trust

and that at the time Plaintiff purchase the property from Lena M Hurt, the guardian of the estate

of Eddie L Griffin the property did not belong to Eddie L Griffin and therefore cause the

transfer to be defective.

60(c)   On or about June 20, 2019 FATIC denied coverage for the claim, stating I have not loss anything.

60(d)   On or about June 21, 2019 Plaintiff sent a notice of intent to sue and stating losses Plaintiff has sustain to date.

60(e)   On or about June 21, 2019 FATIC sent notice it's closing the claim.

61.     Mr. Stewart contends that the illegal actions of Defendants has caused mental anguish, humiliation, emotional distress, and the denial of credit as the result of Defendants deceptive  willful and negligent noncompliance with the FDCPA and FCRA consumer protection Acts.  See exhibit 17.

## COUNT I

## VIOLATION OF THE FDCPA BY

## JPMORGAN CHASE BANK N.A., JPMORGAN CHASE BANK NATIONAL ASSOCIATION, FREDDIE MAC, MCRP and CODILIS

62.     Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force and effect as if herein set forth.

63.     Mr. Stewart is a consumer pursuant to 15 U.S.C. 1692a (3) means any natural person obligated or allegedly obligated to pay any debt.

64.     Pursuant to 15 U.S.C. 1692a(5)   The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

65.     Mr. Stewart alleges FREDDIE MAC acted as a debt collector pursuant to 15 U.S.C. 1692 (4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

66.     Mr. Stewart received from MCRP a dunning letter dated January 5, 2017, stating FREDDIE MAC is the creditor, surprising Mr. Stewart because he thought the allege creditor was JPMorgan Chase Bank N.A.

67.     After the January 5, 2017 letter Mr. Stewart received, another document from MCRP dated April 3, 2018 stating JPMorgan Chase Bank N.A is the Original Creditor and the Present Creditor and that the Servicer is JPMORGAN CHASE BANK NATIONAL ASSOCIATION making FREDDIE MAC a debt collector alleging to transfer an allege debt while in default to JPMorgan Chase Bank, N.A for the purpose to facilitate an activity in the connection with the collection of a debt or in an attempt to collect a debt for another.

68.     Mr. Stewart alleges after the April 3, 2018 letter from MCRP, FREDDIE MAC became a debt

collector and violated the FDCPA by continuing to attempt to collect an allege debt after Mr.

Stewart disputed the trade line to the three major consumer reporting agencies in violation of

15 U.S.C. 1692e(8) that states

> (8) Communicating or threatening to communicate to any person credit
> information which is known or which should be known to be false, including the
> failure to communicate that a disputed debt is disputed.

69.     Mr. Stewart alleges FREDDIE MAC did not respond to his dispute letter dated October

30, 2018 but allowed negative information to be reported to the consumer reporting

agencies and allowed the allege debt to be reported without notice the debt is disputed

violating 15 U.S.C. 1692e(8).


70.     Mr. Stewart alleges JPMorgan Chase Bank N.A. acted as a debt collector pursuant

to 15 U.S.C. 1692a (4)

> (4) The term "creditor" means any person who offers or extends credit creating a
> debt or to whom a debt is owed, but such term does not include any person to the
> extent that he receives an assignment or transfer of a debt in default solely for the
> purpose of facilitating collection of such debt for another.


71.     Mr. Stewart alleges on January 5 2017 MCRP allege FREDDIE was the creditor then on April

3, 2018 MCRP allege JPMorgan Chase Bank N.A. is the original creditor and the present

creditor making JPMorgan Chase Bank N.A. a debt collector pursuant to 15 U.S.C. 1692a(4)

by attempting to facilitate collection of an allege debt by alleging the transfer of ownership of

the note while in allege default from FREDDIE MAC to JPMorgan Chase Bank N.A.

72.  Mr. Stewart alleges on or about November 21, 2017 Mr. Stewart disputed JPMorgan
     Chase Bank N.A with the three credit reporting agencies Equifax, Experian and
     Transunion who after the dispute continued to report the allege account with the three
     reporting agencies violating FDCPA 15 U.S.C. 1692e (8)

73.  Mr. Stewart alleges JPMORGAN CHASE BANK N.A. violated 15 U.S.C. 1692e(10)
     that states(10) The use of any false representation or deceptive means to collect or
     attempt to collect any debt or to obtain information concerning a consumer.

74.  Mr. Stewart allege JPMORGAN CHASE BANK N.A. attempted to collect by alleging to
     be the original creditor and present creditor on April 3, 2018 when FREDDIE MAC was
     alleging to be the creditor on January 5, 2017 to present, in violation of 1692e(10) by
     using false representation or deceptive means to collect or attempt to collect any debt.

75.  Mr. Stewart alleges JPMORGAN CHASE BANK NATIONAL ASSOCIATION is a
     debt collector  pursuant to 15 U.S.C. 1692a (6) The term "debt collector" means any
     person who uses any instrumentality of interstate commerce or the mails in any business
     the principal purpose of which is the collection of any debts, or who regularly collects or
     attempts to collect, directly or indirectly, debts owed or due or asserted to be owed
     or due another.

76. Mr. Stewart allege JPMORGAN CHASE BANK NATIONAL ASSOCIATION attempts to collect on an allege defaulted debts by using the mails in its business to collect debts for another.

77. Mr. Stewart allege JPMORGAN CHASE BANK NATIONAL ASSOCIATION violated 15 U.S.C. 1692e(2) that states

The false representation of – (A) the character, amount, or legal status of any debt (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

78. Mr. Stewart allege on January 5, 2017  JPMORGAN CHASE BANK NATIONAL ASSOCIATION sent letter stating FREDDIE MAC own the security instrument then on April 3, 2018, JPMORGAN CHASE BANK NATIONAL ASSOCIATION  and MCRP sent communication stating JPMORGAN CHASE BANK N.A. is the owner of the security instrument, but then on April 15 2018 MERS web site states FIRST MIDWEST BANK II, CROSSCOUNTRY MORTGAGE INC, GUARANTEED RAGE INC, AND CARRINGTON MORTGAGE SERVICES LLC has some ownership in the security instrument, for all the stated reasons above JPMORGAN CHASE BANK NATIONAL ASSOCIATION  has violated 1692e(2) by the false representation of the character, amount, or legal status of the debt. Because first, JPMORGAN CHASE BANK NATIONAL ASSOCIATION states FREDDIE MAC is the owner of the note, then JPMORGAN CHASE BANK N.A. is the owner of the note and lastly MERS has recorded interest in the note all without any assignments of the note being recorded

79.     Mr. Stewart alleges JPMORGAN CHASE BANK NATIONAL ASSOCIATION violated

the following FDCPA 15 U.S.C.1692e (5) The threat to take any action that cannot

legally be taken or that is not intended to be take.  Because there were no assignments of

the note recorded JPMORGAN CHASE BANK NATIONAL ASSOCIATION has no

proof on the record of its ability to pursue a foreclosure.


80.     Mr. Stewart alleges on or about May 11, 2018 JPMORGAN CHASE BANK NATIONAL

ASSOCIATION filed a foreclosure suit knowing or should have known that the action could

not be taken because JPMORGAN CHASE BANK NATIONAL ASSOCIATION lack

standing to file an action to foreclose in violation of 15 U.S.C.1692e(5).


81.     Mr. Stewart alleges MCRP is a debt collector pursuant 5 U.S.C. 1692a(6).


82.     Mr. Stewart alleges MCRP attempts to collect on an alleged defaulted debt by using the

mails in its business to collect debts for another.


83.     Mr. Stewart allege MCRP violated 15 U.S.C. 1692e(2) that states

The false representation of – (A) the character, amount, or legal status of any debt (B)

any services rendered or compensation which may be lawfully received by any debt

collector for the collection of a debt.

84.  Mr. Stewart alleges MCRP falsely represent the character and status of the allege debt knowing the note was allegedly sold to FREDDIE MAC, who place the note in a securitize trust and therefore has not taken the note out of the trust and assign it to JPMORGAN CHASE NATIONAL ASSOCIATION in order to file a foreclosure suit.

85.  ~~Mr. Stewart alleges MCRP violated the following FDCPA 15 U.S.C. 1692e (5) the threat to take any action that cannot legally be taken or that is not intended to be taken.  MCRP~~

86.  ~~Mr. Stewart alleges because FREDDIE MAC did not assign the note back to JPMORGAN CHASE BANK N. A.,   MCRP violated 15 U.S.C. 1681e(5) that states;~~
~~(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.  Because the note was not assigned back to JPMORGAN CHASE BANK N.A., MCRP can't legally file a foreclosure.~~

87.  Mr. Stewart allege MCRP violated FDCPA 15 U.S.C. 1692e (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

88.  Mr. Stewart allege on January 5, 2017 MCRP allege FREDDIE MAC was the creditor and April 13, 2018 MCRP allege JPMORGAN CHASE BANK N.A  was the creditor yet FREDDIE MAC web site still states it is the Creditor,  making MCRP submitted documents deceptive communications alleging at different times JPMORGAN CHASE BANK N.A. and FREDDIE MAC are the creditors while at the same time MERS is claiming on their web site that First

Midwest Bank, Crosscountry Mortgage, Guaranteed Rate, and Carrington Mortgage Services has ownership interest in the security instrument in violation of FDCPA 15 U.S.C. 1692e (10). Clearly MCRP know the note is in a trust and can't be move around without assignment of the note with the attempt to allege the note is now with the original Creditor without assignment is deceptive and misleading in violation of 15 U.S.C. 1692e (10). See exhibit 18

89. ~~Mr. Stewart alleges on or about November 21, 2017 JPMORGAN CHASE BANK N.A., and FREDDIE MAC, then on or about December 6, 2017 JPMORGAN CHASE BANK NATIONAL ASSOCIATION and MCRP violated 15 U.S.C. 1692g(b) Disputed debts; If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt or any disputed portion thereof, until the debt collector obtains verification of the debt. After~~

90. ~~Mr. Stewart disputed the allege debt requesting verification and validation of the allege debt from JPMORGAN CHASE BANK N.A., FREDDIE MAC, JPMORGAN CHASE BANK NATIONAL ASSOCIATION and MCRP all of them continued to attempt to collect the allege debt without verifying and validating the allege debt in violation of 15 U.S.C. 1692g(b).~~

91.     WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages against JPMORGAN CHASE BANK N.A., JPMORGAN CHASE BANK NATIONAL ASSOCIATION , FREDDIE MAC, and  MCRP for actual, mental, emotional distress, statutory damages, attorneys fees and costs pursuant to FDCPA 15 U.S.C. 1692k.


COUNT II

VIOLATIONS OF THE FCRA 15 U.S.C. 1681 BY JPMORGAN CHASE BANK N.A. AND FREDDIE MAC

92.     Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force and effect as if herein set forth.

93.     Mr. Stewart is a consumer pursuant to 15 U.S.C.1681a(c) means an individual.


94.     Mr. Stewart alleges Defendant FREDDIE MAC is a person pursuant to 15 U.S.C. 1681a(b).  The word person is define pursuant to 15 U.S.C. 1681a(b) means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental  subdivision or agency, or other entity.


95.     Mr. Stewart alleges FREDDIE MAC is financial institutions pursuant to 15 U.S.C. 1681a(t)

96.     Pursuant to 15 U.S.C. 1681a(t) The term "financial institution" means a State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in section 19(b) of the Federal Reserve Act) belonging to a consumer.

97.     Mr. Stewart alleges on or about November 21, 2017 Plaintiff disputed the account, the status, and the amount of the allege debt after receiving very confusing information from a number of entities, namely JPMORGAN CHASE BANK N.A., JPMORGAN CHASE       BANK NATIONAL ASSOCIATION, FREDDIE MAC, MERS, FIRST MIDWEST BANK,      CROSSCOUNTRY MORTRGAGE, GUARANTEED RATE, AND CARRINGTON       MORTGAGE SERVICES which all of the above entities has allege ownership interest in the      security instrument.

98.     Mr. Stewart alleges FREDDIE MAC is a furnisher of information as defined pursuant to 12 CFR § 222.41 **c)** *Furnisher* means an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.

98(a)   Plaintiff allege FREDDIE MAC furnishes information relating to Mr. Stewart to consumer reporting agencies and is listed on his credit reports as loan #659633361 in an attempt to collect the allege debt, and has attempted to service the loan directly by reporting  to the credit reporting Agencies and indirectly attempts to collect thru a company name  Balance. (See exhibit 25 ste 91)

98(b)   Mr. Stewart alleges he filed a dispute with Experian, Equifax, and TransUnion and a direct

dispute        with FREDDIE MAC10/30/2018 (see exhibit 8 ste 13, 14, 15, and 16). By filing a

dispute with   the consumer reporting agencies 10/30/2018, Mr. Stewart invoked his private right of

action to      assert claims against FREDDIE MAC under 15 U.S.C. 1681s-2(b)


98(c)   Mr. Stewart alleges Equifax notice FREDDIE MAC of the dispute 11/6/2018; Experian notice

        FREDDIE MAC 11/19/2018; and TransUnion failed to notice FREDDIE MAC 11/7/2018

        (see ex 8 ste 17, 18, 19, and exhibit 19 ste 58 - 63) lastly FREDDIE MAC did not respond

        to the direct dispute.


99.     Mr. Stewart allege FREDDIE MAC did not reinvestigate the Chase MTG credit line being

        reported on his consumer report when FREDDIE MAC is the allege Creditor, nor attempted to

        mitigate damages and reach a settlement before taking civil action .


100.    Mr. Stewart alleges by not responding, FREDDIE MAC violated 1681s-2(b) which states

                (1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a

dispute                        with regard to the completeness or accuracy of any information

provided by a person to a                  consumer reporting agency, the person shall

                (A) conduct an investigation with respect to the disputed information;

                (B) review all relevant information provided by the consumer reporting agency

pursuant                       to section 611(a)(2) [§ 1681i];

                (C) report the results of the investigation to the consumer reporting agency;

                (D) if the investigation finds that the information is incomplete or inaccurate, report

those          results to all other consumer reporting agencies to which the person furnished the

information and that compile and maintain files on consumers on a nationwide

basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or

incomplete or cannot be verified after any reinvestigation under paragraph

(1), for purposes of reporting to a consumer reporting agency only, as appropriate,

based on the results of the reinvestigation promptly–

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

101. Mr. Stewart disputed the FREDDIE MAC account directly with Equifax, Experian, and

Transunion October 30, 2018. Equifax stated "the information is not currently reporting on the

Equifax file", Experian stated "the information you disputed has been verified as accurate", and

Transunion stated "after reviewing your dispute request, we found the information you disputed

does not currently appear on your Transunion credit report." See exhibit 8 ste 17 – 19 and exhibit

19 ste 58 – 63

102. Mr. Stewart alleges FREDDIE MAC did not conduct an investigation of the information

being sent to the CRA's.

103. Mr. Stewart alleges while FREDDIE MAC try to stay silent in this matter it knows that the

allege loan by JPMORGAN CHASE BANK N.A. was deceptive because the WAMU note was sold to

FREDDIE MAC and FREDDIE MAC still should have the note from WAMU.

104.     Mr. Stewart alleges for all the reasons stated above, FREDDIE MAC violated 1681s-2b and

the      violation has caused him to be denied the use of credit.


105.     Mr. Stewart alleges JPMORGAN CHASE BANK N.A. is financial institutions pursuant

         to 15 U.S.C. 1681a(t)


106.     Mr. Stewart alleges Defendant JPMORGAN CHASE BANK N.A. is a person pursuant to

         15 U.S.C. 1681a(b)


107.     Mr. Stewart alleges JPMORGAN CHASE BANK N.A. is a furnisher of information

         as defined pursuant to 12 CFR § 222.41 **c)** *Furnisher* means an entity that furnishes

         information relating to consumers to one or more consumer reporting agencies for

         inclusion in a consumer report.


107(a)   Mr. Stewart alleges he filed a dispute with Experian, Equifax, TransUnion, and a direct dispute

with     JPMORGAN CHASE BANK N.A. 11/21/2017 (see exhibit 5 ste 8, 9, 10 and exhibit 25 ste 90).

         By filing a dispute with the consumer reporting agencies 11/21/2017 Mr. Stewart invoked his

private          right of          action to assert claims against JPMORGAN CHASE BANK N.A under

15 U.S.C. 1681s-2b


107(b)   Mr. Stewart alleges Equifax notice JPMORGAN CHASE BANK N.A of the dispute 12/6/2017;

         Experian notice JPMORGAN CHASE BANK N.A 12/25/2017; and TransUnion   notice

JPMORGAN CHASE BANK N.A 12/6/2017 (see ex 25 ste 80 – 90) lastly JPMORGAN

CHASE BANK N.A did not respond to the direct dispute.

107(c)  Mr. Stewart allege JPMORGAN CHASE BANK N.A did not act to clear up his misunderstanding

of Chase MTG reporting on his consumer report when JPMORGAN CHASE BANK N.A is the

allege Creditor.

108.  Mr. Stewart alleges JPMORGAN CHASE BANK N.A. violated 1681s-2(b) *In general*.

(1) *In general.* After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute

with regard to the completeness or accuracy of any information provided by a

person to a                              consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency

pursuant                              to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report

those            results to all other consumer reporting agencies to which the person furnished the

information and that compile and maintain files on consumers on a nationwide

basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or

incomplete or cannot be verified after any reinvestigation under paragraph

(1), for                        purposes of reporting to a consumer reporting agency only, as appropriate,

based on the                          results of the reinvestigation promptly–

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

109.   Mr. Stewart disputed the JPMORGAN CHASE BANK N.A. account directly with Equifax, Experian, and  Transunion November 21, 2017 (See exhibit 5 ste 8 – 10)

110.   Mr. Stewart alleges JPMORGAN CHASE BANK N.A. did not conduct a reinvestigation of the information being sent to the Consumer Reporting Agencies (CRA's)

WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages against JPMORGAN CHASE BANK N.A and FREDDIE MAC for actual damages, mental, emotional distress, statutory damages, punitive damages, attorneys fees and costs pursuant to FCRA 15 U.S.C. 1681n for willful noncompliance of 1681n or in the alternative 1681o for negligent noncompliance.

## COUNT III

### VIOLATION OF THE FCRA BY EXPERIAN AND TRANSUNION

111.   Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force and effect as if herein set forth.

112.    Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. §1681a(c).

113. Upon information and belief, EXPERIAN AND TRANSUNION are consumer reporting agency as defined in 15 U.S.C. 1681a(f).

114. Upon information and belief EXPERIAN AND TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U. S.C 1681(d) to third parties.

115. Upon information and belief, EXPERIAN AND TRANSUNION disburses such consumer reports to third parties under contract for monetary compensation.

116. Mr. Stewart disputed the JPMORGAN CHASE BANK N.A. account directly with Equifax, Experian, and Transunion November 21, 2017 See exhibit 5.

117. Mr. Stewart alleges to Transunion this is not my account, the status is incorrect, and the amount is incorrect.

118. Mr. Stewart alleges Transunion failed to reinvestigate the disputed information

119. Mr. Stewart alleges Transunion failed to notice in the report the credit line is in dispute 15 U.S.C. 1681c(f) 1681i(c)

120. Mr. Stewart alleges Transunion failed to reinvestigate the disputed information in violation of 15 U.S.C. 1681i(a)(1)(A)

121. Mr. Stewart alleges to Experian this is not my account, the status is incorrect, and the amount is incorrect.

122. Mr. Stewart alleges Experian failed to reinvestigate the disputed information

123. Mr. Stewart alleges Experian failed to notice in the report the credit line is in dispute 15 U.S.C. 1681c(f) 1681i(c)

124.    Mr. Stewart alleges Experian failed to reinvestigate the disputed information in violation of

15 U.S.C. 1681i(a)(1)(A)

125.    WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages

against EXPERIAN and TRANSUNION for actual, mental, emotional distress damages,

punitive damages, statutory damages of the FCRA, attorneys fees, and costs pursuant to

1681n for willful noncompliance or in the alternative 1681o for negligent noncompliance.

COUNT IV

BREACH OF CONTRACT BY FATIC

126.    Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force

and effect as if herein set forth.

127.     Plaintiff is a Covered person pursuant to policy number OP 1624820

128.    FATIC is a title insurance company located in Nebraska who is a foreign Corporation

registered with the Illinois Secretary of State and doing business throughout the State of

Illinois.

129.    First American on or before October 18, 2007 offered to indemnify Mr. Stewart from

title defects and impairments in the form of a written Owner's Policy of Title Insurance

in the amount of $150,000.00 policy number 1624820.

130.   As consideration for the insurance, First American Title Insurance Company received a premium paid to First American See HUD 1 statement exhibit 23

131.   A true copy of First American's Owner's Policy of Title Insurance, Policy No. 1624820 dated October 18, 2007 in the amount of $150,000.00 is attached as Exhibit 20

132.   First American received payment of the agreed upon consideration for the policy as part of the closing transaction.  See Exhibit 20 ste 75

133.   On March 15, 2019 Mr. Stewart made a written title policy claim to FATIC at the address in Santa Ana, California which sought indemnity because of the preexisting Express Trust agreement dated June 20, 1974 giving the trust ownership of the property and the sale of the property by the conservator LENA M HURT void.

134.   Mr. Stewart had the right to receive and FATIC owed a duty to cure the defect in title Mr. Stewart's claim is based upon the preexisting Express Trust Agreement in the public record which met: COVERED RISK Title to the estate or interest described in Schedule A being vested other than as stated therein; any defect in or lien or encumbrance on the title; unmarketability of the title.

135.   Mr. Stewart alleged damages of a defected in title because of the 1974 Express Trust entry in the public record.

136.    Mr. Stewart alleged damages of an unmaketable title because of the clouded title which greatly diminishes the value and makes the property unsellable.

137 .   Mr. Stewart alleges FATIC has a duty to remove the title defect in a timely manner and has chosen to do zero.

138.    Mr. Stewart alleges FATIC is aware of the defect and has chosen not to remove the defect  even after three years.

139.    Plaintiff asserts that the amount of damages would be a determination for the jury to decide.

140.    WHEREFORE Mr. Stewart prays that the Court enter judgment in favor of Mr. Stewart and that the Court awards such other and further relief as is equitable and just.

AMENDED COUNT V

141.    Mr. Stewart incorporates the allegations in Paragraphs 1 – 61 above with the same force and effect as if herein set forth.

142     Mr. Stewart is a "consumer" as that term is defined in 815 ILCS 505/1(e) "consumer" means any person who purchases or contracts for the purchase of merchandise not for

resale in the ordinary course of his trade or business but for his use or that of a member of his household.

143    FATIC is engaged in trade or commerce.  The terms "trade" or "commerce", mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal  or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State 815 ILCS 505/1(f)

144    FATIC engages in the "sale" of "merchandise (b)The term "merchandise" includes any objects, wares, goods, commodities,   intangibles,  real estate situated outside the State of Illinois, or services.  (d) The term "sale" includes any sale,  offer for sale, or attempt to sell any merchandise for cash or on credit  define by 815 ILCS 505/1(b) and (d)

145    FATIC engaged in deceptive and unfair acts and practices, misrepresentation, and the concealment, suppression and omission of material facts in connection with the sale and advertisement of title insurance services the "merchandise" as defined in the ICFA in violation of the ICFA including but not limited to the following:

- Failure of FATIC and its agent Michelle Dusza to follow Mortgage Closing instructions

   (ex 30 ste 104)

- Failure of FATIC and its agent Michelle Dusza to follow Schedule A Conditions satisfied for closing item 8 "The following debts must be satisfied at closing and evidence provided that account closed Chase Mtg 3018079354" because the account

did not exist nor was the Note return to Mr. Stewart as prima facie evidence the account was closed making the alleged closing of account "Chase Mtg 3018079354" by FATIC agent Michelle Dusza was deceptive,  misrepresented , and the concealment, suppression, and omission of material facts in connection with the alleged refinance. (Ex 30 ste 109).

- Failure of FATIC and its agent Michelle Dusza to follow Schedule A Conditions satisfied for closing item 10 "Mortgage/Liens to be paid off at closing Chase Mtg 3018079354"  because the account didn't exist FATIC agent Michelle Dusza could not pay off an account that do not exist and was deceptive, misrepresented and the concealment, suppression and omission of material facts in connection with the alleged refinance (Ex 30 ste 109)  Because the release of mortgage stated "KNOW ALL MEN BY THESE PRESENTS that, JPMORGAN CHASE BANK N.A. holder of a certain mortgage, whose parties, dates and recording information are below, does hereby cancel and discharge said mortgage." Because the allege mortgage was cancel and discharge FATIC agent Michelle Dusza could not have paid it and therefore was deceptive,  misrepresented and concealment, suppression, and omission of material facts. (ex 33 ste 119)

- Plaintiff alleges FATIC and its agent Michelle Dusza was charge with the closing and pursuant to the Mortgage Certificate of Release Act. (765 ILCS 935/1) responsible for following the procedures of the Act and the closing instruction from Chase:

- Plaintiff alleges FATIC and its agent Michelle Dusza was charge with the closing, and pursuant to the Mortgage Certificate of Release Act. (765 ILCS 935/5-20(b) was required to provide "A statement that the mortgage was paid in accordance with the written payoff statement…." along with the Mortgage Release.  However, Michelle Dusza  was not a license Title Agent pursuant to Illinois Department Of Financial & Professional Regulation and therefore could not legally provide the Mortgage Release Certificate which is way FATIC purposefully used unlicensed personnel because a license Title Agent would not have allow FATIC to engaged in deceptive and unfair acts and practices, misrepresentation, and concealment, suppression, and omission of material facts in connection with the title closing services that affect trade and commerce of the title insurance industry.

146.    Plaintiff alleges that defendant FATIC violated the section 2 of 815 ILCS 505/2

Plaintiff alleges FATIC unfair method of using unlicensed personnel to conduct closing that do not understand the laws regarding Mortgage release documents to be filed in the Recorder of Deeds office affect trade and commerce by having advantage over license Title Insurance agents creating unfair competition and deception to the consumer because

FATIC reputation is favorable and consumers would believe FATIC would not do such a thing..

147.  Plaintiff alleges FATIC knew or should have known the allege sale of WAMU assets to JPMORGAN CHASE & CO on or about September 25, 2008 did not include Plaintiff note and mortgage and Therefore was a deceptive

148.  Plaintiff alleges FATIC knew or should have known that the refinance of Mr. Stewart note and mortgage was a fraud because the note was already in trust with FREDDIE MAC a material fact that FATIC agent  ignored in order to received a premium for title insurance

.

149.  Plaintiff alleges FATIC knew or should have known that Mr. Stewart note and mortgage was part of FREDDIE MAC insolvency on or about September 6, 2008  before WAMU allege sale to JPMORGAN CHASE , THE concealment, suppression, and omission of such material fact to sale plaintiff title insurance.

.

150.  Plaintiff allege FATIC violated 815 ILCS 510/3 by its deceptive trade practice of knowingly selling title insurance with defective property title defects to the public affecting trade and commerce

(815 ILCS 510/3) (from Ch. 121 1/2, par. 313)

 Sec. 3. A person likely to be damaged by a deceptive trade practice of another may be granted injunctive relief upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required. Relief granted for the copying of an article shall be limited to the prevention of confusion or misunderstanding as to source Costs or attorneys' fees or both may be assessed against a defendant only if the court finds that he has willfully engaged in a deceptive trade practice. The relief provided in this Section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this State. (Source: P.A. 81-1509.)


WHEREFORE Mr. Stewart respectfully demand that judgment be entered for damages against First American Title Insurance for actual, mental, emotional distress damages, punitive damages, statutory damages of the violation of the Unfair and Deceptive Acts and Practices , attorneys fees, and costs pursuant to 815 ILCS 505/2; 815 ILCS 510/3.


DEMAND FOR JURY TRIAL

Mr. Stewart hereby demands a Trial by Jury of all issues as a matter of law. U.S. Const. Amend 7 Fed R Civ. Pro 38 Respectfully submitted this 5th of August 2019.

Respectfully

/s/ James Stewart

James Stewart
8132 S Harvard
Chicago Il 60620
312 217 0492
Cnajames1961@yahoo.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 1st day of March 2022. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing. Plaintiff also has email the parties a copy of this notice.

| | |
|---|---|
| Susan J. Miller Overbey<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 North Wabash Avenue, 21 st Floor<br>Chicago Illinois 60611<br>Telephone: 312 840 7000<br>Facsimile : 312 840 7900<br>soverbey@burkelaw.com | Brian R. Merfeld<br>McCalla Raymer Leibert Pierce, LLC<br>Street address: 1 N. Dearborn, Suite1200<br>City/State/Zip: Chicago, IL 60602<br>Bar ID Number: 6280615<br>312-676-7368<br>Email Brian.Merfeld@mccalla.com |
| **Katherine Elisabeth Carlton Robinson**<br>Schuckit & Associates, P.c.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>(317) 363-2400<br>Email: krobinson@schuckitlaw.com,<br>*ATTORNEY TO BE NOTICED* | **Laura K. Rang**<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>317-363-2400<br>Email: lrang@schuckitlaw.com,<br>*ATTORNEY TO BE NOTICED* |
| **Michael Joseph Sreenan**<br>Michael J. Sreenan<br>1341 West Fullerton Avenue, No. 175 | Jamie N. Ward<br>JONES DAY<br>77 West Wacker |

**March 1, 2022**

| | |
|---|---|
| Chicago, IL 60614<br>(773)549-8700<br>Email: msreenan@sreenanpc.com,<br>*ATTORNEY TO BE NOTICED* | Chicago, IL 60601.1692<br>Telephone: +1.312.782.3939<br>Facsimile: +1.312.782.8585<br>jamieward@jonesday.com |
| J. Robert Weyreter, Esq. (IN #3540549)<br>Schuckit & Associates, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>Telephone: 317-363-2400<br>Fax: 317-363-2257<br>jweyreter@schuckitlaw.com | |

*ATTORNEYS TO BE NOTICED*