

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEWART, JAMES

Plaintiff                                          CASE# 1:18-cv-07584

                                                   Judge Mary M Rowland

-v-

JPMorgan Chase Bank N.A. et,at,                    Magistrate Judge Young B. Kim

Defendants

MOTION TO AMEND FINDINGS AND CONCLUSIONS BY THE COURT

Breach of Contract

Count IV

Plaintiff contends the court was unreasonable regarding Count IV where the court dismiss the claim with prejudice. Because FATIC didn't address count IV breach of contract with the motion to dismiss the second amended complaint (Dkt. 112) but move to dismiss count IV with the motion to dismiss the third amended complaint (Dkt. 168) the court dismiss count IV with prejudice for the first time addressing it and without any case law to support its decision. The defense states Mr. Stewart has not suffered a loss or damages, however the words "loss" and "damages" is not define in the contract making the words ambiguous to Mr. Stewart. Mr. Stewart understanding that in Illinois when a contract is ambiguous the meaning and scope of language used in an insurance policy presents questions of law for the court to resolve.

Page **2** of **5**
March 1, 2022

However, what the instant case does is to permit the insurance company to argue to the court, and not to the jury, that an ambiguous coverage provision in an insurance policy drafted by the insurance company ought, in retrospect, to deprive the policyholder of coverage as a matter of law. That places the policyholder at a double disadvantage but since the court dismiss the case before Plaintiff could address this issue Mr. Stewart seeks to amend its finding and conclusions for Count IV pursuant to Rule 52 (b) and move the court based on the information express, Mr. Stewart to amend Count IV. See purpose Fourth Amended Complaint with Count IV amended.

## Illinois Consumer Fraud and Deceptive Practices Act

## Count V

The confusion about claims in (Dkt 189 at 6) is because Plaintiff filed two claims with FATIC (see ex 31 ste 110) the first claim for the ICFA Count V and (ex 21 ste 71) for the Breach of Contract Claim IV.

Plaintiff has attempted to dispute the dismissal of Count V based on the conjecture it was the Statute of Limitations argument at issue, but the courts Memorandum Opinion & Order (Dkt 189) stated other issues with Count V Mr. Stewart was not aware of which is way he was surprise the Court dismiss Count V with prejudice, however the court pointed out that Mr. Stewart agreed there was other issues and stated he would move to amend the claim by filing a motion to amend (Dkt 177 at 14) if the court would allow but because the court address only the Statue of Limitations issue in the Memorandum Opinion & Order (Dkt 184) Mr. Stewart did not realize the other issues and seek to file the motion amending Claim V so when the court dismiss

with prejudice (Dkt 184) Mr. Stewart thought it was a drastic decision but now realized the other circumstances very likely cause the court to dismiss the claim with prejudice on the first time making a decision on the claim. Consequently Mr. Stewart moves to amend the courts findings and conclusions for Count V pursuant to Rule 52(b). See purpose Fourth Amended Complaint with Count V amended.

The FAC only name FATIC but did not list a Count, is because Mr. Stewart was waiting for FATIC response to his second claim pursuant to the express trust issue ex 36 ste 122,23 and the intent to suit letter ex 34 ste 120,21

WHEREFORE Mr. Stewart request the Court to enter an order reinstating Count IV and Count V as is in the Fourth Amended Complaint.

Respectfully


/s/ James Stewart

James Stewart
8132 S Harvard
Chicago Il 60620
312 217 0492
Cnajames1961@yahoo.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 1st day of March 2022. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing. Plaintiff also has email the parties a copy of this notice.

*ATTORNEYS TO BE NOTICED*

| | |
|---|---|
| **Susan J. Miller Overbey** <br> Burke, Warren, MacKay & Serritella, P.C. <br> 330 North Wabash Avenue, 21 st Floor <br> Chicago Illinois 60611 <br> Telephone: 312 840 7000 <br> Facsimile : 312 840 7900 <br> soverbey@burkelaw.com | Brian R. Merfeld <br> McCalla Raymer Leibert Pierce, LLC <br> Street address: 1 N. Dearborn, Suite1200 <br> City/State/Zip: Chicago, IL 60602 <br> Bar ID Number: 6280615 <br> 312-676-7368 <br> Email Brian.Merfeld@mccalla.com |
| **Katherine Elisabeth Carlton Robinson** <br> Schuckit & Associates, P.c. <br> 4545 Northwestern Drive <br> Zionsville, IN 46077 <br> (317) 363-2400 <br> Email: krobinson@schuckitlaw.com, <br> *ATTORNEY TO BE NOTICED* | **Laura K. Rang** <br> Schuckit & Associates, P.C. <br> 4545 Northwestern Drive <br> Zionsville, IN 46077 <br> 317-363-2400 <br> Email: lrang@schuckitlaw.com, <br> *ATTORNEY TO BE NOTICED* |
| **Michael Joseph Sreenan** <br> Michael J. Sreenan <br> 1341 West Fullerton Avenue, No. 175 <br> Chicago, IL 60614 <br> (773)549-8700 <br> Email: msreenan@sreenanpc.com, <br> *ATTORNEY TO BE NOTICED* | Jamie N. Ward <br> JONES DAY <br> 77 West Wacker <br> Chicago, IL 60601.1692 <br> Telephone: +1.312.782.3939 <br> Facsimile: +1.312.782.8585 <br> jamieward@jonesday.com |
| J. Robert Weyreter, Esq. (IN #3540549) <br> Schuckit & Associates, P.C. <br> 4545 Northwestern Drive <br> Zionsville, IN 46077 <br> Telephone: 317-363-2400 <br> Fax: 317-363-2257 <br> jweyreter@schuckitlaw.com | |