## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMES STEWART

*Plaintiff,*

v.

JP MORGAN CHASE BANK, N.A., *et. al.,*

*Defendants.*

Case No. 18-cv-7584

Judge Mary M. Rowland

## MEMORANDUM OPINION & ORDER

This case arises out of a foreclosure action. Plaintiff James Stewart filed suit against a title company, First American Title Insurance Company (FATIC), among others, alleging breach of contract and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Before the Court is Plaintiff's motion to amend the Court's orders dismissing the case against FATIC, with prejudice, and denying a previous motion to reconsider. [190]; [192]; [197]; [201].[1] For reasons that follow, this Court denies Stewart's motions to amend.

## BACKGROUND

The Court presumes familiarity with, and incorporates by reference, its prior opinions in this case. *See Stewart v. JP Morgan Chase Bank, N.A., et al.,* No. 18-cv-

---

[1] Stewart filed four identical motions to amend. For the purposes of this Order, the Court refers to them as one motion; its ruling applies to all four motions.

7584, 2021 WL 3142042 (N.D. Ill. July 26, 2021) (*Stewart I*); *Stewart v. JP Morgan Chase Bank, N.A.*, 18-CV-7584, 2022 WL 294763 (N.D. Ill. Feb. 1, 2022) (*Stewart II*).

In his initial complaint naming FATIC, Stewart brought a claim based upon the Illinois Insurance Code. [97]. Finding that the Illinois Insurance Code was inapplicable, the Court allowed Stewart to amend his second amended complaint and file a third amended complaint. [121] Stewart next asserted two claims against FATIC, one under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1–12 (ICFA) and the other for breach of contract.[2] On July 26, 2021, the Court granted FATIC's motion to dismiss as to both claims. *Stewart I*, at *3–4. The Court found that Stewart failed to state cognizable breach of contract damages. The Court also found that the statute of limitations barred Stewart's ICFA claim. *Id.* at *3.

On February 1, 2022, the Court denied Stewart's motion to reconsider [187] because (1) Stewart's arguments for reconsideration of the breach of contract claim were nothing more than a rehash of old arguments; and (2) Stewart failed to adequately plead a claim under ICFA in his complaint and his motion to reconsider did not present any information or allegations addressing those deficiencies. *Stewart II*, at *3. The Court also found that further amendment would be futile and denied his request for leave to amend. *Id.*

---

[2] Stewart also named MCRP, Experian, Transunion, Chase, and Freddie Mac as Defendants. The Court dismissed those defendants pursuant to settlement agreements. *See Stewart I,* 2021 WL 3142042 at *1. The Court addressed motions to dismiss as to Freddie Mac and MRLP at *Stewart v. JP Morgan Chase Bank, N.A.,* No. 18 C 7584, 2020 WL 444248 (N.D. Ill. Jan. 28, 2020); *Stewart v. JP Morgan Chase Bank, N.A.,* No. 18 C 7584, 2020 WL 433888 (N.D. Ill. Jan. 28, 2020).

Stewart now moves for reconsideration of the Court's orders dismissing the case and denying his prior motion to reconsider. He also submitted a Fourth Amended Complaint that purports to replead his claims against FATIC (Dkt. 191).

## ANALYSIS

As a threshold matter, Stewart brings his motion under Federal Rule of Civil Procedure 52(b). Rule 52 governs matters "tried on the facts without a jury or with an advisory jury" in which the court makes findings of fact and states its conclusions of law. Fed. R. Civ. P. 52(a); *see also M.P. Kenes, Inc. v. Technicote, Inc.*, No. 90 C 2682, 1993 WL 488420, at *2 (N.D. Ill. Nov. 24, 1993). In Stewart's case, the Court did not hold a trial or state any conclusions of law. The matter as to FATIC was decided on a motion to dismiss. Rule 52 cannot provide the basis of Stewart's relief. However, because Stewart is a *pro se* litigant, this Court construes his motion liberally as a motion to reconsider its prior order on Stewart's previous motion to reconsider. [187]

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D.

3

Ill. 2012); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). It is well-established that motions for reconsideration "serve a limited function." *Id.* at 1269. The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015).

### A. Breach of contract (Count IV)

Stewart argues that the breach of contract claim against FATIC should have survived dismissal because of ambiguous language in the contract. According to Stewart, this presents a question of law not determinable on a motion to dismiss. Dkt. 192 at 1. Stewart also argues that he was not aware his ICFA claim was deficient in in ways outlined in this Court's previous order. *Id.* at 2–3. As explained below, neither of these arguments raise an appropriate ground for reconsideration.

As to the contract claim, the Court determined that the title insurance policy unambiguously only allowed for coverage where there was *loss* or *damage*. Stewart contends that this Court erred in construing the policy in favor of dismissal because the terms "loss" or "damage" are ambiguous. First, Stewart never presented this argument previously, and he cannot now use a motion to reconsider as a vehicle to introduce new legal theories that he should have presented earlier. *Jolly Grp., Ltd.*

4

*v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Caisse Nationale*, 90 F.3d at 1269). Not only has Stewart already brought a motion to reconsider, he has already filed four different complaints, with the pending complaint being the fifth. Motions to reconsider "must clearly establish either a manifest error of law or fact or present newly discovered evidence." *Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 936 (7th Cir. 1991) (cleaned up). Stewart does not present any new evidence or show a manifest error of law that warrants consideration of this argument.

Even if this Court were to consider this new argument, it would find that it lacks legal merit. Under Illinois law, when the terms of a contract are clear, the court must interpret the terms in their ordinary meaning. *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 144–45 (7th Cir. 1996). It is true that ambiguous terms are a question for the trier of fact. *Id.* at 145. But a contract term is not ambiguous simply because it is undefined, and ambiguity does not arise just "because the parties can suggest creative possibilities for its meaning." *Chatham Corp. v. Dann Insurance*, 812 N.E.2d 483, 488 (Ill. App. Ct. 2004) (quoting *Lapham-Hickey Steel Corp. v. Prot. Mut. Ins. Co.*, 655 N.E.2d 842 (Ill. 1995), as modified on denial of reh'g (Oct. 2, 1995)).

Applying these principles to this case, the Court found that the term "loss or damages" is unambiguous. Black's Law Dictionary defines "loss" as "an undesirable outcome of a risk; the disappearance or diminution of value, usually in an unexpected or relatively unpredictable way." In the context of insurance, it provides "[t]he amount of financial detriment caused by an insured person's death or an insured property's damage, for which the insurer becomes liable." *Loss*, Black's Law

5

Dictionary (11th ed. 2019). Black's defines "damages" as "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury." *Damages*, Black's Law Dictionary (11th ed. 2019). In asserting the terms are ambiguous, Stewart does not provide this Court any other meaning for "loss or damages" to consider. Under these ordinary meanings of "loss" and "damages," this Court's original finding that Stewart did not suffer loss or damages stands. As the Court has explained on two separate occasions, because Stewart maintains possession of the title, he has not endured a loss or damage as contemplated by the Policy. *Stewart I*, 2021 WL 3142042, at *3; *See also* Dkt. 189 at 5 ("Both the contract at issue here and Illinois law are clear that to state a breach of contract, Stewart must be able to plead a loss or damage. He has not done so. The contract does not cover future or possible damages or loss. Stewart has not stated a plausible breach of contract claim.").

For these reasons, the Court finds that reconsideration of its dismissal and prior reconsideration motion would be inappropriate. Stewart presents no reason for the Court to reconsider dismissing the dismissal of the breach of contract count with prejudice.

### B. ICFA (Count V)

Stewart's second argument for reconsideration also fails. Stewart argues he was prejudiced by the Court's order denying his motion to reconsider because his motion was focused on the Court's initial ground for dismissal—the statute of limitations—and, thus, he did not have the opportunity to develop his arguments as to the merits of his ICFA claim (Count V). Dkt. 197 at 2–3. Stewart asks the Court

to reconsider and allow him to amend his ICFA claim. *Id.* at 3; Dkt. 191. The Court rejects Plaintiff's argument. Stewart has had multiple opportunities to amend his complaint—this would be his fourth amended complaint. More importantly, Plaintiff's proposed fourth amended complaint remains deficient in alleging a cognizable ICFA claim. To state a claim under ICFA, a plaintiff must plead (1) a deceptive act or practice by the defendant; (2) defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of trade or commerce and; (4) the consumer fraud proximately caused the plaintiff's injury. *Avon Hardware Co. v. Ace Hardware Corp.*, 998 N.E.2d 1281, 1290 (Ill. App. Ct. 2013). Additionally, ICFA claims face the heighted pleading standard under Federal Rule of Civil Procedure 9(b). *See Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 704 (N.D. Ill. 2020) ("Rule 9(b) applies to claims under the ICFA when the plaintiff alleges deceptive conduct.") (citations omitted). Rule 9(b) generally requires plaintiffs to allege the "'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011).

In his proposed fourth amended complaint, Stewart claims that he, as a consumer, engaged in commerce with the FATIC when he bought title insurance. Dkt. 191 at ¶¶ 141–44. Stewart also alleges that FATIC engaged in "deceptive and unfair acts" including "misrepresentation, concealment, suppression and omission of material facts in connection with the sale and advertisement of title insurance." *Id.* at ¶ 145. These misrepresentations and omissions include "[f]ailure of FATIC [ ] to follow" mortgage closing instructions and conditions, and allowed and FATIC's agent

7

to act without proper licensing. *Id.* Additionally, he alleges that FATIC knew or should have known that Stewart's note and mortgage was under Freddie Mac. *Id.* at ¶ 149. Lastly, Stewart claims that FATIC "violated 815 ILCS 510/3 by its deceptive trade practice of knowingly selling title insurance with defective property title defects to the public affecting trade and commerce." *Id.* at ¶ 150.

While these allegations are necessary to state other elements under the ICFA, Stewart fails to plead FATIC proximately caused any injury. When a party sues under the ICFA, he or she must demonstrate "actual damages" as a result of the defendant's violations. *See* 815 Ill. Comp. Stat. 505/10a; *Constantinou v. Glob. Fin. Credit, LLC*, 190 N.E.3d 859, 870 (Ill. App. Ct. 2021); *Terrazzino v. Wal-Mart Stores, Inc.*, 335 F. Supp. 3d 1074, 1083 (N.D. Ill. 2018). Those damages must arise from "purely economic injuries." *Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1053 (Ill. App. Ct. 2009). Stewart does not plead that he suffered any injury in his fourth amended complaint. Without a pled injury, Stewart's proposed fourth amended complaint fails to state a claim under the ICFA. *See Frye v. L'Oreal USA, Inc.* 583 F. Supp. 2d 954, 957 (N.D. Ill. 2008) (noting that a "plaintiff must allege that she has been harmed in a concrete, ascertainable way"); *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 56 (Ill. 2005) (Karmeier, J., concurring) ("Theoretical harm is insufficient. Damages may not be predicated on mere speculation, hypothesis, conjecture or whim.").

For these reasons, this Court finds that reconsideration of its dismissal of the ICFA count would be inappropriate and that amendment would be futile. *See*

*Haywood v. Massage Envy Franchising, LLC,* 887 F.3d 329, 335 (7th Cir. 2018);

*McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014).

## <u>CONCLUSION</u>

For the stated reasons, Stewart's motions to amend [190]; [192]; [197]; [201] are denied. Case remains closed.

E N T E R:

Dated: October 11, 2022

_____
MARY M. ROWLAND
United States District Judge